IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS, INC.; AND ACTAVIS PLC, <br><br> Defendants. | Case No. 14-cv-04361 <br><br> Honorable Elaine E. Bucklo |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ACTAVIS PLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

JURISDICTIONAL BACKGROUND .............................................................................................. 2

ARGUMENT ..................................................................................................................................... 3

I. THIS COURT HAS NO PERSONAL JURISDICTION OVER ACTAVIS ...................... 3

    A. The City Bears the Burden of Establishing the Court's Exercise of Personal Jurisdiction Over Actavis ........................................................................................ 3

    B. The Court Lacks General Personal Jurisdiction Over Actavis ............................... 4

    C. The Court Lacks Specific Personal Jurisdiction Over Actavis ............................... 5

II. ALL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) ....................................................................................... 7

    A. The City's Threadbare Allegations Against Actavis are Insufficiently Pled Under Rule 9(b) and Rule 8 to State Any Claim Against Actavis .................................... 7

    B. The City Likewise Cannot Satisfy its Pleading Obligation by (Inadequately) Pleading a Conspiracy Among All Defendants ....................................................... 9

CONCLUSION ................................................................................................................................ 12

**TABLE OF AUTHORITIES**

**Cases**

*Adcock v. Brakegate, Ltd.*,
 645 N.E.2d 888 (Ill. 1994) ...................................................................................................11

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
 751 F.3d 796 (7th Cir. 2014) ..................................................................................................5

*Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*,
 499 F.3d 663 (7th Cir. 2007) ..................................................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..........................................................................................................7, 11

*Berman v. Richford Indus., Inc.*,
 1978 WL 1104 (S.D.N.Y. July 28, 1978) ...............................................................................8

*Borsellino v. Goldman Sachs Group, Inc.*,
 477 F.3d 502 (7th Cir. 2007) ............................................................................................7, 10

*Burgess v. Abex Corp. ex rel. Pneumo Abex Corp.*,
 725 N.E.2d 792 (Ill. App. Ct. 2000) .....................................................................................11

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
 230 F.3d 934 (7th Cir. 2000) ..................................................................................................6

*Daimler AG v. Bauman*,
 134 S. Ct. 746 (2014) ..............................................................................................................5

*DiLeo v. Ernst & Young*,
 901 F.2d 624 (7th Cir. 1990) ..................................................................................................8

*Edelson v. Ch'ien*,
 352 F. Supp. 2d 861 (N.D. Ill. 2005) ......................................................................................4

*Felland v. Clifton*,
 682 F.3d 665 (7th Cir. 2012) ..................................................................................................6

*Gaudie v. Countrywide Home Loans, Inc.*,
 683 F.Supp.2d 750 (N.D. Ill. 2010) ......................................................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
 466 U.S. 408 (1984) ................................................................................................................4

*Jepson, Inc. v. Makita Corp.*,
  34 F.3d 1321 (7th Cir. 1994) .................................................................................................7

*McCauley v. City of Chicago*,
  671 F.3d 611 (7th Cir. 2011) ..................................................................................................7

*McClure v. Owens Corning Fiberglas Corp.*,
  720 N.E.2d 242 (Ill. 1999) ....................................................................................................10

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*,
  623 F.3d 440 (7th Cir. 2010) ..................................................................................................5

*Moore v. Boating Indus. Assoc.*,
  819 F.2d 693 (7th Cir. 1987) ................................................................................................11

*P & P Mktg., Inc. v. Ditton*,
  746 F. Supp. 1354 (N.D. Ill. 1990) .........................................................................................9

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) ..................................................................................................4

*RAR, Inc. v. Turner Diesel, Ltd.*,
  107 F.3d 1272 (7th Cir. 1997) ................................................................................................3

*Redelmann v. Claire Sprayway, Inc.*,
  874 N.E.2d 230 (Ill. App. Ct. 2007) .....................................................................................11

*Sears v. Likens*,
  912 F.2d 889 (7th Cir. 1990) ..................................................................................................9

*Slagel v. Shell Oil Co.*,
  95 F.3d 1154 (7th Cir. 1996) ..................................................................................................8

