## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | |
| Plaintiff, | |
| v. | Case No. 14-cv-04361 |
| PURDUE PHARMA L.P., et al., | Honorable Jorge L. Alonso |
| Defendants. | |

## DEFENDANTS' PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Case Management Procedure for Initial Status Hearings, Defendants Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Inc. (the "Purdue Defendants"), Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Cephalon Inc. (the "Teva Defendants"), Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica Inc. (the "Janssen Defendants"), Endo Health Solutions Inc., Endo Pharmaceuticals Inc. (the "Endo Defendants"), Actavis plc, Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc., Actavis LLC, Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., and Watson Laboratories, Inc. (the "Actavis Defendants") (hereinafter, each set of related Defendants is referred to as a "Defendant Family" and all Defendant Families are collectively referred to as "Defendants") present their proposed discovery plan to the Court as follows:[1]

## I. DISCOVERY CONFERENCE

On February 20, 2015, this Court directed the parties "to meet and confer to discuss a discovery schedule and [to] report on that schedule at the next status hearing." *See* Minute Entry

---

[1] For the reasons set forth in their individual motions to dismiss (ECF Nos. 220 and 224), the Court lacks personal jurisdiction over Actavis plc, Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc., and Teva Pharmaceuticals Inc. in this matter, and no discovery is appropriate as to them.

(ECF No. 255). On March 3, March 4, March 11, March 13, and March 16, 2015, Plaintiff City of Chicago ("Plaintiff" or the "City") and Defendants exchanged e-mails in an attempt to establish an agreed-upon discovery plan. Indeed, Defendants initiated the discussion with the City and invited telephonic conferences regarding a discovery plan. Although Plaintiff represented during the February 20 status conference that it needed discovery from third parties and certain *limited* discovery from Defendants, Plaintiff has since proposed to take broad-based discovery of all Defendants without any distinctions or meaningful limitations. Moreover, Plaintiff has yet to accept Defendants' invitations for a telephonic conference to address the parties' views on discovery.

Without waiving their objections and subject to the arguments in Defendants' joint and individual motions to dismiss,[2] Defendants submit that discovery, if allowed to proceed before the motions to dismiss are decided, should be conducted in phases. Defendants propose the following plan for conducting phased discovery. For ease of reference, Defendants have summarized the parties' areas of agreement and disagreement in the Attachment A filed herewith.

## II.    PRE-SUIT INVESTIGATION BY PLAINTIFF

Before commencing this action on June 2, 2014, Plaintiff conducted a year-long investigation of the Defendants. Each Defendant was served with an investigative subpoena containing more than 60 document requests (several with multiple subparts), which covered virtually every topic for discovery related to this action.[3] Defendants collectively produced to the City approximately 193,675 documents responsive to the subpoena.

## III.    INITIAL SCHEDULING ORDER/CONFERENCE

Before this action was reassigned to Judge Alonso, the Court had not issued an initial scheduling order pursuant to Rule 16(b)(1), nor did it require the parties to appear at a scheduling conference pursuant to Rule 16(a). No initial scheduling conference has occurred.

## IV.    INITIAL DISCLOSURES

No party has yet made the initial disclosures required by Rule 26(a)(1). Defendants' proposal for service of initial disclosures appears below in § VII(A)(1).

---

[2] The motions include Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint Under the Primary Jurisdiction Doctrine and Under Rule 12(b)(6) for Failure to State a Claim (ECF No. 228); Actavis Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 220); Motion to Dismiss All Claims Against Defendants Cephalon, Inc., Teva Pharmaceutical Industries Ltd., and Teva Pharmaceuticals USA, Inc. Pursuant to Rule 12(b)(2), Rule 12(b)(6), and Rule 9(b) (ECF No. 224); Endo Health Solutions Inc.'s and Endo Pharmaceuticals Inc.'s Motion to Dismiss (ECF No. 226); and Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) for Failure to State a Claim (ECF No. 232).

[3] Plaintiff withdrew its investigative subpoena as to the Purdue Defendants.

## V.     DISCOVERY CONDUCTED TO DATE

The parties have not propounded any discovery requests to date.  As described above, however, Defendants have already collectively produced to Plaintiff 193,675 documents related to topics for discovery in this action.  Defendants' position remains that given the substantial costs and burdens to both parties with respect to further discovery in this matter, no further discovery should occur until after rulings on the pending motions to dismiss.  To the extent discovery is permitted, however, its scope should reflect that (1) Defendants have filed joint and individual motions to dismiss setting forth multiple reasons why all claims against them in the First Amended Complaint ("FAC") should be dismissed; (2) Defendants have already produced hundreds of thousands of pages of documents to the City; and (3) Defendants have received no information, let alone a single document, from Plaintiff.

