UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PURDUE PHARMA L.P.; PURDUE )<br>PHARMA INC.; THE PURDUE FREDERICK )<br>COMPANY, INC.; TEVA )<br>PHARMACEUTICALS USA, INC.; )<br>CEPHALON, INC.; JOHNSON & JOHNSON; )<br>JANSSEN PHARMACEUTICALS, INC.; )<br>ORTHO-MCNEIL-JANSSEN )<br>PHARMACEUTICALS, INC. n/k/a JANSSEN )<br>PHARMACEUTICALS, INC.; JANSSEN )<br>PHARMACEUTICA, INC. n/k/a JANSSEN )<br>PHARMACEUTICALS, INC.; DEPOMED )<br>INC.; ENDO HEALTH SOLUTIONS INC.; )<br>ENDO PHARMACEUTICALS, INC.; )<br>ALLERGAN PLC; f/k/a ACTAVIS PLC; )<br>ACTAVIS, INC. f/k/a WATSON, )<br>PHARMACEUTICALS, INC.; WATSON )<br>LABORATORIES, INC.; ACTAVIS LLC; and )<br>ACTAVIS PHARMA, INC. f/k/a WATSON )<br>PHARMA, INC., )<br>)<br>Defendants. | Case No. 14-cv-04361<br>Honorable Jorge L. Alonso |

**ENDO HEALTH SOLUTIONS INC.'S AND ENDO PHARMACEUTICALS INC.'S
MOTION TO DISMISS COUNTS TWO AND FOUR THROUGH TEN OF
PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") move to dismiss Plaintiff City of Chicago's ("the City") Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure 12(b)(6). In support of the Motion, Endo states:

1. The Court should dismiss Counts Two and Four through Ten of the TAC against Endo because the City's allegations do not adequately plead any claims against Endo under the

1

standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

2. Multiple defects in the TAC require dismissal of these claims as to all Defendants:

(a) The City has not adequately alleged injury. The City still fails to allege that Defendants' purportedly improper conduct caused any doctor to write, or the City to reimburse, any ineffective or harmful opioid prescriptions. Also, the City concedes it has suffered no economic loss because it continues to pay for supposedly fraudulently-induced prescriptions and regardless, for much of the time period at issue, the City did not pay direct costs for prescription drugs under certain of its HMO plans. Instead, it paid a third-party a fixed cost that did not vary, regardless of the number of opioid prescriptions that were reimbursed.

(b) The City's Count Four (for false statement), Counts Five and Six (for violating and conspiring to violate the Chicago False Claims Act) and Count Eight (for insurance fraud) must be dismissed for failing to plead the elements of a false claim, as well as failing to adequately plead presentment, causation, or conspiracy. The City's "implied false certification" theory fails because the City has not alleged that prescribers or pharmacies made any specific representations to the City in connection with their requests for payment, and has pled no specific facts that would establish that any of the submitted prescriptions were not medically necessary or reasonably required.

(c) The City's Counts Six and Seven (for conspiracy) must be dismissed because the City alleges neither an agreement to commit an illegal act nor particular facts sufficient to satisfy Rule 9(b). The City fails to allege an agreement to commit an illegal act, and also fails to allege the conspiracy's "who, what, when, where, and how" under Rule 9(b).

(d) The City's Count Two (for unfair practices) fails for the same reasons stated in the Court's prior order and the City has not amended its allegations to address those defects.

3. In addition, Counts Two and Fourth through Ten of the TAC should be dismissed as to Endo for the following reasons as well:

(a) The City fails to allege a causal nexus between Endo's alleged misconduct and any purported injuries. The TAC remains devoid of allegations which, if true, could plausibly establish that any reliance on Endo's supposed misconduct caused prescriptions that were reimbursed by the City's health plans and workers' compensation program. Indeed, the City still fails to identify prescribers who received Endo's supposed misrepresentations and subsequently prescribed Endo's opioid medications, much less identify prescribers who prescribed opioid medications because of Endo's supposed acts.

(b) Even though the TAC is entirely premised on alleged fraud, it still is not pled with particularity as to Endo. Instead, the City relies on generalized allegations that Endo disseminated or made available allegedly false or misleading information, without specifying (as it must) who received each alleged falsehood, or when, where, and how they received it, or what harm (if any) resulted.

(c) The City's conspiracy counts also fail for insufficient allegations that Endo reached any agreements with any other Defendants or third party. Allegations that Endo provided funding for publications cannot plausibly establish any conspiracy. Nor does the TAC contain any allegation as to what Endo individually did to join the supposed conspiracy or to learn of its aims and scope.

(d) The "statements" the City seeks to attribute to Endo were, for the most part, allegedly made by third parties. Endo cannot be held liable in fraud merely for providing financial support to separate organizations or individuals who made misstatements, absent factual allegations, as opposed to conclusory ones, that Endo controlled these third parties. None of the City's allegations regarding liability for third-party actions satisfies Rule 8(a) much less the heightened pleading requirements of Rule 9(b).

WHEREFORE, for the reasons stated above, in the Memorandum of Points and Authorities in Support of Defendants' Joint Motion to Dismiss and/or Strike, and in Endo's Memorandum of Law filed contemporaneously herewith, Endo respectfully requests that the Court grant its motion to dismiss and any other relief this Court deems just and equitable.

Dated: December 15, 2016                                  Respectfully submitted,


                                                          /s/ Joshua M. Davis
                                                          One of the Attorneys for Defendants Endo Health
                                                          Solutions Inc. and Endo Pharmaceuticals Inc.

Peter Vincent Baugher ARDC# 0138282
HONIGMAN MILLER SCHWARTZ & COHN LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: (312) 701-9300
Fax: (312) 701-9335
pbaugher@honigman


Steven G. Reade (*admitted pro hac vice*)
Joshua M. Davis (*admitted pro hac vice*)
Joanna Persio (*admitted pro hac vice*)
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999

Steven.Reade@aporter.com
Joshua.Davis@aporter.com
Joanna.Persio@aporter.com

**CERTIFICATE OF SERVICE**

I, Joshua M. Davis, an attorney, hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically provide electronic notice upon all counsel of record on this 15th day of December, 2016.

/s/ Joshua M. Davis