**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-04361 |
| v. | ) | Honorable Jorge L. Alonso |
| | ) | |
| PURDUE PHARMA L.P.; PURDUE | ) | |
| PHARMA INC.; THE PURDUE FREDERICK | ) | |
| COMPANY, INC.; TEVA | ) | |
| PHARMACEUTICALS USA, INC.; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTICALS, INC.; | ) | |
| ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC. n/k/a JANSSEN | ) | |
| PHARMACEUTICALS, INC.; JANSSEN | ) | |
| PHARMACEUTICA, INC. n/k/a JANSSEN | ) | |
| PHARMACEUTICALS, INC.; DEPOMED | ) | |
| INC.; ENDO HEALTH SOLUTIONS INC.; | ) | |
| ENDO PHARMACEUTICALS INC.; | ) | |
| ALLERGAN PLC; f/k/a ACTAVIS PLC; | ) | |
| ACTAVIS, INC. f/k/a WATSON, | ) | |
| PHARMACEUTICALS, INC.; WATSON | ) | |
| LABORATORIES, INC.; ACTAVIS LLC; and | ) | |
| ACTAVIS PHARMA, INC. f/k/a WATSON | ) | |
| PHARMA, INC., | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**ENDO HEALTH SOLUTIONS INC.'S AND ENDO PHARMACEUTICALS INC.'S**
**MOTION TO DISMISS COUNTS TWO AND FOUR THROUGH TEN OF PLAINTIFF'S**
**THIRD AMENDED COMPLAINT**

## INTRODUCTION

As explained herein and in Defendants' Joint Motion to Dismiss and/or Strike Counts 2 and 4-10 of the Plaintiff's Third Amended Complaint, the City—on its *fourth* try—still fails to plead violations against Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") with the plausibility and particularity required by Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b)(6) and Rule 9(b), the Court should once and for all dismiss Counts Two and Four through Ten with prejudice.

The City's latest Complaint is old wine in a new bottle that fails to cure the defects that resulted in dismissal of the counts in the prior pleadings. The Third Amended Complaint again fails to provide factual allegations that—even assumed to be true—plausibly and particularly plead actionable conduct by Endo that has caused any recoverable injury to the City. For those reasons, as well as the others stated herein and in the Defendants' joint briefing, the Court should reject the City's attempted *fourth* bite at the apple.

## RULE 12(B)(6) STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires well-pled allegations that transcend the "speculative," *Twombly*, 550 U.S. at 555, and "conceivable," *id.* at 570, and are more than "merely consistent with a defendant's liability," disregarding a complaint's "legal conclusions" and "conclusory statements." *Iqbal*, 556 U.S. at 677-79. Moreover, because all of the City's claims here sound in fraud, they must also meet the particularity standard of Fed. R. Civ. P. 9(b).

## ARGUMENT

This Court previously dismissed the majority of the claims against Endo in the City's Second Amended Complaint for the primary reason that the City had failed to allege that Endo's purported conduct caused any harm. *See* ECF No. 471, Memorandum Opinion and Order (Sept. 29, 16) (hereinafter "September Order") at 25-26 ("the Court does not find that the City has alleged enough to connect defendants' alleged deceptive marketing with prescriptions that were covered by the City" because "the City has not alleged [that] injuries . . . or the monetary damage the City incurred were caused by prescriptions written as a result of defendant's alleged deceptive marketing"). Despite this, the City's latest pleading still suffers from the identical defect: The Third Amended Complaint, like the three iterations that preceded it, fails to provide the necessary connection between Endo's supposed misconduct and the City's supposed injuries.

Further, the City's claims against Endo remain defective for additional reasons. While the City proceeds primarily on the theory that Endo is liable for the statements and conduct of various non-party key opinion leaders (which the City refers to as "KOLs") or non-party pain advocacy organizations, the latest pleading fails again to allege facts sufficient to hold Endo liable for third party conduct. Like the City's earlier complaints, the Third Amended Complaint does not allege plausibly or particularly any conspiracy involving Endo, nor does it provide any factual allegations from which Endo's control of the non-parties could be inferred.

