IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; ACTAVIS, INC. f/k/a WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; and ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.,<br><br>   Defendants. | Case No. 14-cv-04361<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Young B. Kim |

## JOINT STATUS REPORT

  Pursuant to this Court's Order dated February 9, 2017 (Dkt. No. 532), Plaintiff and Defendants[1] (the "Parties") hereby file their joint status report on written discovery and issues to be discussed at the February 27, 2017 status hearing.

---

[1] Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. ("Purdue"); Teva Pharmaceuticals USA, Inc. ("Teva"); Cephalon Inc. ("Cephalon"); Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica Inc. ("Janssen"); Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("Endo"); and Allergan plc, f/k/a Actavis plc, Actavis, Inc., n/k/a Allergan Finance, LLC, f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., Actavis LLC, and Actavis Pharma, Inc., f/k/a Watson Pharma, Inc. ("Actavis").

I. **Status of Written Discovery**

    A. **Initial Disclosures**

Pursuant to this Court's Order dated December 19, 2016 (Dkt. No. 520) (the "Scheduling Order"), the Parties were directed to exchange Rule 26(a)(1) disclosures by January 16, 2017. Due to the federal holiday on January 16, 2017, the Parties agreed to and did exchange Rule 26(a)(1) disclosures on January 17, 2017.

On February 3, 2017, the City of Chicago sent letters to each of the Defendants outlining specific concerns about the adequacy of each of their disclosures (discussed more fully in Section III.A. below). To date, none of the Defendants has responded to the City's letters, though the City noted that it would seek to raise its concerns regarding Defendants' disclosures with this Court at the upcoming status hearing absent satisfactory responses.

Defendants intend to respond to the City's letters regarding their initial disclosures prior to the February 27 status hearing. As explained below, *see infra* Section III.B., Defendants stand by the adequacy of their disclosures, which comply with Rule 26(a)'s requirements.

    B. **Interrogatories and Requests for Production of Documents**

Pursuant to the Scheduling Order, the Parties served initial interrogatories and requests for production on or before January 30, 2017. The Parties will serve responses and objections to such interrogatories and requests for production by March 24, 2017.

    C. **ESI Protocol**

On February 10, 2017, Defendants sent a draft Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI Protocol") to Plaintiff. On February 16, 2017, Plaintiff sent a revised draft of the ESI Protocol to Defendants. Pursuant to the Scheduling Order, the Parties met and conferred on the draft ESI Protocol on February 17, 2017. The Parties continue

to cooperate in negotiating the terms of the ESI Protocol and expect to reach agreement or raise any issues that require the guidance of the Court no later than March 17, 2017.

## II. Designees for Liaising with the Court Regarding Telephonic Status Updates

Defendants designate Jason L. Drori, Foley & Lardner LLP, 111 Huntington Avenue, Suite 2500, Boston, MA 02199, (617) 502-3277.

Plaintiff designates Kenneth Wexler, Wexler Wallace LLP, 55 West Monroe Street, Suite 3300, Chicago, IL 60603, (312) 346-2222.

## III. Issues for February 27 Status Hearing

Defendants are working diligently to respond to discovery requests and have identified no specific issues to address in the February 27th status hearing. Defendants expect to propose an order governing third party discovery after receiving the City's responses and objections to Defendants' initial written discovery.

The City proposes to discuss Defendants' Initial Disclosures. The parties' respective positions as to initial disclosures are set forth below.

### A. Plaintiff's Position

Despite having more than two and a half years to investigate the City's claims, each Defendant offered a clearly incomplete list of "individual[s] likely to have discoverable information . . . that [it] may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(a)(i). Almost every individual identified by Defendants is a home-office executive; there are no Chicago sales representatives who detailed Chicago prescribers; no compliance, research, grant, or medical affairs personnel below the executive or management level; no specific physicians who were detailed or used as key opinion leaders; no vendors, professional

associations, or patient advocacy groups involved in Defendants' marketing efforts; and no specific third parties (other than former executives) at all.[2] These disclosures are insufficient.

The same is true of Defendants' descriptions of documents they may use to support their defenses. FED. R. CIV. P. 26(a)(1)(a)(ii). The Federal Rules' advisory committee's notes explain that these descriptions should be specific enough to allow the parties to determine what documents they need to examine and to frame their documents requests clearly to avoid disputes. Notes of Advisory Committee on Rules—1993 Amendment. Neither of these purposes is accomplished by disclosures of broadly sweeping categories of documents such as "the promotion and marketing of Purdue's opioids in the Chicago area;" "the analgesic effects of opioids and the approval, safety, efficacy, prescription, and use of opioids as a treatment for chronic pain" [Purdue and Actavis]; "[d]ocuments concerning the long-acting opioid education for health care providers" [Endo]; "[m]aterials relating to communications with and training of the Teva Defendants' sales representatives regarding the promotion of the Teva Defendants' opioids in Chicago;" "[m]aterials used in and for [Defendant's] promotion and marketing of [its opioids] in the Chicago area" [Actavis, Endo, and Janssen]; and "documents in the possession, custody, or control of Plaintiff and non-parties" [Janssen]. *See, e.g.*, *Dhaliwal v. Singh*. No. 1:13-cv-00484, 2014 WL 2957310, at *7-8 (E.D. Cal. June 30, 2014) (deeming "loan documents" and "accounting records," among other descriptions, insufficient to meet the requirements of Rule 26(a)).

Defendants' complaint, offered for the first time in this status report, that the City's initial disclosures are too expansive, is unusual. The City, having conducted a diligent investigation of its claims, provided the names of individuals and lists of documents that are relevant to its claims, including many documents and witnesses referred to or relied upon in its

---
[2] Endo listed only 5 individuals, Teva and Actavis, 8, Janssen 12, and Purdue 21.

