## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CHICAGO, a municipal corporation, | ) ) ) | No. 14 CV 4361 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| PURDUE PHARMA L.P., et al., | ) ) ) | March 3, 2017 |
| Defendants. | ) | |

### ORDER

On December 19, 2016, the court scheduled a status hearing to take place on February 27, 2017. (R. 520.) In order to better prepare for the status hearing, the court then required the parties to file a joint status report on the status of written discovery and to identify issues they wished to address at the status hearing. (R. 532.) In response the parties timely filed a joint status report on February 22, 2017. (R. 541.)

The primary issue the parties identified for discussion at the status hearing was whether the parties adequately complied with the disclosure requirements under Rule 26(a)(1)(A)(i) and (ii). The City asserted that Defendants failed to comply with Rule 26(a)(1)(A)(i) because they failed to identify *all* individuals who may have discoverable information. (R. 541 at 3.) The City also argued that Defendants failed to comply with Rule 26(a)(1)(A)(ii) because their description of the categories of documents they may use to support their defenses are too general and vague to serve any meaningful purpose. Defendants on the other hand assert that

the City's disclosure fails to comply with Rule 26(a)(1)(A)(i) because its disclosure is too voluminous and does not allow them to "'focus the attention on the discovery that is needed[.]'" (R. 541 at 6 (*quoting Robinson v. Champaign Unit 4 School Dist.*, 412 Fed. Appx. 873, 877 (7th Cir. 2011)).) At the status hearing, Defendants also complained that the City's disclosures are inadequate because it failed to tailor the disclosures for each of the five Defendant families (Actavis, Endo, J&J/Janssen, Purdue, and Teva/Cephalon). In order to better assess the parties' arguments, the court ordered the City to submit a set of the parties' Rule 26(a)(1) disclosures for an *in camera* review. The City provided the following disclosures: (1) the initial disclosures of the City, Actavis, Teva/Cephalon, J&J/Janssen, and Purdue served on January 17, 2017; and (2) the supplemental initial disclosures of Endo served on February 27, 2017.

Having reviewed the disclosures and having considered the arguments, the court rules as follows:

## A.     Rule 26(a)(1)(A)(i)

Rule 26(a)(1)(A)(i) provides that parties must include in their initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" In interpreting the Rule, the court bears in mind that the advisory committee notes to the Rule's 1993 amendment "emphasize that the 'disclosure requirements should, in short, be

applied with common sense' to help focus the attention on the 'discovery that is needed, and facilitate preparation for trial or settlement'; the new rule is not intended, however, to encourage litigants to 'indulge in gamesmanship with respect to the disclosure obligations.'" *Robinson*, 412 Fed. Appx. at 877 (quoting Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993)).

The parties dispute whether the Rule's plain language requires them to disclose only the limited pool of witnesses they might use, or the large pool of witness who have information they might use. In other words, they disagree as to whether the term "use" attaches to the word "individual," or the word "information." The advisory committee notes suggest that the former interpretation is correct and most consistent with the Rule's purpose. The 2000 advisory committee notes clarify that the language in Rule 26(a)(1) has been "narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses," and state that "[t]he disclosure obligation attaches both to witnesses and documents a party intends to use." The notes further state that "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." *Id.* In other words, there may be witnesses with discoverable information not subject to the initial disclosure requirements because the disclosing party does not intend to use them in the case. The court also finds that this interpretation is most consistent with the purpose of the Rule, which is to help the parties direct their attention to the discovery that is needed. This interpretation makes more sense than the interpretation offered by the City,

because for example, in a case challenging some corporate-wide policy, conceivably every employee would have some useable information about the policy, but it would cut against the purpose of the Rule, which is to streamline discovery, if the Rule required the disclosure to reach that far.

Similarly, several courts that have addressed the question head on interpret the Rule to require disclosure of the witnesses a party may use, not every individual who might have relevant knowledge. *See Brown v. Celgene Corp.*, No. CV-10-3165 GHK (SS), 2015 WL 12731923, at *2-*3 (C.D. Cal. July 24, 2015); *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 129 (S.D.N.Y. 2015); *Harris v. Advance Am. Cash Advance Ctrs., Inc.,* 288 F.R.D. 170, 171 (S.D. Oh. 2012) ("Rule 26(a)(1)(A)(i) does not require defendant Advance America to initially disclose the names of all individuals who have discoverable information, but only those individuals who defendant may use to support its defenses."); *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10-2558-KHV-DJW, 2012 WL 3292850, at *5-*6 (D. Kan. Aug. 13, 2012); *Prof. Sys. Corp. v. Opex Postal Techs.*, No. 05-2689, 2006 WL 2468681, at *1 (E.D. Pa. Aug. 24, 2006). As the *Brown* court put it, "Rule 26(a)(1)(A)(i) requires the identification only of persons whom a party 'may use' to support its claims or defenses, not everyone with knowledge about the subject matter." 2015 WL 12731923, at *3 (internal quotation omitted). Accordingly, the disclosing party need only "identify those witnesses whom the party believes in good faith, at an early stage of the litigation, it 'may use' to support its claims or defenses." *Id.*; *see also Clauss Constr. v. UChicago Argonne*

*LLC*, No. 13 CV 5479, 2015 WL 222478, at *1 (N.D. Ill. Jan. 14, 2015) (stating that where defendant never intended to call a witness to support its claims or defenses, the witness "was not someone that it was required to identify in its Rule 26(a) disclosures").

