IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation,<br>           Plaintiff,<br>    v.<br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; ACTAVIS, INC. f/k/a WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; and ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.,<br>           Defendants. | Case No. 14-cv-04361<br>Honorable Jorge L. Alonso<br>Magistrate Judge Young B. Kim |

**JOINT STATUS REPORT**

Pursuant to this Court's Order dated December 19, 2016 (Dkt. No. 520) (the "Order"), Plaintiff and Defendants[1] (the "parties") hereby file their joint report on the status of discovery, including the identification of written discovery issues that remain in dispute after the parties' initial meet and confers.

---

[1] Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. ("Purdue"); Teva Pharmaceuticals USA, Inc. ("Teva"); Cephalon Inc. ("Cephalon"); Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica Inc. ("Janssen"); Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("Endo"); and Allergan plc, f/k/a Actavis plc, Actavis, Inc., n/k/a Allergan Finance, LLC, f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., Actavis LLC, and Actavis Pharma, Inc., f/k/a Watson Pharma, Inc. ("Actavis").

Each of the Defendant groups has met and conferred individually with the City on two separate occasions, and the parties are continuing to meet and confer to address specific objections and issues. The parties also have been engaged in multiple meet and confers regarding the provisions of the anticipated ESI protocol, as to which substantial progress has been made. Given the ongoing meet and confer process, and the ongoing work of the parties to narrow and frame any issues for which guidance of the Court will be necessary, the parties mutually agree that a short extension of time with respect to the scheduled hearing for April 24, 2017 would be beneficial and intend to contact the Court on Monday to respectfully request such an extension. The parties also intend to seek leave to submit to the Court, in advance of such hearing, a filing setting forth their respective positions, with applicable authority, regarding any issues which remain in dispute and for which guidance is needed.

**I.      ESI Protocol**

The parties have had productive meet and confer sessions regarding the terms of an ESI protocol and have reached agreement on the vast majority of issues that were outstanding as of the February 27, 2017 status hearing. The parties believe that by the end of next week they should be in a position to reach agreement on an ESI protocol to submit for the Court's consideration.

**II.     Potential Issues Identified By The Parties That Are The Subject Of Ongoing Meet and Confer Discussions For Which Guidance May Be Requested.**

As set forth above, the parties are continuing to meet and confer in an attempt to reach agreement on various issues presently in dispute. To the extent guidance will be required from the Court, the parties have agreed to seek leave to submit a filing to the Court setting forth their respective positions. The parties have worked diligently to attempt to narrow the issues in

dispute and will continue to do so in meet and confer sessions presently scheduled for next week. At present, the issues for which guidance may be necessary, include:

    a. <u>Geographic scope of discovery</u>

Some of the City's Requests for Production have a national scope. Other requests involve a "Metropolitan Statistical Area" ("MSA") that is defined to be larger than the City's geographic boundaries. The parties are presently addressing the issue of appropriate geographic scope.

    b. <u>Product scope of discovery</u>

The City's discovery requests cover all of Defendants' opioids. The parties are presently addressing whether discovery should be limited to certain products based on the allegations at issue.

    c. <u>Other investigations and lawsuits</u>

The City has requested non-privileged information regarding other investigations and lawsuits of each Defendant "concerning the promotion, prescribing, or diversion of Your Opioids or their safety or efficacy." The parties are presently addressing scope limitations with regard to other investigations and lawsuits.

    d. <u>Temporal scope of discovery</u>

The parties have agreed that discovery will proceed on all Counts, even those currently pending on a renewed Motion to Dismiss before Judge Alonso. However, the parties do not agree on the relevant time period for discovery and are currently addressing the appropriate temporal scope of discovery.

  e. <u>Identification of the "medically unnecessary" prescription payments at issue, the physicians who wrote those prescriptions, and the particular misrepresentations alleged to have caused the "medically unnecessary" prescriptions</u>

The City will produce the City's claims data, but took the position that it is premature to identify the specific prescription payments it asserts to be "medically unnecessary," the physicians who wrote those prescriptions, and the particular misrepresentations alleged to have caused the "medically unnecessary" prescriptions at this stage. The parties are currently addressing the issue.

**III. Proposed Consent Order Regarding Additional Discovery Requests**

The Court's December 19, 2016 Order set the numerical limitations for certain discovery, specifying (among other things) that: (1) the City could "serve no more than 20 interrogatories" and "no more than 50 requests on each Defendant Family," and (2) each Defendant Family could "serve no more than 20 interrogatories" and "no more than 50 requests on the City." (Dkt. 520.) The Order also provided that the parties should "serve interrogatories and requests for production of documents" on other parties "by January 30, 2017." *Id.* Prior to January 30th, counsel for City and counsel for Defendants conferred regarding the January 30, 2017 date in the Order and mutually understood that date to be the date by which initial document requests and interrogatories should be served, not the date by which all document requests and interrogatories permitted by the numerical limitations set in the Order must be served. *See* Ex. A, Jan. 17, 2017 email from B. Bowcut.

