IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *City of Chicago,* | Case No. 14-cv-04361 |
| Plaintiff, | Honorable Jorge L. Alonso |
| v. | |
| *Purdue Pharma L.P., et al.,* | |
| Defendants. | |

### CITY OF CHICAGO'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff City of Chicago (the "City") respectfully submits this Reply in Support of its Motion for Leave to File an Amended Complaint in response to the existing Defendants' Response to the City's Motion. As set forth below, Defendants effectively concede that leave to amend is warranted under the governing Rules of Civil Procedure. They instead attempt to extract a concession from the City to which they have no right. To that end, Defendants object to proposed amendments that actually *favor* them by the City's dropping of claims that streamline the case against them. Defendants theorize that the doctrines of claim splitting or *res judicata* would bar the City from asserting the claims presently asserted in the Fourth Amended Complaint anywhere other than in this litigation, such that Defendants will be prejudiced by a hypothetical attempt by the City to bring them elsewhere. This theory is both unfounded and self-contradictory.

Defendants' response, in effect, asks this Court to act as if the past three years of MDL litigation did not occur. Yet, it was *Defendants* who advocated, successfully, for this Court to stay this case, and asked the Judicial Panel on Multidistrict Litigation to transfer it to the MDL. They

1

did so on the grounds that it was necessary to "avoid duplicative efforts[,]" and "avoid . . . inconsistent rulings on pretrial . . . motions." Doc. 640 at 3-5 (arguing that "[t]he essential purpose of 28 U.S.C. § 1407 is to avoid 'piecemeal litigation.'" (internal citation omitted)).[1]  Their requests were granted.  They are wrong to suggest they can claim all of the benefits of an extended stay without allowing the City the benefit of the centralized discovery for which the case was transferred.  That discovery revealed, among other things, information about the woeful inadequacy of Defendants' anti-diversion systems, and facts supporting personal jurisdiction over Teva Ltd. and Mallinckrodt plc.  And, inclusion of these allegations will ensure the City's case, intended to serve as a bellwether that would test the allegations against opioids manufacturers, serves its purpose.  If the Court does not permit the amendment to incorporate discovery in the MDL, it may create a host of potential issues in determining whether and how MDL rulings translate to the City's precursor complaint and limiting the utility of this Court's subsequent rulings.

Regardless, the City has satisfied Rule 15's liberal standards governing leave to amend, and the City therefore respectfully requests that its motion to amend be granted.

**I.  Defendants Effectively Admit They Have No Basis to Oppose the City's Motion.**

**A. Defendants Offer Nothing to Dispute the Propriety of Leave to Amend to Add Allegations Based on Evidence Obtained in Discovery and MDL Rulings.**

Defendants devote only two paragraphs to contesting: (1) the addition of allegations regarding their failure to maintain effective controls against diversion, and (2) the addition of Teva Ltd. and Mallinckrodt plc as defendants.  Tellingly, nowhere in these arguments do they offer even

---

[1] All references to "MDL Doc." are to the Master Docket in *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP) (N.D. Ohio) (the "MDL").  All references to "Doc." are to the individual docket in this case.

2

*one* citation to any legal authority. Further, Defendants do not even attempt to offer any specific argument as to how the amendments would "diminish," rather than further, the progress that has made in this case over the past five years. Defs. Mem. at 2.

First, just as Defendants requested, discovery specific to this case has been stayed for more than three years in favor of common discovery and preparation for a bellwether trial in the MDL. For the City to Amend its complaint in light of such evidence, and to take into account the MDL Court's rulings, is entirely proper. Indeed, the MDL Court specifically intended that selective remand would "advance the MDL strategically using 'parallel processing,'" and highlighted that the MDL had provided "a good base upon which transferor courts can build." *See* Doc. 701-7 at 5-6.[2] As explained above, over the past three years, and as required by the MDL Court, Defendants, Teva Ltd., and Mallinckrodt plc all have participated in discovery in the MDL (including on diversion-related issues).[3] The proposed amendments would allow that efficient progress to continue. *Cf. Salud Servs., Inc. v. Caterpillar, Inc.*, 67 F. Supp. 3d 663, 670-71 (D.N.J. 2014) (addressing concern that bellwether case provide "guidance as to the remainder of the MDL" as providing good cause for leave to amend).

Second, consistent with this background, the proposed additional allegations, far from being "unsupported," Defs. Mem. at 5, are the same as those that uniformly survived motions to dismiss, and even summary judgment motions, in the MDL. *See* Opinion and Order Denying Teva

---

[2] In the MDL, even though there had been no ruling on the City's Third Amended Complaint, the MDL Court provided a window for leave to amend that complaint to take into account the phase of litigation at that time (including the production of ARCOS data, which allowed government plaintiffs to identify appropriate defendants and additional diversion-related allegations). This Court should do the same.