*Sotelo v. DirectRevenue, LLC*,
  384 F. Supp. 2d 1219 (N.D. Ill. 2005) ....................................................................................4

*Steel Warehouse of Wisconsin, Inc. v. Leach*,
  154 F.3d 712 (7th Cir. 1998) ..................................................................................................4

*Suburban Buick, Inc. v. Gargo*,
  2009 WL 1543709 (N.D. Ill. May 29, 2009) .........................................................................9

*United Phosphorus, Ltd. v. Angus Chem. Co.*,
  43 F. Supp. 2d 904 (N.D. Ill. 1999) ........................................................................................4

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
  20 F.3d 771 (7th Cir. 1994) ....................................................................................................9

**Statutes and Regulations**

735 ILCS § 5/2-209(1) ......................................................................................................... 3

**Rules**

Fed. R. Civ. P. 8 ......................................................................................................... 1, 2, 7, 8

Fed. R. Civ. P. 9(b) ............................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(2) ........................................................................................................ 1, 7

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 2, 7

Case: 1:14-cv-04361 Document #: 112 Filed: 08/29/14 Page 6 of 17 PageID #:1850

Case: 1:14-cv-04361 Document #: 112 Filed: 08/29/14 Page 6 of 17 PageID #:1850

Defendant Actavis plc ("Actavis") submits this memorandum in support of its motion to dismiss Plaintiff City of Chicago's ("Chicago" or the "City") Complaint. Actavis must be dismissed because this Court lacks personal jurisdiction over it. Assuming jurisdiction were proper, however, the allegations against Actavis are legally insufficient under Rules 8 and 9(b) of the Federal Rules of Civil Procedure, further requiring dismissal. Finally, the Complaint should be dismissed for the reasons set forth in the Memorandum of Points and Authorities in Support of Defendants' Joint Motion to Dismiss Plaintiff's Complaint Under the Primary Jurisdiction Doctrine and Under Rule 12(b)(6) for Failure to State a Claim (the "Joint Memorandum") under the primary jurisdiction doctrine and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Actavis specifically joins and incorporates by reference (and will not repeat here) the points and authorities in the Joint Memorandum.

## PRELIMINARY STATEMENT

This Court lacks personal jurisdiction over Actavis. The City cannot show that the exercise of personal jurisdiction over Actavis, an Irish corporation with no jurisdictional contacts in Illinois, comports with the due process requirements of the Fourteenth Amendment to the United States Constitution and satisfies Illinois law. Actavis did not (and does not now) have sufficient business contacts with Illinois or purposely avail itself of the protections and benefits of Illinois law, making it unfair, unreasonable, and unconstitutional to force Actavis to defend its legal interests in this state. Therefore, Actavis must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *See* Point I, *infra*.

Even if Actavis were subject to the personal jurisdiction of this Court, the Complaint fails to state a claim against Actavis upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). After stripping away the City's conclusory allegations that

Defendant Actavis plc ("Actavis") submits this memorandum in support of its motion to dismiss Plaintiff City of Chicago's ("Chicago" or the "City") Complaint. Actavis must be dismissed because this Court lacks personal jurisdiction over it. Assuming jurisdiction were proper, however, the allegations against Actavis are legally insufficient under Rules 8 and 9(b) of the Federal Rules of Civil Procedure, further requiring dismissal. Finally, the Complaint should be dismissed for the reasons set forth in the Memorandum of Points and Authorities in Support of Defendants' Joint Motion to Dismiss Plaintiff's Complaint Under the Primary Jurisdiction Doctrine and Under Rule 12(b)(6) for Failure to State a Claim (the "Joint Memorandum") under the primary jurisdiction doctrine and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Actavis specifically joins and incorporates by reference (and will not repeat here) the points and authorities in the Joint Memorandum.

## PRELIMINARY STATEMENT

This Court lacks personal jurisdiction over Actavis. The City cannot show that the exercise of personal jurisdiction over Actavis, an Irish corporation with no jurisdictional contacts in Illinois, comports with the due process requirements of the Fourteenth Amendment to the United States Constitution and satisfies Illinois law. Actavis did not (and does not now) have sufficient business contacts with Illinois or purposely avail itself of the protections and benefits of Illinois law, making it unfair, unreasonable, and unconstitutional to force Actavis to defend its legal interests in this state. Therefore, Actavis must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *See* Point I, *infra*.