## VI.     DISCOVERY TOPICS

Defendants submit that the time period applicable to the City's claims begins June 2, 2008 and ends with the commencement of this action on June 2, 2014.  While the City advocates for a much longer time period (which would substantially increase the discovery burden on Defendants), any argument concerning the relevant time period should be reserved for further briefing rather than competing discovery plans.  Discovery in this case as a whole, which the parties appear to agree should be conducted in phases, will include, *inter alia*, the following subject matters:

1.   Identification of the following:

- all City agencies, offices, departments, divisions, or current or former City employees or contractors whom Plaintiff claims were defrauded and/or otherwise harmed by Defendants' alleged fraud
- all City agencies, offices, departments, or divisions and any third parties responsible for or involved in administering the City's health plan(s) and workers' compensation program
- all current or former City employees or contractors responsible for, involved in, or knowledgeable regarding the reimbursement of prescription drugs by the City's health plan(s) and workers' compensation program
- all physicians whom the City contends received allegedly false or misleading advertising, continuing medical education ("CME"), or treatment guidelines concerning opioid medications
- all "key opinion leader" ("KOL") whom the City claims was retained, funded, or controlled, in whole or in part, by any Defendant
- all "professional and patient advocacy organizations" (FAC, ¶ 148) and "other likeminded organizations" (FAC, ¶ 220) the City claims were organized, retained, funded, or controlled, in whole or in part, by any Defendant
- all CMEs, treatment guidelines, or other "published materials" (FAC, ¶ 114) created, approved, and/or disseminated by any KOL or organization organized, retained, funded, or controlled, in whole or in part, by any Defendant

- all physicians whose medical judgment or opioid prescribing practices were supposedly compromised or affected by Defendants' allegedly fraudulent marketing practices, and whether those physicians wrote prescriptions for any opioid drug manufactured or sold by Defendants that were subsequently reimbursed by the City's health plan(s) or workers' compensation program
- all physicians who allegedly wrote medically unnecessary opioid prescriptions, and whether those physicians wrote prescriptions for any opioid drug manufactured or sold by Defendants that were subsequently reimbursed by the City's health plan(s) or workers' compensation program
- all physicians who prescribed opioid medications for chronic non-cancer pain, and whether those physicians wrote prescriptions for any opioid drug manufactured or sold by Defendants that were subsequently reimbursed by the City's health plan(s) or workers' compensation program
- all patients who allegedly received medically unnecessary opioid prescriptions, and whether those patients' prescriptions were subsequently reimbursed by the City's health plan(s) or workers' compensation program
- all patients who received opioid prescriptions for chronic non-cancer pain, and whether those patients' prescriptions were subsequently reimbursed by the City's health plan(s) or workers' compensation program
- all patients who allegedly became addicted to or were otherwise harmed as a result of any medically unnecessary opioid prescriptions, and whether those patients' prescriptions were subsequently reimbursed by the City's health plan(s) or workers' compensation program

2. All representations, false or otherwise, allegedly made by any Defendant to any City agency, office, department, division, or current or former City employee or contractor concerning opioid medications, including by way of example their benefits, health risks, efficacy, prescription, use, approval for sale, medical necessity, or reimbursement by the City. This information must include the information that the City was required (but failed) to plead in the FAC under Rule 9(b): what was allegedly said; who allegedly said it; to whom it was allegedly said; when it was allegedly said; and where it was allegedly said.

3. All representations, false or otherwise, allegedly made by any Defendant to any physician concerning the indications, pharmacology, benefits, health risks, efficacy, prescription, or use of opioid medications. This information must include: what was allegedly said; who allegedly said it; to whom it was allegedly said; when it was allegedly said; and where it was allegedly said.

4. All representations, false or otherwise, allegedly made by any Defendant to any patients concerning the benefits, health risks, indications, use, or misuse of opioid medications. This information must include: what was allegedly said; who allegedly said it; to whom it was allegedly said; when it was allegedly said; and where it was allegedly said.