## I. ON ITS FOURTH ATTEMPT, THE CITY IS STILL UNABLE TO ADEQUATELY ALLEGE ANY CAUSAL LINK BETWEEN ENDO'S CONDUCT AND ANY INJURY

This Court dismissed Counts Two and Four through Ten of the City's prior complaint in part because the City failed to connect prescribers who wrote prescriptions for Endo's medications to Endo's supposedly fraudulent marketing. *See* September Order at 35 (the City must "connect[] . . . named prescribers . . . who were detailed with defendants' alleged deceptive

2

marketing" to alleged "false claims"); *see also id* at 35, 37-38, 40.  Like its predecessors, the Third Amended Complaint again fails to make this connection.[1]

As an initial matter, the City tries to remedy the deficiencies with its prior complaints by attaching Endo prescription records.  But on their face, these exhibits do not allege any improper or wrongful prescription; instead, the exhibits merely identify certain prescriptions that the City claims were written to address chronic pain diagnoses.  However, such prescriptions are entirely consistent with the FDA-approved indication for Endo's opioid medication.  *See* TAC ¶ 45(a); *see also id.*, Exs. A3, B1, B2; Defs' Mem.in Support of Joint Mot. to Dismiss TAC, Section II.A. Thus, without more, merely asserting that a prescription was issued based on a diagnosis of chronic pain does not sufficiently plead any facts that would support the City's claim of injury.

Moreover, contrary to the Court's September Order, the City still does not provide factual allegations that could demonstrate that any of the prescribers referenced in these exhibits "heard [Endo's] misrepresentations" and "subsequently prescribed" Endo's opioid medications "rel[ying] on [the] misrepresentations when they [did so]."  September Order at 32-33.  As such, the City still fails to allege that any of the prescriptions it identifies were written or reimbursed *because of* any Endo-specific conduct.

For example, the City alleges that "Prescriber A" was a "top prescriber of Opana ER," TAC ¶ 484, and was "trained in Endo's speakers bureau," *id.* ¶ 718.c.  But the Complaint does not allege what supposed misrepresentations, if any, Prescriber A was exposed to in this context (or any other), much less that he made any decisions to prescribe Endo's medications because of or even "subsequent[]" to his exposure to them.  The City's allegations about various other

---

[1]     The City concedes that it has not amended the previously dismissed Count Two, *see* TAC at 1 n. 1, and as addressed in Defendants' joint briefing, Count Two should therefore be dismissed with prejudice and stricken on that basis.

prescribers suffer from the same defect. *See* TAC ¶¶ 484, 486, 487, 488. As to nearly every prescriber identified, the City fails to provide any allegations whatsoever about when they were supposedly exposed to any purported Endo misrepresentations, making the City's allegations that these prescribers wrote prescriptions that the City's health plans paid for meaningless. *See, e.g.,* TAC ¶¶ 482.b., 482.c., 482.d., 482.e., 482.f., 482.g., 482.h., 482.i., 698, 699, 701, 702, 703, 704. Not only do these gaps in the City's pleading mean that causation has not been plausibly alleged, *see* September Order at 25, they also necessarily mean that the City has failed to allege any fraud by Endo with the particularity Rule 9(b) requires. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013) (Rule 9(b) requires a plaintiff to plead details of the "'who, what, when, where, and how' of the fraud.").

Furthermore, the City's allegations about other prescribers undermine any purported causal connection between Endo's supposed statements and prescriptions. The City alleges that some of these prescribers wrote prescriptions for Endo's medications *before* they purportedly received any statements from Endo. For example, the City asserts that "Prescriber U" participated in Endo's speakers' bureau "[i]n 2010" and thus "would have attended speakers training at which training materials . . . were provided." TAC ¶¶ 486-87. But in the same pleading the City asserts that Prescriber U began prescribing Opana ER four years earlier, as early as 2006. *See id.*, Ex. A.3 at 1-7, Ex. A.6 at 1-30. And, the TAC is rife with allegations acknowledging the availability of sources other than Endo about the risks and benefits of opioid medications and the "full disclosure" of the risks of Endo's medications in their FDA-approved labeling. *See, e.g.,* TAC ¶¶ 56, 65, 68, 81. These allegations highlight the mix of information that has long been available to prescribers and render implausible the City's conclusory

4

assertions that the "deceptive messages" attributed generally to Endo and all other Defendants "caused . . . harm." TAC ¶ 50.