Third Amended Complaint. Defendants demonstrated their interest in these relevant documents by requesting that the City provide all documents referenced in the appendices to its disclosures. Rather than providing too much information, the City's disclosures illustrate what appropriate disclosures that comply with Rule 26 and reflect diligent investigation look like. Further, while the City has identified individuals associated with a number of the entities it disclosed, it will supplement with additional individual names as it identifies them

### B. Defendants' Position

Defendants disagree with the City's characterization of their initial disclosures as inadequate. Rule 26(a) does not require Defendants to identify all individuals likely to have discoverable information, but only on those whom Defendants "may use to support [their] claims or defenses." FED. R. CIV. P. 26 (a)(1)(A)(i). Defendants have provided that information by identifying, based upon the Third Amended Complaint's allegations and a reasonable inquiry, the individuals likely to have discoverable information that each Defendant may use to support its defenses. If, as the case proceeds, any Defendant "determines that it may use a witness . . . that it did not previously intend to use" and who was not disclosed or otherwise made known to the City, any such Defendant will supplement its disclosures as appropriate. FED. R. CIV. P. 26, 2000 advisory committee note.

Further, Defendants' descriptions of the categories of documents also comply with Rule 26(a). Defendants' disclosures are more than adequate to enable the City to make informed decisions concerning the documents that might need to be examined and to frame discovery requests, as demonstrated by the nearly 40 document requests and multiple interrogatories the City has propounded on each Defendant already.

Finally, Defendants have concerns about the compliance of the City's voluminous disclosures with Rule 26(a). Initial disclosures should "help focus the attention on the discovery that is needed," *Robinson v. Champaign Unit 4 School Dist.*, 412 Fed. App'x 873, 877 (7th Cir. 2011), but the City, for example, lists over 180 individuals and entities likely to have discoverable information that it may use to support its claims. And, in many instances, the City has failed to identify any individual associated with a particular entity. *See* FED. R. CIV. P. 26(a)(1)(A)(i). Compounding this issue, many of the entities named are companies or government agencies with thousands of employees.

Dated: February 22, 2017               Respectfully submitted,

                                       By: /s/ Charles C. Lifland
                                           Charles C. Lifland
                                           Carolyn J. Kubota

                                           O'MELVENY & MYERS LLP
                                           400 S. Hope Street
                                           Los Angeles, CA 90071
                                           Telephone: (213) 430-6000
                                           Facsimile:  (213) 430-6407
                                           clifland@omm.com
                                           ckubota@omm.com

                                           *Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Appearing Pro Hac Vice*

                                       By: /s/ Michael P. Doss
                                           Michael P. Doss
                                           Scott D. Stein

                                           SIDLEY AUSTIN LLP

One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7520
Facsimile: (312) 853-7036
mdoss@sidley.com
sstein@sidley.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

By: /s/ Gretchen M. Wolf
    R. Ryan Stoll
    Patrick Joseph Fitzgerald
    Gretchen M. Wolf

    SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
    155 N. Wacker Drive
    Suite 2700
    Chicago, IL 60606
    Telephone: (312) 407-0508
    ryan.stoll@skadden.com
    patrick.fitzgerald@skadden.com
    gretchen.wolf@skadden.com

    *Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*

By: /s/ Tinos Diamantatos
Tinos Diamantatos

MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: (312) 324-1145
(312) 353-2067 (fax)
tdiamantatos@morganlewis.com

Gordon Cooney, Jr. (pro hac vice)
Steven A. Reed (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
jgcooney@morganlewis.com
sreed@morganlewis.com

*Attorneys for Defendants Cephalon, Inc. and Teva Pharmaceuticals USA, Inc.*

By: /s/ Joshua M. Davis
Steven G. Reade (pro hac vice)
Joshua M. Davis (pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942.5000
steven.reade@apks.com
joshua.davis@apks.com

*Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

By: /s/ James W. Matthews
James W. Matthews (pro hac vice)
Katy E. Koski (pro hac vice)
Jason L. Drori (pro hac vice)
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199
(617) 342-4000

jmatthews@foley.com
kkoski@foley.com
jdrori@foley.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
(312) 832-4500
jgarlough@foley.com

*Attorneys for Defendants Allergan plc, f/k/a Actavis plc, Actavis, Inc., n/k/a Allergan Finance, LLC, f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., Actavis LLC, and Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.*


By: /s/ Linda Singer
Linda Singer (pro hac vice)
MOTLEY RICE LLC
401 9th St. NW, Suite 1001
Washington, DC 20004
Telephone: (202) 386-9626
lsinger@motleyrice.com

Fiona A. Burke
Thomas P. McNulty
CITY OF CHICAGO, DEPARTMENT OF LAW
30 N. LaSalle Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 744-6929
fiona.burke@cityofchicago.org
thomas.mcnulty@cityofchicago.org

Brian Bowcut (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
bbowcut@cohenmilstein.com

Kenneth A. Wexler
Bethany R. Turke
Justin N. Boley
Adam M. Prom
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com
ap@wexlerwallace.com

*Attorneys for Plaintiff City of Chicago*

## SIGNATURE ATTESTATION

      Pursuant to the Northern District of Illinois' General Order on Electronic Case Filing, General Order 14-0009(IX)(C)(2), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

      /s/ Joshua M. Davis
      Joshua M. Davis

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2017, I caused the foregoing Joint Status Report to be filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

                                            /s/ Joshua M. Davis