Applying the above principles to the parties' disclosures, the court agrees with Defendants' position on their own disclosures and their concern that the City's disclosure is too voluminous. Given that the City compiled its list of individuals consistent with its understanding that it had to list *all* individuals with discoverable information, the City must now reduce the list to include only those individuals on whom it may rely in supporting its claims or defenses against Defendants and exclude entities from the list unless the City is able to provide a name of an individual affiliated with that particular entity. As stated on the record, the parties have the right and the obligation to update their discovery responses as discovery progresses as long as the supplementing is accomplished in a timely manner. Furthermore, to the extent that certain individuals' information may only pertain to certain Defendant families, the City must provide a separate list for each of the five Defendant families.

**B.     Rule 26(a)(1)(A)(ii)**

Rule 26(a)(1)(A)(ii) provides that parties must include in their initial disclosures "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses,

unless the use would be solely for impeachment[.]"  The question here is in cases where a disclosing party elects not to include a copy of the documents the party may use in the case, what is the degree of specificity that must be followed when describing the documents?  The court finds that there is not a robust body of case law shedding bright light here.  In fact the one Seventh Circuit case addressing the issue says as much explicitly: "[t]o date the specific form initial disclosures must take has not been the subject of many decisions in either the appellate or district courts." *Robinson,* 412 Fed. Appx. at 877; *see also Sender v. Mann*, 225 F.R.D. 645, 650 (D. Co. 2004) ("This court has found very few cases that address the degree of specificity required under Rule 26(a)(1).").  But *Robinson* specifically looks to the 1993 advisory committee notes, 412 Fed. Appx. at 877, and the notes suggest, without laying out specific parameters, that the point of the rule is to streamline discovery and prevent unnecessary disagreements between the parties, such that a parties' document disclosure under the Rule should be clear enough to guide the opponent's response.  "A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." Rule 26(a)(1) advisory committee's note (1993). More helpfully, it says "[a]lthough . . . an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records . . . sufficiently to enable opposing parties (1) to make an informed decision

concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." *Id.*

A few cases have discussed the specificity question. Some have used language stating that the Rule "clearly requires that the initial disclosures be complete and detailed." *Crouse Cartage Co. v. Nat'l Warehouse Invest. Co.*, No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. Jan. 13, 2003) (*quoting Van Baelen v. Sabine Transp. Co.*, No. Civ. A. 00–2155, 2001 WL 474273, at *2 (E.D. La. 2001)). Additionally, "[i]nitial disclosures should provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Sender*, 225 F.R.D. at 650 (internal quotation and citation omitted). In *Sender*, in the context of the initial disclosure of witnesses, the court said that a disclosing party should be required "to correlate initial disclosures to specific claims or defenses of particular adverse parties" and that the initial disclosures "should have provided sufficient detail and clarity to permit each Defendant to make informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial." *Id.* at 653, 655. Finally, in the case cited in the joint status report, the court held that identifying categories of documents with labels like "loan documents" and "financial records and reports of Defendants" was too vague to allow an informed decision about whether the documents should be examined. *Dhaliwal v. Singh*, No. 1:13-cv-00484-LJO-SKO, 2014 WL 2957310, at *8 (E.D. Cal. June 30, 2014). That court ordered

the disclosing party to supplement its disclosures with "categorical breakdowns" of the relevant documents. *Id.*

Having reviewed the parties' disclosures with these principles in mind, all parties must supplement their disclosures.

### 1. City of Chicago

The City's Rule 26(a)(1)(A)(ii) disclosure is organized in three different charts, Appendices B, C, and D. First, to the extent that the City will not be relying on certain documents identified, they must be removed. Second, Appendix B appears to only list entities from which the City collected documents, but does not list or identify the documents the City plans to use. Third, while the City's disclosure in Appendices C and D is otherwise specific, the disclosure is nonetheless inadequate because Defendants are unable to ascertain whether any of the documents pertain specifically to each of their families. In order to comply with Rule 26(a)(1)(A(ii), the City must amend its Appendices B, C, and D and provide the universe of documents that will support the claims against all Defendants and then a universe of documents that pertain specifically to the claims against each Defendant family.

### 2. Defendants

The court finds that the following disclosures must be described in more detail:

(a)     Actavis: Documents listed as Nos. 1-12 on pages 5 and 6 of the disclosures;

(b)     Endo: Documents listed as (d), (f), (i), (j)-(p) on page 5 of the disclosure.

(c)     J&J/Janssen: Documents listed as Nos. 16-23 on pages 7 and 8 of the disclosures;

(d)     Purdue: Documents listed as Nos. 1-10 on pages 7 and 8 of the disclosures; and

(e)     Teva/Cephalon: Documents listed as Nos. 2-8 on page 6 of the disclosure.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**

9