In other words, the parties mutually understood that they were permitted to serve on other parties subsequent requests for production and interrogatories, up to the Order's numerical limitations, after January 30, 2017. At the February 27, 2017 status hearing, counsel for the Endo Defendants requested confirmation from the Court that the parties' understanding was

4

correct. *See* Feb. 27, 2017 Hr'g Tr. 27:23-28:12. The Court responded that the Order instead contemplated that the parties would serve requests for production and interrogatories up to the numerical limitations by January 30, 2017. *See id.* 28:13-29:5. Counsel for the Endo Defendants indicated that the parties would confer regarding their collective misinterpretation of the Order. *Id.* 29:6-12.

Having now done so, the parties jointly seek an order extending the deadline for service of interrogatories and requests for production on other parties. The parties believe there is good cause for such an extension. Specifically, an extension would avoid prejudice to the parties resulting from their collective misinterpretation of the Order, given that all parties anticipated that they would be able to serve additional requests for production and interrogatories after the January 30th date, without leave from the Court. Accordingly, the parties jointly request an order providing an additional two weeks, from the date of entry of the requested order, to serve any remaining requests for production and interrogatories permitted by the numerical limitations set in the December 19th Order. A proposed order is attached to this report as Exhibit B.

Dated: April 14, 2017  Respectfully submitted,

By: /s/ *Charles C. Lifland*
Charles C. Lifland
Carolyn J. Kubota
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
ckubota@omm.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Appearing Pro Hac Vice*

By: /s/ *Michael P. Doss*
Michael P. Doss
Scott D. Stein
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7520
Facsimile: (312) 853-7036
mdoss@sidley.com
sstein@sidley.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

By: /s/  R. Ryan Stoll
R. Ryan Stoll
Patrick Joseph Fitzgerald
Gretchen M. Wolf
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 N. Wacker Drive
Suite 2700
Chicago, IL 60606
Telephone: (312) 407-0508
ryan.stoll@skadden.com
patrick.fitzgerald@skadden.com
gretchen.wolf@skadden.com

*Attorneys for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc.*


By: /s/   Tinos Diamantatos
Tinos Diamantatos
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: (312) 324-1145
(312) 353-2067 (fax)
tdiamantatos@morganlewis.com

Gordon Cooney, Jr. (pro hac vice)
Steven A. Reed (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
jgcooney@morganlewis.com
sreed@morganlewis.com

*Attorneys for Defendants Cephalon, Inc. and Teva Pharmaceuticals USA, Inc.*

        By: /s/ *Steven G. Reade*
          Steven G. Reade (pro hac vice)
          Joshua M. Davis (pro hac vice)
          ARNOLD & PORTER KAYE SCHOLER LLP
          601 Massachusetts Avenue, NW
          Washington, DC 20001
          Telephone: (202) 942.5000
          steven.reade@apks.com
          joshua.davis@apks.com

          *Attorneys for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*

        By: /s/ *James W. Matthews*
          James W. Matthews (pro hac vice)
          Katy E. Koski (pro hac vice)
          Jason L. Drori (pro hac vice)
          FOLEY & LARDNER LLP
          111 Huntington Avenue, Suite 2500
          Boston, MA 02199
          (617) 342-4000
          jmatthews@foley.com
          kkoski@foley.com
          jdrori@foley.com

          Jonathan W. Garlough
          FOLEY & LARDNER LLP
          321 North Clark Street, Suite 2800
          Chicago, IL 60654
          (312) 832-4500
          jgarlough@foley.com

          *Attorneys for Defendants Allergan plc, f/k/a Actavis plc, Actavis, Inc., n/k/a Allergan Finance, LLC, f/k/a Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., Actavis LLC, and Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.*

        By: /s/ *Linda Singer*
            Linda Singer (pro hac vice)
            Jeffrey Nelson (pro hac vice)
            Elizabeth Smith (pro hac vice)
            MOTLEY RICE LLC
            401 9th St. NW, Suite 1001
            Washington, DC 20004
            Telephone: (202) 386-9626
            lsinger@motleyrice.com
            jnelson@motleyrice.com
            esmith@motleyrice.com

            Fiona A. Burke
            Thomas P. McNulty
            CITY OF CHICAGO, DEPARTMENT OF LAW
            30 N. LaSalle Street, Suite 1240
            Chicago, IL 60602
            Telephone: (312) 744-6929
            fiona.burke@cityofchicago.org
            thomas.mcnulty@cityofchicago.org

            Kenneth A. Wexler
            Bethany R. Turke
            Justin N. Boley
            Adam M. Prom
            WEXLER WALLACE LLP
            55 W. Monroe Street, Suite 3300
            Chicago, IL 60603
            Telephone: (312) 346-2222
            kaw@wexlerwallace.com
            brt@wexlerwallace.com
            jnb@wexlerwallace.com
            ap@wexlerwallace.com

            *Attorneys for Plaintiff City of Chicago*

**SIGNATURE ATTESTATION**

Pursuant to the Northern District of Illinois' General Order on Electronic Case Filing, General Order 14-0009(IX)(C)(2), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

                                                /s/     *Tinos Diamantatos*
                                                Tinos Diamantatos

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2017, I caused to be electronically filed the foregoing Joint Status Report to be filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

      /s/    *Tinos Diamantatos*
      Tinos Diamantatos