[3] The only discovery *any* Mallinckrodt entity has provided the City has been in the MDL.

and Actavis Generic Defendants' Motion for Summary Judgment, MDL Doc. 2564; Opinion and Order Denying Mallinckrodt's Motion for Partial Summary Judgment, MDL Doc. 2563; Opinion and Order Denying Janssen's Motion for Summary Judgment, MDL Doc. 2567; Opinion and Order [Denying Teva Ltd.'s and Mallinckrodt plc's Motions to Dismiss on Personal Jurisdiction Grounds], MDL Doc. 2131.[4]

Third, Defendants fail to identify any actual prejudice from the amendment. This is particularly true given that Defendants' position in the Joint Status Report requested by the Court indicates that there is none because "*[r]egardless of the ruling on the City's Motion to Amend*, certain Defendants anticipate filing motions to dismiss." Doc. 701 at 16 (emphasis added). In other words, even Defendants contend that the Court should not simply rule on the briefs submitted in the MDL, and believe there have been meaningful developments since the earlier motions practice.

### B. Defendants Are Not Prejudiced by the Dismissal of Claims Against Them.

Defendants fail to show why dismissal with prejudice of specific claims that the City proposes to drop is either warranted or necessary to decide at this stage. First, in its proposed amended pleading, the City has removed its False Statements, MCC 1-21-010, False Claims, MCC 1-22-020, Conspiracy to Defraud, MCC 1-22-020, Insurance Fraud, 72- ILCS 5/17-10.5, Civil Conspiracy, Unjust Enrichment, and Public Nuisance (*see* Fifth Amended Complaint, Doc. 672-1

---

[4] In fact, all Defendants' anti-diversion systems were so deficient, and their legal obligations so clear, that the plaintiffs in the first trial track in the MDL moved for summary judgment affirmatively on these issues. The MDL Court agreed that Defendants had clear and established legal obligations to design and operate a system to disclose suspicious orders, report suspicious orders, and not to ship such orders without having cleared such orders through diligent investigations, but determined that a decision on the adequacy of each Defendant's suspicious order monitoring system would have to await trial. *See* Opinion and Order Regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act, MDL Doc. 2583.

4

n.1). It does so not because of any legal deficiencies in those claims, but to base its recovery on civil penalties and on the costs incurred by the City in responding to the opioid crisis rather than its own expenditures on prescription drugs through the City's health benefit plans. (S*ee* Doc. 672-1 ¶ 860). This approach streamlines Chicago-specific discovery and maximizes the use of materials already produced in the MDL. (*See* Mot. for Leave to Amend at 6, 11-12). If this Court eventually decides that expensive and time-consuming claims data are still discoverable in relation to the extant claims, the City should be able to re-assert claims this Court has already found to satisfy Rule 9(b)'s heightened pleading standards, with the opportunity to further satisfy the Court's instructions regarding specific allegations of causation, and the opportunity to brief the public nuisance count.[5]

Defendants are also incorrect that there would be any unfairness in responding to the dismissed causes of action, particularly if the only reason for their inclusion is Defendants' insistence on the relevance of claims data. Defendants are not entitled to dismissal with prejudice of dropped claims when they are insisting on pressing discovery that would be appropriate only to those claims. *See Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, No. 09-970, 2010 WL 3630118, at *7 (D. Colo. Sept. 9, 2010) (patent claim dismissed without prejudice when discovery on dropped claim was 'minimal' and potentially relevant to defendants' counterclaims ); *Martin v. MCAP Christiansburg,* LLC, No. 14-464, 2015 WL 540183, at *3 (W.D. Va. Feb. 10, 2015) (granting leave to amend to dismiss certain claims without prejudice where, *inter alia*, discovery on the dismissed claims had not occurred). As this court has found, undue prejudice exists "when the amendment brings entirely new and separate claims … or at least entails more than an alternative claim or a change in the allegations of the claimant *and* when the additional discovery

---

[5]*See* Mot. for Leave to Amend at 3 n.1.

5

is expensive and time-consuming." *Stimac v. J.C. Penney Corp., Inc.*, No, 16-3581, 2018 WL 497367, at *1 (N.D. Ill. Jan. 22, 2018). To the contrary, the City's proposal to dismiss claims is intended to narrow the costs and burden of discovery. Unlike *In re QMect, Inc.*, 349 B.R. 620, 626 (Bankr. N.D. Cal. 2006), which Defendants cite, there has not been "substantial litigation" over these claims, because they are subject of unresolved motions to dismiss. (Joint Status Report, Docket No. 701, at 2).[6]

Furthermore, there is no reason for the Court to rule on the status of claims that are not included in the Fifth Amended Complaint. The question of dismissal with or without prejudice can be addressed in the event the City ever moves to reassert them. For the very reason that the dismissed claims would have different—and substantial additional—evidentiary proof, the amendment is *not* "simply … a change of legal theory," unlike the case Defendants cite, *Carr v. Tillery*, 591 F.3d 909, 913-914 (7th Cir. 2004), which dealt with a later-filed lawsuit, not leave to amend an existing complaint.[7] A lawsuit based on the City's direct expenditures on opioids is not the same as a lawsuit based on the costs of providing municipal services to address unnecessary opioid prescription and diversion. *See* Fifth Amended Complaint, Doc. 672-1 ¶¶ 860, 883-915.