Even if Actavis were subject to the personal jurisdiction of this Court, the Complaint fails to state a claim against Actavis upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). After stripping away the City's conclusory allegations that

unspecified "Defendants" acted improperly and allegations addressed to Defendants *other than* Actavis from its 122-page, 376-paragraph Complaint, just a handful of Actavis-specific allegations remain. Complaint, ¶¶ 29, 50, 57, 81, 93, 149, 272, 284. The allegations of fact concerning Actavis fall well short of the City's burden to plead the "who, what, when, where, why and how" of its claims under Rule 9(b) and, indeed, fail to plead required elements of its claims under Rule 8. Moreover, the City's attempt to bootstrap its claims against Actavis by broadly alleging a conspiracy involving all Defendants does not cure these pleading deficiencies. Those conspiracy claims fail under Rules 8 and 9(b) as well, and the Complaint must be dismissed pursuant to Rule 12(b)(6). *See* Point II, *infra*; *see generally* Joint Memorandum at Point III.

## JURISDICTIONAL BACKGROUND

Actavis is a pharmaceutical company incorporated under the laws of the Republic of Ireland. *See* Affidavit of Sheldon V. Hirt in Support of Actavis plc's Motion to Dismiss Plaintiff's Complaint, ¶ 3 ("Hirt Aff."), attached hereto as Exhibit A. It has a global headquarters in Dublin, Ireland and an administrative headquarters in Parsippany, New Jersey. *Id.*; *see also* Complaint, ¶ 29.

Actavis does not manufacture, market, distribute, or sell any pharmaceutical products, including Kadian or other prescription opioids. Hirt Aff., ¶ 5. Actavis is a holding company, which functions to buy and possess the shares of other companies. *Id.* at ¶ 4.

Actavis has no corporate filings on record with the Illinois Office of the Secretary of State. *Id.* at ¶ 6. It has not designated an agent for service of process in Illinois, has no offices or employees in Illinois, and does not send agents to conduct business in Illinois. Hirt Aff., ¶ 7. Actavis does not direct advertising to Illinois or solicit or conduct business in Illinois. *Id.* at ¶ 8.

Actavis did not manufacture, market, distribute, promote, advertise, or sell in Illinois any of the prescription opioid medications that form the basis for the claims against Actavis. *Id.* at ¶ 9.

# ARGUMENT

## I. THIS COURT HAS NO PERSONAL JURISDICTION OVER ACTAVIS

In the Complaint, the City acknowledges that "Defendant Actavis plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland." Complaint, ¶ 29. It also alleges, however, that Actavis, like the other named Defendants, is subject to personal jurisdiction in Illinois under the state's long-arm statute based on the following allegation: "This Court has personal jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209(1) because Plaintiff is the City of Chicago, located within Illinois, and Defendants carry on a continuous and systematic part of their general business within Illinois, and have transacted substantial business in Illinois which has caused harm in Illinois." Complaint, ¶ 31. Chicago has pled one allegation, wrong as a matter of fact, to support its claim of personal jurisdiction over Actavis in particular: "During the relevant time period, Actavis engaged in the business of marketing and selling opioids in Chicago and across the country, including the branded drug Kadian and generic versions of Duragesic and Opana." *Id.* at ¶ 29; *compare* Hirt Aff., ¶¶ 5; 8-9.

### A. The City Bears the Burden of Establishing the Court's Exercise of Personal Jurisdiction Over Actavis

"A federal district court exercising diversity jurisdiction has personal jurisdiction . . . only if a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997) (internal quotations omitted). Once challenged, the City bears the burden of establishing that the Court may exercise jurisdiction over Actavis, *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998), and must do so by

- 3 -

offering affirmative evidence in support of that jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

"[B]ecause the Seventh Circuit has found that there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction, one due process inquiry suffices." *Edelson v. Ch'ien*, 352 F. Supp. 2d 861, 866 (N.D. Ill. 2005) (internal quotations omitted). "Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (brackets in original; internal quotations omitted). "To demonstrate that a defendant has sufficient 'minimum contacts' with the forum state to support the exercise of personal jurisdiction, a plaintiff may establish the existence of either general or specific jurisdiction." *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1225 (N.D. Ill. 2005) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713-24 (7th Cir. 2002)). "[J]urisdiction attaches (or does not attach) as of the time that an action is filed." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 910 (N.D. Ill. 1999).