4

5. The amount(s) and each category of damages the City seeks to recover from each Defendant.

6. The organization, administration, funding, operation, and oversight of any City agency, office, department, or division responsible for or involved in administering the City's health plan(s) and workers' compensation program.

7. All advertising, CMEs, treatment guidelines, or other communications or documents the City claims contain false or misleading information concerning Defendants' opioid medications.

8. All allegedly false claims submitted to the City's health plan(s) and workers' compensation program for reimbursement of any opioid drug manufactured or sold by Defendants.

9. All City health plan and workers' compensation materials related to prescription drug benefits.

10. The adjudication, approval, rejection, payment, and auditing or testing of claims for reimbursement of opioid medicines by or on behalf of the City's health plan(s) and workers' compensation program.

11. All prescription medication formulary lists relating to any opioid drug manufactured or sold by Defendants that were used by any City agency, office, department, division, or current or former City employee, contractor, or any administrator of the City's health plan(s), and all communications, documents, studies, regulatory materials, or any other materials relating to the decision to (a) include or exclude any opioid drug manufactured or sold by Defendants on the list of approved prescription drugs for the City's health plan(s) or workers' compensation program; and (b) reimburse prescriptions for any opioid drug manufactured or sold by Defendants by City's health plan(s) or workers' compensation program.

The above topics are not exhaustive or limiting, and Defendants reserve the right to seek discovery relating to subject matters not otherwise identified herein. Defendants reserve the right to object to specific categories of discovery sought.

## VII.  PHASED DISCOVERY PLAN

A. Discovery Phase 1

1. Initial Disclosures

Initial disclosures pursuant to Rule 26(a)(1) shall be served 45 days from the entry of an order adopting Defendants' proposed discovery plan.

2. Requests for production of documents

    a. Beginning on the date on which initial disclosures must be filed pursuant to § VII(A)(1), each Plaintiff and each Defendant Family shall be permitted to propound no more than 25 requests for production of documents (including electronically stored information ("ESI")), subject to § IX. Responses to the requests shall be served in the time and manner specified in Rule 34.

    b. Phase 1 document requests shall be limited to the following topics:

        i. identification of opioid products at issue in the case;
        ii. identification of providers who prescribed and/or dispensed opioid products at issue; and
        iii. identification of persons with knowledge of the allegations in the FAC.

3. Depositions, interrogatories, and requests for admission

During Discovery Phase 1, the parties are prohibited from engaging in the discovery authorized by Federal Rules of Civil Procedure 30 (Depositions by Oral Examination), 31 (Depositions by Written Questions), 33 (Interrogatories to Parties), and/or 36 (Requests for Admission).

B. <u>Discovery Phase 2</u>

1. Interrogatories, requests for production of documents, and requests for admission

Discovery Phase 2 shall commence upon the entry of an order fully and finally adjudicating Defendants' motions to dismiss, including any subsequent motions to dismiss directed toward any amended pleadings, or six months from the start of Discovery Phase 1, whichever is later. If any claim remains after the Court has ruled on the motions to dismiss, then Phase 2 commences. In Phase 2, the parties may engage in the discovery authorized by Federal Rules of Civil Procedure 33 (Interrogatories to Parties) and/or 36 (Requests for Admission). The parties may also propound additional non-duplicative requests for production of documents pursuant to Rule 34. All discovery shall be answered and/or objected to in the time and manner required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court Northern District of Illinois ("Local Rules").

2. Depositions

    a. Beginning 90 days from the date by which Phase 2 discovery requests must be answered, the parties may take the testimony of any person, including a party, by deposition upon oral examination concerning any matter discoverable pursuant to Rule 26(b) upon reasonable notice to all other parties.

b. Reasonable notice shall be not less than 21 days before the deposition date. Continuations of depositions properly noticed need not be re-noticed.

c. A party whose deposition is noticed pursuant to Rule 30(b)(6) shall identify each person who will testify on its behalf and the subject matter(s) on which each person will testify not less than 10 business days before the deposition date.

d. The parties shall use their best efforts to agree on dates and locations for all depositions.

e. All depositions shall be governed by the Federal Rules of Civil Procedure.

3. Phase 2 discovery deadline

Phase 2 discovery shall close 24 months from the entry of an order fully and finally adjudicating Defendants' motions to dismiss, including any subsequent motions to dismiss directed toward any amended pleadings.