Consistent with this Court's September Order and the many cases dismissing allegations materially indistinct from the City's, Counts Two and Four through Ten should be dismissed for the same reasons they did not survive Endo's last motion. *See, e.g.*, *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 457 (4th Cir. 2013) (affirming dismissal of False Claims Act complaint that failed to provide sufficient facts to infer that defendant's conduct had caused the submission of false claims); *see also Employer Teamsters-Local Nos. 175/505 Health & Welfare Tr. Fund v. Bristol Myers Squibb Co.*, 969 F. Supp. 2d 463, 472 (S.D. W. Va. 2013) (dismissing state law claims when "the SAC d[id] not allege, let alone plausibly, whether any prescriptions were written *based on* a misunderstanding of Plavix's efficacy" (emphasis added)); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, No. 11-cv-00310, 2012 WL 3154957, at *8-9 (N.D. Cal. Aug. 2, 2012) (dismissing Illinois fraud-based claims where plaintiff failed to provide factual allegations to show that "particular doctors with a 'demonstrated connection' to [it were] deceived").

## II. THE CITY STILL FAILS TO ALLEGE ANY CONSPIRACY IMPLICATING ENDO

The City's conspiracy claims in Counts Six and Nine must also be dismissed again as to Endo because the Third Amended Complaint still fails to allege any facts showing that Endo reached any agreement to commit an unlawful act or that Endo knew of and participated in a common plan to harm the City. As such, the City does not allege any conspiracy with respect to Endo plausibly, much less with particularity as Rule 9(b) requires. *See Borsellino v. Goldman Sachs Grp. Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (Rule 9(b) requires specifically pleading "when [the conspiracy] was made or which individuals . . . arranged the conspiracy").

To start, a false claims-related conspiracy requires allegations that (1) "the conspirators had an agreement to defraud the government by getting a false claim paid" and (2) "that the conspirators [conspired] for the purpose of obtaining payment from the government." September Order at 36. The TAC fails to allege either element. No facts are alleged to show that any supposed agreement between Endo and any third-party sought specifically to defraud the City by getting a false or fraudulent claim allowed or paid. Nor are any facts alleged that could show that Endo or any third-party "obtain[ed] payment from the government" or formed any agreement to cause the submission of claims for that purpose. *See id.*; *see, e.g., also Singer v. Progressive Care*, -- F. Supp. 3d --, 2016 WL 4245503, at *7 (N.D. Ill. Aug. 11, 2016) (a false claims act conspiracy requires specific allegations that of an agreement "for the purposes of obtaining . . . payment from the government or approval of a claim against the government"); *United States ex rel. Bartlett v. Tyrone Hosp.*, 234 F.R.D. 113, 124 (W.D. Pa. 2006) (dismissing conspiracy count under the False Claims Act because the complaint failed "to state the existence of an agreement to defraud the Government by the Defendants").

Further, the Third Amended Complaint does not remedy the City's past failure to allege that Endo agreed with any KOLs or "front groups" to promote opioid therapy deceptively. The City does not specify what the agreement was, when or how it was formed, who made or carried it out, where they did so, or any of the acts of Endo or third parties to further any such agreement. Instead, as this Court explained with respect to the prior complaint, the Third Amended Complaint simply alleges that "certain publications . . . were the products of [alleged] conspiracies." September Order at 35-36. But the mere fact that Endo allegedly provided funding for specific publications cannot plausibly establish any conspiracy. That alleged funding is lawful and creates no inference of conspiracy absent facts that Endo actually agreed with third-

parties to generate alleged misrepresentations. *See In re Text Messaging Antitrust Litig.*, 2009 WL 5066652, at *7 (N.D. Ill. Dec. 10, 2009) ("Participation in 'points of contact or relationships for promotion of mutual interest' (like a trade organization) does not, without more, support an inference of conspiracy." (quoting *Weit v. Con'tl Ill. Nat'l Bank & Tr. Co. of Chi.*, 641 F.2d 457, 468069 (7th Cir. 1981)). Because the City still does not allege such facts, the City's conspiracy counts again fail with respect to Endo.

## III. THE THIRD AMENDED COMPLAINT DOES NOT ALLEGE ANY OTHER BASIS TO IMPUTE NON-PARTY CONDUCT TO ENDO

As the Court's order dismissing the First Amended Complaint explained, Endo cannot be liable for third-parties' statements where "the City does not explain what editorial control, if any, the Endo entities had over materials they allegedly sponsored or funded." ECF No. 288, Memorandum Opinion and Order (May 8, 2015) (hereinafter "May Order") at 26. Just like each of the City's previous pleadings, the Third Amended Complaint contains the same fatal defect.