Defendants' reliance on *Jones v. Scientific Colors, Inc.*, No.99-1959, 2001 WL 883689, at *2 (N.D. Ill. Aug. 6, 2001) is also misplaced, as in that case the motion to amend to add claims (which, again, the City will not do if discovery is streamlined to eliminate costly production of claims data, as the City suggests) was made at the *conclusion* of discovery and the defendant had

---

[6] *QMect* also differs from this case in that a dismissal without prejudice could allow other parties to the bankruptcy to assert the same claims and prolong the restructuring. *Id.*

[7] Similarly inapposite is *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995), a breach of contract suit was barred by prior dismissal of separate age discrimination suit, where both contained the same "core of operative facts."

already "incurred the expense of preparing to defend" against the dismissed claim. Nor is this case like the dismissal with prejudice in *Barnes v. District of Columbia*, 42 F.Supp.3d 111, 120 (D.D.C. 2014), where the reason for dismissing claims was to deprive the court of federal question jurisdiction and defeat removal, and it was reasonable to worry those claims could be reasserted. *See id.* (dismissal without prejudice "would also leave open the possibility that the defendant would have to remove this action to this Court a second time, resulting in a repetitious waste of resources"). It did not change the understanding that dismissal without prejudice "should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second law suit." *Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366, 368–69 (5th Cir. 1967); *In re Legal Xtranet, Inc.*, BR 11-51042-LMC, 2011 WL 3652756, at *9 (Bankr. W.D. Tex. Aug. 19, 2011) (explaining that *Durham* "revers[ed a] dismissal with prejudice even in the presence of defendant's substantial trial preparation expense").

Accordingly, if this Court agrees with Defendants that any dismissal of claims at this stage must be with prejudice, the City should instead be granted further leave to amend to reassert the claims the City proposes to dismiss.[8] The City has viable claims which there is no dispute remain subject to adjudication on the merits, and it should not be penalized for its willingness to streamline its case for the sake of efficiency for all involved.

It is also helpful to bear in mind that Defendants would have necessarily engaged in motions practice and discovery regardless of the dismissed claims, as the Court recognized by directing discovery to proceed while disputes over the adequacy of the Third Amended Complaint

---

[8] Alternatively, the Court could employ severance as a mechanism to address this issue. The City could retain certain claims as part of the proposed Fifth Amended Complaint, and the Court could sever those causes of action. This would allow the parties, and the Court, an opportunity to assess whether, due to Defendants' propounding discovery relevant only to those claims, omission of those causes of action ultimately would not streamline the case.

7

were resolved. As Defendants are well aware, also, to the extent they made any affirmative productions before this case transferred, those documents: (1) remain relevant, and (2) were deemed produced in the MDL, allowing Defendants to use this litigation as a vehicle to satisfy their obligations in thousands of others. *See* MDL Doc. 232 at 15 (CMO 1). There is simply no merit to the suggestion that they have engaged in some substantial wasted effort.

**II.     Conclusion**

Defendants offer nothing to dispute that Rule 15 and Rule 21's standards are readily met, and can show no prejudice from a dismissal of dropped claims without prejudice, which if anything works in their favor. The City respectfully requests that its Motion for Leave to Amend be granted.

Dated: February 3, 2020            Respectfully submitted,

MARK FLESSNER
**Corporation Counsel, City of Chicago**

BY: /s/ *Linda J. Singer*
    Linda J. Singer

Thomas P. McNulty
Fiona A. Burke
City of Chicago, Department of Law
30 N. LaSalle St., Suite 1240
Chicago, IL 60602
thomas.mcnulty@cityofchicago.org
fiona.burke@cityofchicago.org
Phone: (312) 744-6929
Fax:    (312) 742-3832

Linda Singer
Elizabeth Smith
David I. Ackerman
MOTLEY RICE LLC
lsinger@motleyrice.com
esmith@motleyrice.com
dackerman@motleyrice.com
401 9th Street NW, Suite 1001
Washington, DC 20004
Phone: (202) 232-5504
Fax:   (202) 386-9622

Kenneth A. Wexler
Bethany R. Turke
Kara A. Elgersma
2WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
kaw@wexlerwallace.com
brt@wexlerwallace.com
kae@wexlerwallace.com
Phone: (312) 346-2222
Fax:   (312) 346-0022

*Attorneys for Plaintiff City of Chicago*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

                                                */s/ Linda Singer*
                                                Linda Singer