Here, the City's allegations fail to support personal jurisdiction over Actavis in Illinois. The City has not alleged facts that demonstrate minimum contacts between Actavis and Illinois sufficient to establish general or specific jurisdiction over Actavis, requiring dismissal with prejudice.

   **B.**   <u>**The Court Lacks General Personal Jurisdiction Over Actavis**</u>

The United States Supreme Court recently clarified that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render

them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (brackets in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). The United States Court of Appeals for the Seventh Circuit recently held that *Daimler* "confirmed [the] adherence to the distinction between 'general jurisdiction' and 'specific jurisdiction.' The former is proper only in the limited number of fora in which the defendant can be said to be 'at home.' For a corporation, such places include the state of incorporation and the state of the principal place of business." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014)

Actavis is not "home" in Illinois. Actavis is incorporated in Ireland and maintains its principal place of business outside of Illinois. Hirt Aff., ¶ 3. Actavis, in fact, has had no jurisdictional contacts with Illinois, much less contacts sufficiently pervasive to support general or "all-purpose" jurisdiction there. Actavis is therefore not amenable to general jurisdiction in Illinois. *See Daimler*, 134 S. Ct. at 760.

### C. The Court Lacks Specific Personal Jurisdiction Over Actavis

Actavis also does not and did not have the contacts with Illinois necessary to subject it to specific personal jurisdiction in this Court. "Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010); *see also Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 800 ("Specific jurisdiction is available for a suit that arises out of the forum-related activity.").

> There are various formulations of the standard for establishing specific personal jurisdiction, but they may be condensed to three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or

> purposefully directed his activities at the state . . . (2) the alleged injury must have arisen from the defendant's forum-related activities . . . and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice . . . .

*Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted). Moreover, "[i]f the court determines . . . that a defendant does not have sufficient minimum contacts with the forum, then its personal jurisdiction analysis ends without examining the plaintiff's causes of action." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000).

It would be patently unfair and unreasonable for Actavis to be hauled into court in Illinois. Actavis has not purposefully directed any sales, marketing, or other business activities at Illinois or purposefully availed itself of the privilege of conducting business in the state. Hirt Aff., ¶¶ 7-8. In particular, Actavis, a holding company, has never marketed or sold prescription opioid medications or any pharmaceutical products in Chicago or anywhere in Illinois (or the United States). *Id*. at ¶¶ 4-5; 8. Actavis has not sent agents to conduct business in Illinois and does not maintain offices or employees in Illinois. *Id*. at ¶ 7. Actavis does not advertise or solicit business in Illinois and has not designated an agent for service of process in Illinois. *Id*. at ¶ 8. Actavis thus has no connection with any of the marketing activities from which the City's claims arise.

At bottom, Actavis has not engaged in any forum-related activities capable of conferring jurisdiction in Illinois. The Court need not go any further. Actavis's motion to dismiss pursuant to Rule 12(b)(2) should be granted for lack of personal jurisdiction.

## II. ALL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)

### A. The City's Threadbare Allegations Against Actavis are Insufficiently Pled Under Rule 9(b) and Rule 8 to State Any Claim Against Actavis