C. Discovery Phase 3 (Expert Discovery)

The parties anticipate a need for expert discovery. The parties shall meet and confer to establish an agreed-upon schedule for taking expert discovery. A proposed expert discovery plan shall be filed within 30 days of the close of Phase 2 discovery.

## VIII. PROCEDURE FOR PRODUCTION OF DOCUMENTS AND ESI

Documents and ESI requested in discovery shall be produced on a rolling basis, subject to objections by the parties and the entry of a protective order. The parties will meet and confer about the appropriate ESI protocol.

## IX. [PROPOSED] AGREED CONFIDENTIALITY ORDER

The parties have exchanged proposed discovery confidentiality orders. Defendants expect and intend to resolve disagreements regarding the parties' competing orders through the meet and confer process, with an eye toward submitting an agreed-upon confidentiality order for the Court's consideration. Defendants' [Proposed] Agreed Confidentiality Order is attached hereto as Exhibit 1. Attached hereto as Exhibit 2 is a redline comparison of the Defendants' [Proposed] Agreed Confidentiality Order and the Northern District of Illinois's Model Confidentiality Order.

Defendants' [Proposed] Agreed Confidentiality Order contains a number of provisions that do not appear in the model order, but which Defendants view as critical in this action, as set out below.

- Provisions Allowing for Designation of Discovery Materials as "Highly Confidential – Attorneys' Eyes Only." Defendants are five separate groups of corporate entities that compete against each other and against other companies in the market for pharmaceutical products. The discovery materials in this action are expected to include highly sensitive commercial information of each Defendant group, the disclosure of which without appropriate limitations could result in significant business injury. Accordingly, Defendants have included provisions in their [Proposed] Agreed Confidentiality Order that would allow the parties to designate discovery materials as "Highly Confidential – Attorneys' Eyes Only" and limit disclosure of such discovery materials. Defendants have also made various adjustments throughout the [Proposed] Agreed Confidentiality Agreement to accommodate this addition.

- Provisions Addressing Third-Party Discovery. The City's FAC and proposed Discovery Plan make clear that that City intends to seek extensive third-party discovery. Accordingly, Defendants have included provisions in the [Proposed] Agreed Confidentiality Order that would extend its application to third-party discovery materials and thus facilitate the designation and handling of such material.

- Disclosures to Experts and Expert Consultants. Given that Defendants are also competitors and wish to avoid any improper or unnecessary disclosure of designated discovery materials to experts or consultants, Defendants have included provisions in the [Proposed] Agreed Confidentiality Order that place limits on the disclosure of designated discovery materials to the parties' retained experts and expert consultants.

- Information Subject to an Existing Obligation of Confidentiality. Defendants anticipate that some of the information requested in discovery will be subject to existing obligations of confidentiality. Accordingly, Defendants have added provisions to the [Proposed] Agreed Confidentiality Order that address this issue, and that are intended to facilitate the designation and handling of such information.

- Inadvertent Production of Documents. Defendants have included provisions in the [Proposed] Agreed Confidentiality Order that address inadvertent production of privileged materials, including detailed procedures for providing notice of inadvertent production and for clawing back or destroying inadvertently produced privileged materials.

- Limitations. Defendants' [Proposed] Agreed Confidentiality Order includes provisions that make clear that agreeing to the Order and producing or receiving designated discovery material does not, *inter alia*, limit a party's handling of its own confidential information, prejudice the rights of any party to object to the production of documents or other information it considers not subject to discovery, or in any way prejudice the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document or other information.

- Public Disclosure Laws. Defendants' [Proposed] Agreed Confidentiality Order recognizes that the City may receive requests for disclosure of discovery materials under

various public disclosure laws and includes provisions regarding the handling of such requests.

- Other Issues.  Defendants' [Proposed] Agreed Confidentiality Order anticipates a number of miscellaneous issues that frequently arise in large-scale discovery and includes proposals for addressing those issues.  While these issues are not expressly addressed in the Model Confidentiality Order, Defendants believe that the parties would benefit from greater clarity regarding the handling of these issues and have drafted proposals to address them.  These proposals include: (1) procedures for designating electronic media, written discovery responses, and non-documentary and non-testimonial material; (2) procedures for (and restrictions on) disclosure of designated discovery material to any non-party witnesses and any mediators, arbitrators, and other parties appointed by the Court or jointly retained by the parties; (3) additional procedures for designating information disclosed during depositions; (4) procedures for handling mis-designation or necessary changes to the designation of discovery material; (5) procedures for handling unauthorized disclosure of designated discovery material; (6) more detailed procedures regarding filing of designated discovery material under seal; and (7) procedures for using designated discovery material at hearings.