The City has primarily attempted to bolster its agency allegations by adding conclusory allegations of control. *See, e.g.,* TAC ¶¶ 194, 260. The City has failed, however, to allege facts supporting those conclusions. The City primarily relies on allegations that Endo provided funding to third parties. *See, e.g.*, TAC ¶¶ 439, 459-61. But these examples fail adequately to plead the requisite agency relationship and control for the same reasons the Court held other facts regarding funding to be insufficient in its dismissal of the First Amended Complaint—mere funding does not show that Endo exercised control over third parties. *See* May Order 24-26. Like the prior allegations dismissed by this Court, *see, e.g.*, FAC ¶ 193 (APF was reliant on third-party funding), these assertions do not establish that Endo conditioned any funding upon, or otherwise exercised any control over, the statements these third parties made. *See, e.g*., *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 395 (1982) ("That the employers fund

7

the activities of the JATC does not render the JATC the employers' servant or agent . . . ."). If anything, the City's allegations show that third-party organizations were independent. *See, e.g.*, TAC ¶¶ 436 (Endo provided "*unrestricted*" grants to NIPC (emphasis added)), 442 (questioning value of newsletters when they benefited Endo more than APF), 447 ("APF made a grant *request to* Endo" (emphasis added)).

The City also alleges that KOLs and third-party organizations took policy positions that Endo shared and that Endo worked with or distributed the third-parties' publications. *See, e.g., TAC ¶¶ 451, 456, 461.* The Court has already held that materially similar allegations were insufficient to plead an agency relationship. May Order at 24-26; *compare* FAC ¶¶ 119, 130-31, 149, 151, 164, 166, 190, 208, 222, 247, 252, 261-62, 264, 267, 271, 278. The City in its latest pleading still alleges at most that Endo and third parties worked collaboratively on various issues or shared points of view, not that Endo controlled the third parties. Because "[t]he ability or right to control is a key element to the determination" of agency, *Anderson v. Boy Scouts of Am., Inc.*, 589 N.E. 2d 892, 894 (Ill. App. Ct. 1992), this gap in the City's pleading remains fatal to its attempt to hold Endo liable for the alleged misrepresentations of others.

And, not only does the City still fail to allege the basic facts required to impute these third-parties' statements onto Endo, but it also fails to plead with particularity who received any of the purported third-party misrepresentations, or where and when many of the alleged misrepresentations occurred. For example, the Third Amended Complaint relies heavily on allegations that Endo "sponsored" an American Pain Foundation website, *see*, *e.g.*, TAC ¶¶ 446-449, 491, but it is utterly bereft of allegations about who, if anyone, viewed that website, when they did so, or what harm resulted. The City's other allegations, with respect to both the publications and presentations it attributes to Endo directly, as well as those it alleges third-

parties generated, all have similar flaws. *See, e.g.*, TAC ¶¶ 459, 460, 462 (failing to specify who saw conferences, CMEs, websites, or publications, when or where they did, or what resulted). Absent specific allegations about the distribution and receipt of these materials, they still cannot serve as the basis for any sufficiently pled fraud-based claims against Endo. *See, e.g., Beyrer*, 722 F.3d at 948.

In all events, the Court has given the City ample opportunities to cure the deficiencies in its multiple complaints. It has been unable to do so. In the interest of fairness and finality, the Court should dismiss Counts Two and Four through Ten of the City's Third Amended Complaint with prejudice.

## CONCLUSION

For the reasons stated herein, as well as the those set forth in Defendants' joint briefing, the Court should dismiss Counts Two and Four through Ten with prejudice.

Dated: December 15, 2016                           Respectfully submitted,


                                                    /s/ Joshua M. Davis
                                                   One of the Attorneys for Defendants Endo Health
                                                   Solutions Inc. and Endo Pharmaceuticals Inc.

Peter Vincent Baugher ARDC# 0138282
HONIGMAN MILLER SCHWARTZ & COHN LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: (312) 701-9300
Fax: (312) 701-9335
pbaugher@honigman


Steven G. Reade (*admitted pro hac vice*)
Joshua M. Davis (*admitted pro hac vice*)
Joanna Persio (*admitted pro hac vice*)
ARNOLD & PORTER LLP

601 Massachusetts Avenue NW
Washington, DC  20001
Telephone: (202) 942-5000
Fax:  (202) 942-5999
Steven.Reade@aporter.com
Joshua.Davis@aporter.com
Joanna.Persio@aporter.com

## **CERTIFICATE OF SERVICE**

I, Joshua M. Davis, an attorney, hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically provide electronic notice upon all counsel of record on this 15th day of December, 2016.

/s/ Joshua M. Davis