The City's Complaint, while voluminous, contains just eight substantive, *i.e.*, non-jurisdictional, allegations specific to Actavis, none of which are pled with the particularity required by Rule 9(b). Complaint, ¶¶ 29, 50, 57, 81, 93, 149, 272, 284. As discussed in the Joint Memorandum, this heightened pleading standard applies to every claim in the City's Complaint. *See Borsellino v. Goldman Sachs Group, Inc.* 477 F.3d 502, 507 (7th Cir. 2007) (applying Rule 9(b) to "[a] claim that 'sounds in fraud' - in other words, one that is premised upon a course of fraudulent conduct . . ."). A complaint sounding in fraud must meet both the *Twombly* plausibility standard and the particularity standard of Rule 9(b). Under the *Twombly* standard, the allegations must transcend the "speculative," "conceivable," and "possible," and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The Court must scrutinize the well-pleaded factual allegations to ensure that they are more than "'merely consistent with' a defendant's liability," disregarding "legal conclusions" and "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Twombly*, 550 U.S. at 557); *see also McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claim must be dismissed. *Iqbal*, 556 U.S. at 679; *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

"[R]ule [9(b)] requires the [City] to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994) (internal quotations omitted). "This means the who, what, when,

where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). While Rule 9(b) is designed to discourage a "sue first, ask questions later" mentality, the City's lack of specificity with respect to Actavis suggests just that approach. *Berman v. Richford Indus., Inc.*, 1978 WL 1104, *6 (S.D.N.Y. July 28, 1978). With a scant eight mentions in 120-plus pages, the City's allegations against Actavis do not meet Rule 9(b)'s high standard for pleading fraud-based claims and, indeed, sow confusion about what fraud the City believes Actavis committed. Even under the basic pleading rules set forth in Fed. R. Civ. P. 8, this style of pleading fails. *See Slagel v. Shell Oil Co.*, 95 F.3d 1154 (7th Cir. 1996) ("Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is . . . and with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of the plaintiff's claims." (internal citations and quotations omitted).

Here, the City has not alleged facts sufficient to show that Actavis made any false statement to anyone in connection with any opioid prescription for which the City paid. The City has not identified any supposedly false statement or omission by Actavis to the City or to a physician who prescribed opioid medications to a Chicago employee or retiree, let alone alleged how any such statement or omission was false. The City failed to allege any facts concerning a single interaction between Actavis and any physician who prescribed Kadian or other opioid and why any individual prescription was medically inappropriate or unnecessary - including because a physician's medical judgment was compromised in reliance on something false that Actavis said. The City failed to identify any "key opinion leaders" that Actavis controlled or influenced to disseminate misleading information regarding the health benefits and risks of opioids, the date and content of the information disseminated, and the recipient(s) of the information. The City

also failed to describe the circumstances constituting a conspiracy involving Actavis. *See infra*. The few allegations specific to Actavis are "bereft of any detail concerning who was involved in each allegedly fraudulent activity, how the alleged fraud was perpetrated, or when the allegedly fraudulent statements were made." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).

Moreover, the City's attempt to lump together all factual allegations against each and every Defendant through vague and broad references to "Defendants" generally are "wholly inadequate to put [Actavis] on notice of the conduct alleged." *Suburban Buick, Inc. v. Gargo*, 2009 WL 1543709, *4 (N.D. Ill. May 29, 2009). This attempt at "group pleading" without any differentiation among Defendants warrants dismissal. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ("We previously have rejected complaints that have 'lumped together' multiple defendants."). Rather, the Rules require that "[w]here there are multiple defendants, the complaint must inform each defendant of the specific act allegedly committed by the defendant justifying his inclusion in a particular count." *P & P Mktg., Inc. v. Ditton*, 746 F. Supp. 1354, 1362 (N.D. Ill. 1990).

### B. The City Likewise Cannot Satisfy its Pleading Obligation by (Inadequately) Pleading a Conspiracy Among All Defendants

In an apparent attempt to charge Actavis with the same conduct alleged as to the eight other Defendant families, none of which are alleged to have any legal relationship to Actavis, the City asserts two conspiracy claims. Complaint at ¶¶ 330-345 (Count Five) and 362-366 (Count Eight). The City broadly claims that "Defendants conspired to defraud the City by getting a false or fraudulent claims allowed or paid, by acting in concert in a comprehensive scheme to defraud the City while illegally and deceptively promoting opioids in an effort to further opioids sales," and that "Defendants knowingly and voluntarily participated in a common scheme to commit unlawful acts in an unlawful manner." Complaint at ¶¶ 332, 363. A plaintiff, however, cannot

- 9 -

plead itself out of a corner where it has insufficient facts to state a claim against any single defendant by broadly alleging a conspiracy. That is because the conspiracy claims themselves must satisfy the particularity requirements of Rule 9(b). The rule's heightened pleading standard applies to the City's conspiracy claims because they sound in fraud. *Gaudie v. Countrywide Home Loans, Inc.*, 683 F.Supp.2d 750, 760 (N.D. Ill. 2010) ("Because the underlying tort of the conspiracy is fraud, Rule 9(b)'s heightened pleading requirements apply to this claim.").