## X.  PROPOSED LIMITATIONS ON DISCOVERY

Defendants shall coordinate to avoid, whenever possible, propounding duplicative discovery requests to Plaintiff and nonparties.  Defendants propose to limit Phase 1 and Phase 2 discovery as follows, which limitations may be amended by agreement or with leave of court:

| Discovery device | Limitations proposed |
|---|---|
| Interrogatories | No interrogatories may be served in Phase 1. In Phase 2, Plaintiff may serve no more than 50 interrogatories on each Defendant Family. Each Defendant Family may serve no more than 50 interrogatories on the Plaintiff. |
| Requests for production of documents | Phase 1, *see* Section VII(A)(2).  In Phase 2, the parties may serve additional non-duplicative requests for documents and information. |
| Requests for admission | No requests for admission may be served in Phase 1.  In Phase 2, requests for admission will be limited only by the Federal Rules of Civil Procedure. |
| Party depositions | No depositions may be noticed or taken in Phase 1.  In Phase 2, Plaintiff may conduct no more than 15 individual fact witness depositions of each Defendant Family, |

| | including depositions conducted pursuant to Rule 30(b)(6), for a total not to exceed 75 depositions. Defendants may conduct an equal number, not to exceed 75 depositions. |
| --- | --- |
| Non-party discovery | The parties shall meet and confer and coordinate to avoid conducting duplicative or unnecessary discovery of nonparties. All nonparty discovery shall proceed in accordance with all applicable federal rules. |

## XI.    PREVIOUSLY FILED STATUS REPORTS

A Joint Status Report for Reassigned Case (ECF No. 249) was filed on February 6, 2015.

## XII.    MAGISTRATE JUDGE

At this time, Defendants consent to proceed before the Magistrate Judge only on discovery matters.

## XIII.    MODIFICATION OF THE DISCOVERY PLAN

Any party may seek modification of the discovery plan set forth herein by agreement or for good cause shown.

## XIV.    INTERIM STATUS CONFERENCE

The parties request an interim status conference following the completion of Phase 1 discovery on a date convenient for the Court.

Dated: March 16, 2015                    Respectfully submitted,

                                         By: /s/ Jason L. Drori
                                             James W. Matthews, *pro hac vice*
                                             Katy E. Koski, *pro hac vice*
                                             William G. Potter, *pro hac vice*
                                             Jason L. Drori, *pro hac vice*
                                             K&L GATES LLP
                                             State Street Financial Center
                                             One Lincoln Street
                                             Boston, MA 02111
                                             Telephone: (617) 261-3100
                                             james.matthews@klgates.com
                                             katy.koski@klgates.com
                                             william.potter@klgates.com
                                             jason.drori@klgates.com

                                             Nicholas W. Marietti
                                             K&L GATES LLP
                                             70 W. Madison St., Suite 3100
                                             Chicago, IL 60602
                                             Telephone: (312) 807-4221
                                             nicholas.marietti@klgates.com

                                             *Attorneys for Defendants Actavis plc,
                                             Actavis, Inc., f/k/a Watson
                                             Pharmaceuticals, Inc., Actavis LLC,
                                             Actavis Pharma, Inc., f/k/a Watson
                                             Pharma, Inc., and Watson Laboratories,
                                             Inc.*

By: /s/ Charles C. Lifland

Charles C. Lifland
Carolyn J. Kubota

O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
ckubota@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Appearing Pro Hac Vice*

By: /s/ Michael P. Doss

Michael P. Doss
Scott D. Stein

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7520
Facsimile: (312) 853-7036
mdoss@sidley.com
sstein@sidley.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

By: /s/ R. Ryan Stoll

    R. Ryan Stoll
    Patrick Joseph Fitzgerald

    SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
    155 N. Wacker Drive
    Suite 2700
    Chicago, IL 60606
    Telephone: (312) 407-0508
    ryan.stoll@skadden.com
    patrick.fitzgerald@skadden.com

    *Attorneys for Defendants Purdue Pharma L.P., The Purdue Frederick Company, Inc., and Purdue Pharma, Inc.*