With respect to Actavis in particular, the City has failed to allege with any meaningful specificity the time, place, and substance of the individual activities of Actavis (or any Defendant for that matter). The one fact offered in support of Actavis's role in the claimed conspiracy is that it and other Defendants belonged to the American Academy of Pain Medicine ("AAPM"), a medical specialty society representing physicians practicing in the field of pain medicine. Complaint, ¶ 149. The City has not alleged when Actavis joined the AAPM, its role in the organization, or how or when the AAPM engaged in the conduct described in the Complaint. Such failure precludes any reasonable inference that Actavis and Defendants acted in parallel, let alone in concert. *Borsellino*, 477 F.3d at 509 ("In short, the plaintiffs have offered none of the critical details regarding the alleged fraud conspiracy as it relates to Goldman Sachs. The civil conspiracy claim was therefore properly dismissed.").

The remaining undifferentiated allegations concern Defendants' similar promotional activities and "messages" and funding of third-party publications and research. Complaint, ¶¶ 188, 189. As a matter of law, allegations of lawful business activities and parallel conduct are insufficient to hold Actavis liable for the conduct of any other Defendant under a conspiracy theory. It is Illinois law that "to state a claim for civil conspiracy, a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement." *McClure v. Owens*

*Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999). "[T]he agreement is a necessary and important element of a cause of action for civil conspiracy . . . ." *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994). "The complaint must allege that the defendant knowingly and voluntarily participated in the common scheme at the heart of the alleged civil conspiracy." *Redelmann v. Claire Sprayway, Inc.*, 874 N.E.2d 230, 241 (Ill. App. Ct. 2007).

Here, the City does not allege any agreement between Actavis and any Defendant (or anyone else) to commit fraud. Parallel business conduct by Actavis and its competitors does not constitute an agreement or otherwise support an inference of conspiracy. *See Twombly*, 550 U.S. at 554 ("The inadequacy of showing parallel conduct or interdependence, without more, mirrors the ambiguity of the behavior: consistent with conspiracy, but just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market."); *Burgess v. Abex Corp. ex rel. Pneumo Abex Corp.*, 725 N.E.2d 792, 795 (Ill. App. Ct. 2000) ("Implicit agreement, at least an agreement implicitly shown by parallel conduct, is not sufficient to show a conspiracy."). *Twombly* confirmed "that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Twombly,* 550 U.S. at 556. Common participation in industry associations also is not enough to claim conspiracy. *See Moore v. Boating Indus. Assoc.*, 819 F.2d 693, 712 (7th Cir. 1987) ("Mere membership in a trade association, attendance at trade association meetings and participation in trade association activities are not, in and of themselves, condemned or even discouraged by the antitrust laws.") (internal citations and quotations omitted). By failing to allege that Actavis entered into an agreement with one or more Defendants and acted in furtherance of that agreement, the City's conspiracy claims fail as well.

**CONCLUSION**

Because Actavis is not subject to personal jurisdiction in Illinois and, alternatively, because the City has failed to plead any facts to show that Actavis engaged in (or conspired to engage in) any fraudulent conduct, all of its claims should be dismissed.

Dated: August 29, 2014  Respectfully submitted,

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
William G. Potter
Jason L. Drori
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02110
Tel.: (617) 261-3100
james.matthews@klgates.com
katy.koski@klgates.com
william.potter@klgates.com
jason.drori@klgates.com

Nicholas W. Marietti
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
Tel.: (312) 807-4221
nicholas.marietti@klgates.com

*Attorneys for Defendant Actavis plc*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record via CM/ECF on August 29, 2014.

/s/ James W. Matthews
James W. Matthews