By: /s/ Tinos Diamantatos

    Tinos Diamantatos
    MORGAN, LEWIS & BOCKIUS LLP
    77 West Wacker Drive, 5th Floor
    Chicago, IL 60601
    Telephone: (312) 324-1145
    (312) 353-2067 (fax)
    tdiamantatos@morganlewis.com

    Gordon Cooney, Jr. (pro hac vice)
    Steven A. Reed (pro hac vice)
    MORGAN, LEWIS & BOCKIUS LLP
    1701 Market Street
    Philadelphia, PA 19103-2921
    Telephone: (215) 963-5000
    jgcooney@morganlewis.com
    sreed@morganlewis.com

    *Attorneys for Defendants Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries, Ltd.*

By: /s/ Steven G. Reade

Steven G. Reade (pro hac vice)
Joshua M. Davis (pro hac vice)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942.5000
steven.reade@aporter.com
joshua.davis@aporter.com

*Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals, Inc.*

By: /s/ Peter Vincent Baugher

Peter Vincent Baugher
Kristen Elizabeth Hudson
Nicholas A. Gowen
SCHOPF & WEISS LLP
One South Wacker Drive
28th Floor
Chicago, IL 60606
Telephone: (312) 701-9300
baugher@sw.com
hudson@sw.com
gowen@sw.com

*Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals, Inc.*

## SIGNATURE ATTESTATION

Pursuant to the United States District Court for the North District of Illinois' General

Order on Electronic Case Filing, General Order 14-0009(IX)(C)(2), I hereby certify that

authorization for the filing of this document has been obtained from each of the other signatories

shown above, and that all signatories concur in the filing's content.

/s/ Jason L. Drori


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of

record via CM/ECF on March 16, 2015.

/s/ Jason L. Drori

**ATTACHMENT A**[4]

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Discovery Phase 1 - Initial disclosures | **Agreed**<br><br>Initial disclosures pursuant to Rule 26(a)(1) shall be served **45 days** from the entry of an initial discovery plan. | | |
| Discovery Phase 1 - Number of requests for production of documents (including ESI) | **Disputed** | Plaintiff: **35**<br><br>Defendants collectively: **40**<br><br>Each Defendant Family: **10** | Plaintiff: **25**<br><br>Each Defendant Family: **25** |

---

[4] The areas of agreement and disagreement represented herein are based on Plaintiff's most recent e-mail communication to Defendants, received Monday, March 16, 2015, at 11:19 a.m. EDT.

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Discovery Phase 1 - Scope of requests for production of documents (including ESI) | **Disputed** | Initial discovery should focus on three topics that are critical to this action: (1) the nature, falsity, and dissemination of the alleged misrepresentations; (2) Defendants' control over third parties alleged to have engaged in misrepresentations; and (3) Defendants' causation of damages to the City and its consumers. | Phase 1 document requests shall be limited to the following topics: (i) identification of opioid products at issue in the case; (ii) identification of providers who prescribed and/or dispensed opioid products at issue; and (iii) identification of persons with knowledge of the allegations in the Complaint. |
| Discovery Phase 1 - Time for beginning and completing document production (including ESI) | **Disputed** | Parties must begin producing documents within **30 days** from being served with Phase 1 requests, and shall diligently produce documents (including continuously-updated privilege logs) until the document production is complete, within **six (6) months** from the entry of an initial discovery plan. | All document discovery shall be answered and/or objected to in the time and manner required by the Federal Rules of Civil Procedure and the Local Rules. |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Discovery Phase 1 - Interrogatories | **Disputed** | Plaintiff: **10**<br><br>Defendants collectively: **10**<br><br>Each Defendant Family: **5** | No interrogatories permitted during Discovery Phase 1. |
| Discovery Phase 1- Nonparty discovery | **Disputed** | Plaintiff: **30** document requests<br><br>Defendants collectively: **35**<br><br>Each Defendant Family: **10** | The parties shall meet and confer and coordinate in order to avoid conducting duplicative or unnecessary discovery of nonparties. All nonparty discovery shall proceed in accordance with all applicable federal rules. |
| Discovery Phase 1 - Requests for admission | **Agreed**<br><br>During Discovery Phase 1, the parties are prohibited from propounding Rule 36 admission requests. | | |
| Discovery Phase 1 - Depositions | **Agreed**<br><br>During Discovery Phase 1, the parties are prohibited from conducting depositions pursuant to federal Rules 30 and 31. | | |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Start of Discovery Phase 2 | **Disputed** | The second phase of discovery should begin upon the Court's decision on Defendant's motions to dismiss, or a date **six (6) months** from entry of a discovery plan, whichever is sooner. | The second phase of discovery should begin upon the Court's decision on Defendant's motions to dismiss, or a date **six (6) months** from entry of a discovery plan, whichever is later. |
| Discovery Phase 2 - Limitations on interrogatories | **Disputed** | The parties will meet and confer at the start of Phase II discovery and, within **14 days**, will propose to the Court limits on the number of requests for production or admission, interrogatories, and depositions during this phase of discovery. | Plaintiff may serve no more than **50** interrogatories on each Defendant Family. Each Defendant Family may serve no more than **50** interrogatories on the Plaintiff. |
| Discovery Phase 2 - Limitations on requests for production of documents | **Disputed--Meet and Confer** | The parties will meet and confer at the start of Phase II discovery and, within **14 days**, will propose to the Court limits on the number of requests for production or admission, interrogatories, and depositions during this phase of discovery. | The parties may serve additional non-duplicative requests for documents and information. |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|------|--------|---------------------|---------------------|
| Discovery Phase 2 - Limitations on requests for admission | **Disputed--Meet and Confer** | The parties will meet and confer at the start of Phase II discovery and, within **14 days**, will propose to the Court limits on the number of requests for production or admission, interrogatories, and depositions during this phase of discovery. | Requests for admission will be limited only by the Federal Rules of Civil Procedure. |
| Procedure for production of documents and ESI | **Agreed**<br><br>Documents and ESI requested in discovery shall be produced on a rolling basis, subject to objections by the parties and the entry of a protective order. The parties will meet and confer about the appropriate ESI protocol. | | |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Discovery Phase 2 - time for completing document production (including ESI) | **Disputed** | Parties must begin diligently producing documents within **30 days** from being served with the first requests, and shall diligently produce documents (including continuously-updated privilege logs) at least every **30 days** until production is complete, which shall be no later than **90 days** from the initiation of Phase 2 discovery. | All document discovery shall be answered and/or objected to in the time and manner required by the Federal Rules of Civil Procedure and the Local Rules. |
| Discovery Phase 2 - Start of fact depositions | **Agreed**<br><br>Beginning **90 days** from initiation of Phase 2 discovery requests must be answered, the parties may take the testimony of any person, including a party, by deposition upon oral examination concerning any matter discoverable pursuant to Rule 26(b) upon reasonable notice to all other parties. | | |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Discovery Phase 2 - Reasonable notice of fact depositions | **Agreed**<br><br>Reasonable notice shall be not less than **21 days** before the deposition date. Continuations of depositions properly noticed need not be re-noticed. | | |
| Discovery Phase 2 - Disclosure of 30(b)(6) designee(s) | **Agreed**<br><br>A party whose deposition is noticed pursuant to Rule 30(b)(6) shall identify each person who will testify on its behalf and the subject matter(s) on which each person will testify not less than **10 business days** before the deposition date. | | |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Discovery Phase 2 - Limitations on number of fact depositions | **Disputed** | The parties will meet and confer at the start of Phase II discovery and, within **14 days**, will propose to the Court limits on the number of requests for production or admission, interrogatories, and depositions during this phase of discovery. | Plaintiff may conduct no more than **15** individual fact witness depositions of each Defendant Family, including depositions conducted pursuant to Rule 30(b)(6), for a total not to exceed **75** depositions. Defendants may conduct an equal number, not to exceed **75** depositions. |
| Discovery Phase 2 - Limitations on duration of fact depositions | **Agreed**<br><br>The parties shall use their best efforts to agree on dates and locations for all depositions and on the time limits for depositions. | | |
| Close of Discovery Phase 2 | **Disputed** | The second phase of discovery should be completed within **fifteen (15) months** of the Court's decision on Defendant's motions to dismiss, or a date **six (6) months** from entry of a discovery plan, whichever is sooner. | Phase 2 discovery shall close **24 months** from the entry of an order fully and finally adjudicating Defendants' motions to dismiss, including any subsequent motions to dismiss directed toward any amended pleadings. |

| ITEM | STATUS | PLAINTIFF'S PROPOSAL | DEFENDANTS' PROPOSAL |
|---|---|---|---|
| Relevant time period | **Disputed** | January 1, 2005 to the present. | June 2, 2008-June 2, 2014. |