IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO,<br><br>*Plaintiff*,<br><br>v.<br><br>PURDUE PHARMA L.P.; et al.,<br><br>*Defendants*. | Case No. 14-cv-04361<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Judge Young B. Kim |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF DEFENDANT MALLINCKRODT PLC**

  The Illinois long-arm statute and the Due Process Clause of the Fourteenth Amendment prohibit exercise of jurisdiction over foreign companies, like Mallinckrodt plc, that lack minimum contacts with Illinois. Mallinckrodt plc is an Irish public limited corporation headquartered in the United Kingdom. Although Mallinckrodt plc indirectly owns the legally separate and distinct U.S.-based defendant companies Mallinckrodt LLC and SpecGx LLC (together, the "Domestic Mallinckrodt Entities"), it neither conducts nor directs any of the business at issue in the Fifth Amended Complaint ("FAC"). It is well-settled Illinois law[1] that corporate structure alone is insufficient to evidence the contact necessary to establish personal jurisdiction. Plaintiff's failure to establish Mallinckrodt plc's contact with Illinois at all—much

---

[1] District courts exercising diversity jurisdiction apply the personal jurisdiction rules of the state in which they are located. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). The Illinois long arm statute only authorizes courts to exercise personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment. *See* 735 ILSC 5/2-2099(c).

less specific contact sufficient to support jurisdiction—compels this Court to dismiss Mallinckrodt plc from this action with prejudice, for lack of personal jurisdiction.

## I. BACKGROUND

On February 19, 2020, Plaintiff filed the FAC, naming Mallinckrodt plc (for the first time) as a defendant, along with its indirect subsidiaries Mallinckrodt LLC and SpecGx LLC. The FAC alleges, among other things, that: (1) Mallinckrodt plc shares common officers and directors with Mallinckrodt LLC (FAC ¶ 64); (2) Mallinckrodt plc filed consolidated financial statements on behalf of Mallinckrodt plc and Mallinckrodt LLC (FAC ¶ 66); (3) Mallinckrodt plc and Mallinckrodt LLC share office space and a logo (FAC ¶ 67); (4) certain employees of unstated Mallinckrodt-related entities were not familiar with the nuances of Mallinckrodt's inter-company organizational structure (FAC ¶ 68); and (5) certain securities filings by Mallinckrodt plc refer collectively to Mallinckrodt-related entities as "Mallinckrodt" (FAC ¶ 69-70). Otherwise, Plaintiff proceeds to lump together Mallinckrodt plc and its subsidiaries using the collective moniker "Mallinckrodt," without specifying what conduct attributed to the label "Mallinckrodt" actually did or could apply to Mallinckrodt plc as a separate corporate entity.

As set forth below and in the Declarations of Alasdair J. Fenlon and Stephanie D. Miller, filed with this motion, Mallinckrodt plc controverts the veracity and legal relevance of the allegations of the FAC and avers that it did not engage in any conduct relevant to this litigation. Mallinckrodt plc is a holding company incorporated in Ireland in 2013 and headquartered in the United Kingdom. *See* FAC ¶ 59. Mallinckrodt plc does not conduct—and is not licensed or authorized to conduct—Mallinckrodt's opioid business in Illinois. *See* Declaration of Alasdair J. Fenlon ("Fenlon Decl.") ¶¶ 7–8.[2] Mallinckrodt plc does not maintain an office in Illinois, and it

---

[2] This court may receive and weigh affidavits to determine whether personal jurisdiction exists. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

does not own, use, possess, or lease any real property or facilities in Illinois. *Id.* ¶ 4. Mallinckrodt plc has never maintained any registered agent or other person authorized to accept service of process in Illinois. *Id.* ¶ 9. Mallinckrodt plc has never employed any persons in Illinois. *Id.* ¶ 5. And Mallinckrodt plc has never marketed, manufactured, sold, or distributed prescription opiates in Illinois or anywhere else in the United States. *Id.* ¶ 3. Indeed, Mallinckrodt plc is not permitted to manufacture, sell, or distribute opioids in the United States because it has never held the requisite U.S. Drug Enforcement Administration ("DEA") registration. *Id.* In short, Mallinckrodt plc has had no relevant contacts with Illinois at all.

The record before this Court establishes that Mallinckrodt plc exists as a shareholder that adheres to the standard formalities of corporate business. Mallinckrodt plc is a foreign holding company, which exists as the ultimate parent company of Mallinckrodt LLC and SpexGx LLC. *Id.* ¶ 2. While it is true that both Mallinckrodt LLC and SpexGx LLC do business in Illinois, it is equally true that the Domestic Mallinckrodt Entities are legally distinct Delaware limited liability companies. *Id.* ¶¶ 10–12; *see also* FAC ¶¶ 61-62. Mallinckrodt plc does not hold a direct ownership stake in the Domestic Mallinckrodt Entities—Felon Decl. ¶ 13—nor are the Domestic Mallinckrodt Entities divisions or branches of Mallinckrodt plc. *Id.* ¶ 12. The Domestic Mallinckrodt Entities are independent businesses, which maintain separate corporate records, file separate tax returns, prepare separate financial statements, and do not take direction from Mallinckrodt plc regarding their day-to-day operations, marketing and sales strategies, payroll, hiring, or bookkeeping. *Id.* ¶¶ 14–17.

## II. STANDARD OF REVIEW

The plaintiff bears the burden of establishing a prima facie basis for the existence of personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782

3

(7th Cir. 2003). Where the defendant disputes jurisdiction through an affidavit, such as the one submitted along with this motion, plaintiff bears the burden of proving the facts it has alleged supporting the existence of personal jurisdiction. *Durkan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015). Where the plaintiff fails to refute facts contained in the defendant's affidavit, courts accept defendant's uncontroverted factual aversions as true. *GCIU-Employer Retirement Fund v. Goldfarb Corporation*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009); *see also Campbell v. Millis*, 624 N.E.2d 41, 44 (Ill App. Ct. 5th Dist. 1994) ("[f]acts contained in an uncontested affidavit denying jurisdiction [must be] accepted as true").

### III. ARGUMENT

Plaintiff has not met its burden of establishing that this Court has personal jurisdiction over Mallinckrodt plc. *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Mallinckrodt plc has no contacts with Illinois, much less sufficient "minimum contacts" with the forum such "that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017).

Neither is Mallinckrodt plc subject to jurisdiction in Illinois by virtue of its indirect ownership of the Domestic Mallinckrodt Entities. It is well-settled that "[j]urisdiction over a subsidiary is not sufficient to confer jurisdiction over an out-of-state parent." *Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp.2d 862, 865 (N.D.Il. 1998). Moreover, nothing in the FAC establishes that the activities of the Domestic Mallinckrodt Entities should be attributed to Mallinckrodt plc. *Id.* at 866 (defining the two approaches used to determine whether a subsidiary's activities can be attributed to the parent). Plaintiff's inadequate jurisdictional pleading compels the dismissal of Mallinckrodt plc.

4

A. **The Court lacks general jurisdiction because Mallinckrodt plc is not "at home" in Illinois.**

Illinois cannot exercise general jurisdiction over Mallinckrodt plc. General jurisdiction exists in the limited jurisdictions where a company is "fairly regarded as being at home": the state where it is incorporated and/or has its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Mallinckrodt plc is organized under the laws of Ireland and headquartered in Staines-Upon-Thames, Surrey, United Kingdom. Fenlon Decl. ¶ 2. As a result, Mallinckrodt plc cannot be "at home" in Illinois. *Daimler*, 571 U.S. at 137.

The FAC falls far short of alleging that Mallinckrodt plc has operations "so substantial" to render it "at home" in Illinois despite being headquartered in the United Kingdom. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017); *see Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 699 (7th Cir. 2015). To the contrary, the FAC contains no allegations (nor could it) that Mallinckrodt plc had *any* affiliations with Illinois, much less any that were "so substantial" as to render it essentially "at home" in the state. *Kipp*, 783 F.3d at 697-98. Plaintiff has simply failed to meet its burden to establish that Illinois has general jurisdiction over Mallinckrodt plc.

B. **The Court lacks specific jurisdiction because Mallinckrodt plc has no contacts with Illinois.**

Plaintiff has also failed to establish that Mallinckrodt plc is subject to specific jurisdiction in Illinois. Courts can exercise specific jurisdiction over foreign defendants where the action "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 749. Under the Seventh Circuit's two-part test, this standard is only met "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487,

5

492 (7th Cir. 2014). Mallinckrodt plc has had no contact with Illinois. This simple fact prevents Plaintiff from establishing either prong of the test and meeting its burden of establishing this Court has personal jurisdiction over Mallinckrodt plc.

Mallinckrodt plc has not purposefully directed its activities at or availed itself of the privilege of conducting *any* business in Illinois. Mallinckrodt plc has never conducted business in Illinois, nor has it ever been licensed or authorized to do business in Illinois. *See* Fenlon Decl. ¶ 8. As explained below, the FAC cannot overcome the simple reality that Mallinckrodt plc has never maintained any operations in the United States, much less engaged in conduct relevant to this litigation.

In an attempt to imply that Mallinckrodt plc maintains operations within the United States, Plaintiff cherry-picks and mischaracterizes various public documents. FAC ¶¶ 59-72. Plaintiff implies that Mallinckrodt plc manufactures opioids because the company "describes itself as a 'global specialty pharmaceuticals company' that 'develops, manufactures, markets and distributes both branded and generic specialty pharmaceutical products . . . .'" *See* FAC ¶ 59. But this statement and variations of it were drawn from Mallinckrodt plc's 10-K, which clearly states on page three (the first page of prose) that references to "Mallinckrodt plc" or "We" include "Mallinckrodt plc, an Irish public limited company, *and its consolidated subsidiaries*[.]" Declaration of Sarah M. Kimmer ("Kimmer Decl."), Ex. A at 3, 44 (Mallinckrodt plc Form 10-K (Sept. 30, 2016)) (emphasis added).[3] The "use of inclusive references in public filings are common practice[]" and say nothing of the business Mallinckrodt plc was individually carrying out, let alone Mallinckrodt plc's activities *in Illinois*. *Surfside Non-Surgical Orthopedics P.A. v.*

---

[3] The FAC repeatedly quotes from the Mallinckrodt plc 10-K, without attaching it as an exhibit. Where "a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting [its motion to dismiss] to a motion for summary judgment." *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

6

*Allscripts Healthcare Solutions, Inc.*, No. 18-cv-566, 2019 WL 2357030, at *4 (N.D.Il. June 4, 2019) (collecting cases). Indeed, the U.S. Securities & Exchange Commission specifically encourages companies to describe complex ownership structures in terms like "We." [4]

Plaintiff's quotation from Mallinckrodt's Memorandum and Articles of Association, *i.e.,* FAC ¶ 60, is also misleading insofar as Plaintiff aims to suggest that Mallinckrodt plc manufactures the prescription opioids at issue in this litigation. Mallinckrodt plc does not design, manufacture, produce, supply, or provide any of the pharmaceutical products at issue in this litigation—and has never done so. Plaintiff's failure to identify *any* activities specifically undertaken by Mallinckrodt plc compels this Court to find there is no personal jurisdiction over Mallinckrodt plc.

Likewise, none of the allegations in the FAC specifically referencing Mallinckrodt plc evidence that Mallinckrodt plc caused any of the harm complained of by Plaintiff. For example, Plaintiff's quotation from the 2017 Memorandum of Agreement between Mallinckrodt LLC, Mallinckrodt plc, and the Drug Enforcement Agency (the "MOA")—which reflects a bare and disputed allegation that "Mallinckrodt knew about the diversion [of oxycodone] and sold excessive amounts of the most highly abused forms" (FAC ¶ 63)—does not imply that Mallinckrodt plc knew anything at all. Like Mallinckrodt plc's 10-K, the MOA refers to "Mallinckrodt," which includes Mallinckrodt plc and Mallinckrodt LLC, without ever disaggregating the conduct and knowledge of the two entities.[5] Indeed, the MOA's reference to "Mallinckrodt's" manufacture of opioids cannot refer to Mallinckrodt plc because, as explained,

---

[4] *See* 17 C.F.R. § 230.421(d). As the SEC explains, "plain English principles" specifically involve the use of personal pronouns, and "[t]he pronouns to use are first-person plural (we, us, our/ours)." Office of Investor Education & Assistance, U.S. Sec. & Exch. Comm'n, A Plain English Handbook: How to Create Clear SEC Disclosure Documents at 22 (1998), http://www.sec.gov/pdf/handbook.pdf.
[5] *See* Kimmer Decl., Ex. C. (2017 MOA).

Mallinckrodt plc does not have a DEA license to manufacture pharmaceutical opioids and has never done so.

Similarly, Plaintiff fails to connect Mallinckrodt plc's generic statements about its internal financial and risk management oversight or its global efforts to "address prescription drug diversion and misuse in the United States" to the complained of conduct in the FAC. General statements about activities of the corporate family or general efforts to address social ills are insufficient to establish any *conduct* that can form the basis for jurisdiction. *Compare* FAC ¶ 70–72 *with LaSalle Nat. Bank v. Vitro, Sociedad Anonima*, 85 F.Supp.2d 857, 865 (N.D.Il. 2000) ("Personal jurisdiction is based on actual evidence of control . . . rather than on a corporation's general descriptions.").

The FAC's failure to identify any *actions* carried out by Mallinckrodt plc is not surprising: Mallinckrodt plc has never carried out any of the complained of conduct and Plaintiff could not allege so under Rule 11. Mallinckrodt plc does not market opioid products nor has it ever been permitted to manufacture or sell opioid drugs anywhere in the United States, including Illinois. *See* Fenlon Decl. ¶ 3. Indeed, Mallinckrodt plc does not hold and has never held the DEA registration necessary to sell opioids. *Id.* Plaintiff's generic allegations against "Mallinckrodt,"—which is defined as Mallinckrodt plc, Mallinckrodt LLC, and SpecGx LLC— do not change these uncontroverted facts. Absent specific allegations that Mallinckrodt plc was involved in any opioid-related, or any other, business in Illinois, this Court cannot find that Mallinckrodt plc has the requisite "real relationship with the state with respect to the transaction at issue." *Northern Grain Marketing*, 743 F.3d at 492-93.

**C. Mallinckrodt LLC's and SpecGx LLC's activities in Illinois cannot be imputed to Mallinckrodt plc.**

Perhaps recognizing the complete lack of evidence that Mallinckrodt plc engaged in any

conduct in Illinois, Plaintiff attempts to impute the conduct of indirect subsidiaries to Mallinckrodt plc. They argue that Mallinckrodt plc went beyond the normal oversight exercised by a parent of a subsidiary and "sufficiently controlled" the subsidiaries to assert jurisdiction. *LaSalle National Bank*, 85 F. Supp.2d at 864. Illinois uses two tests to determine "sufficient control:" (1) the traditional test for piercing the corporation veil and (2) a more flexible test for "substantial control." *Id.* The FAC does not plead sufficient facts under either of the two tests. As a result, the conduct of the Domestic Mallinckrodt entities cannot be imputed to Mallinckrodt plc.

> 1. *There are no allegations even suggesting that Mallinckrodt plc failed to comply with corporate formalities thereby permitting the Court to piece the corporate veil.*

Plaintiff cannot establish personal jurisdiction by piercing the corporate veil. To pierce the corporate veil Plaintiff must plead facts evidencing "such unity of interest and ownership that the separate personalities . . . no longer exist; and . . . adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Hystro Products, Inc. v. MNP Corp.*, 18 F.3d 1384, 1388-89 (7th Cir. 1994). To demonstrate a unity of interest between Mallinckrodt plc and the Domestic Mallinckrodt Entities, Plaintiff must allege facts showing "(1) the failure to maintain adequate corporate records or to comply with corporate formalities, (2) the commingling of funds or assets, (3) undercapitalization, and (4) one corporation treating the assets of another as its own." *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 570 (7th Cir. 1985). Plaintiff pleads no such facts (because none exist).

Mallinckrodt plc, Mallinckrodt LLC, and SpecGx LLC are each separate legal entities. Felon Decl. ¶ 12. Consistent with the entities' separate legal identities and operations, there is no commingling of funds between Mallinckrodt plc and its subsidiaries; each of Mallinckrodt plc,

9

Mallinckrodt LLC, and SpecGx LLC maintain separate corporate records, file separate tax returns, and prepare separate financial statements. *Id.* ¶ 16. Plaintiff also presents no evidence that either of the Domestic Mallinckrodt entities are undercapitalized or that Mallinckrodt plc treats the Domestic Mallinckrodt Entities' assets as its own. Instead, the FAC points to the irrelevant fact that "Mallinckrodt keeps consolidated financial statements for Mallinckrodt plc and Mallinckrodt LLC." FAC ¶ 66. First, the Irish Companies Act requires that Mallinckrodt plc prepare consolidated financial statements. Companies Act, 2014, s.293 (requiring holding companies to "prepare group financial statements for the holding company and all its subsidiary undertakings for that financial year"). Second, the requirements of the Irish Companies Act notwithstanding, preparation of consolidated financials, in addition to each entity's individual financial books and records, is not "evidence that [Mallinckrodt plc] failed to maintain adequate records or comply with corporate formalities." *Gruca*, 19 F. Supp.2d at 868.

Plaintiff cannot overcome the FAC's factual deficiencies by citing the testimony of certain Mallinckrodt deponents who were unable to answer questions about the nuances of Mallinckrodt plc's corporate structure. *See* FAC ¶68. Such excerpts from the depositions of lay witnesses do not furnish a basis for this Court to disregard corporate form. *See Gruca*, 19 F. Supp.2d at 869 (finding that the statements by employee were insufficient evidence to establish sufficient unity of interest); *see also Berger v. Columbia Broad. Sys., Inc.*, 453 F.2d 991, 996 (5th Cir. 1972) (holding that it was reversible error for the trial court to find that a subsidiary of CBS was a mere instrumentality of its parent based on mistaken testimony from the subsidiary's comptroller that the subsidiary was actually a "division" of CBS). Besides being legally irrelevant, the cited testimony is entirely unpersuasive. Rather, it represents the predictable result of Plaintiff's halfcocked efforts to solicit testimony from lay witnesses whose day-to-day

10

responsibilities did not include committing to memory the intricacies of multinational corporate governance.

In the absence of any allegations relating to the factors set out in *VanDorn*, the Court must find that the FAC "is inadequate to justify piercing the corporate veil." *Id.* at 869-70; *see also* a Order on Defendant Mallinckrodt PLC's Rule 12(b)(2) and 12(b)(5) Motion to Dismiss, *City of Boston v. Purdue Pharma L.P,* No. 1884-cv-02860 at 4 (Mass. Sup. Ct. Feb. 24, 2020) (granting Mallinckrodt plc's motion to dismiss for lack of personal jurisdiction after applying the same piercing the corporate veil standard and considering substantially similar facts).

> 2. *Mallinckrodt does not exercise substantial control over the Domestic Mallinckrodt Entities.*

Plaintiff likewise cannot establish personal jurisdiction under Illinois' "substantial control" test. Under the "substantial control" test, the Court must "examine[] the nature of the activities by the subsidiary and the degree of control exercised by the parent over the subsidiary." *Gruca*, 19 F. Supp.2d at 866. Illinois considers several factors in connection with the "substantial control" test, including: "[1] whether the parent arranges financing for and capitalization of the subsidiary; [2] whether separate books, tax returns and financial statements are kept; [3] whether officers or directors are the same; [4] whether the parent holds its subsidiary out as an agent; [5] the method of payment made to the parent by the subsidiary; and [6] how much control is exerted by the parent over the daily affairs of its subsidiary." *Id.* The FAC does not provide any evidence supporting any of these factors, much less sufficient evidence to support the inference that Mallinckrodt plc substantially controls the Domestic Mallinckrodt entities.

The FAC is devoid of allegations that Mallinckrodt plc arranges for the financing or capitalization of the Domestic Mallinckrodt Entities or that Mallinckrodt plc holds the Domestic Mallinckrodt Entities out as its agents. *Id.* (Factors 1 and 4). The FAC does not establish any

11

method of payment between Mallinckrodt plc and the Domestic Mallinckrodt Entities (Factor 5). Instead, at best, the FAC purportedly quotes Mallinckrodt plc's 10-K as evidence that the Domestic Mallinckrodt Entities' "excess cash flow" becomes Mallinckrodt plc's "Working Capital." FAC ¶ 66. The quoted language, however, is drawn from Exhibit 10.4 to the 2016 10-K—a credit agreement to which Mallinckrodt plc and the Domestic Mallinckrodt Entities act as guarantors. *Compare id. with* Kimmer Decl., Ex. A at 1, Ex. A-1 at 28-30, 68, 141. Contrary to the FAC's allegations, the provisions of the credit agreement speak only to the loans parties' (including the guarantors) obligations to the lender and say nothing of Mallinckrodt plc's financial relationship with the Domestic Mallinckrodt Entities. *See* Kimmer Decl., Ex. A-1.

The FAC also does nothing to refute that each of Mallinckrodt plc, Mallinckrodt LLC, and SpecGx LLC maintain separate books, tax returns and financial statements. Fenlon Decl. ¶ 16; Section III.C.1, *supra*; *see also Gruca*, 19 F. Supp.2d at 866 (Factor 2). Nor does the FAC contain any allegation disputing the fact that Mallinckrodt plc "does not exercise day-to-day control, oversight or management of the operations for Mallinckrodt LLC or SpecGX." Fenlon Decl. ¶ 14; *see also Gruca*, 19 F. Supp.2d at 866 (Factor 4). The closest the FAC comes to disputing that reality is the vague statement that Mallinckrodt plc has certain shared services such as "IT, finance, human resources, compliance, communications, and government affairs" with its subsidiaries. *See* FAC ¶ 66. This type of arrangement, however, is "consistent with the normal relationship between a parent and subsidiary, in which parent corporations may "control, direct, and supervise the subsidiaries to some extent.'" *LaSalle Nat. Bank*, 85 F. Supp.2d at 866 (finding that offering training to all employees and having a comprehensive business plan is not evidence of day-to-day control).

Plaintiff's assertion that Mallinckrodt plc and Mallinckrodt LLC have overlapping

12

officers and directors is similarly misleading and of no moment.[6] FAC ¶¶ 63-65; *see also LaSalle Nat. Bank*, 85 F. Supp.2d at 866. While it is true that a limited subset of Mallinckrodt plc employees also hold (or have previously held) titles with Mallinckrodt LLC, *see generally* Miller Decl., the presence of certain overlapping employees "is not enough to take this case out from the general rule that a subsidiary's contacts with a forum should not be used to obtain personal jurisdiction over the non-resident parent corporation." *LaSalle Nat. Bank*, 85 F. Supp.2d at 866 (citing *Gruca*, 19 F. Supp. 2d at 870 ("While such [director] overlap provides some evidence of control (or at least the potential for control), on its own it is not sufficient.")). Accordingly, Plaintiff has pled no facts sufficient to support jurisdiction.

IV.  **CONCLUSION**

For the foregoing reasons, the FAC fails to establish that Mallinckrodt plc is subject to personal jurisdiction in Illinois. Mallinckrodt plc respectfully requests that this court dismiss this action against Mallinckrodt plc with prejudice for lack of personal jurisdiction.

---

[6] For example, Plaintiff asserts that Michael-Bryant Hicks "held himself out as the Senior Vice President & General Counsel of both Mallinckrodt plc and Mallinckrodt LLC in signing the [MOA]." FAC ¶ 63. To the contrary, Michael-Bryant Hicks has never held any role as an officer of Mallinckrodt LLC and signed the MOA pursuant to a delegation of authority. *See* Declaration of Stephanie D. Miller ("Miller Decl.") ¶ 8. It is also not the case that Mallinckrodt plc's President and CEO has ever held the title "Chief Operating Decision Maker." *Compare* FAC ¶ 65 *with* Miller Decl. ¶ 9.

Dated: May 22, 2020

Respectfully submitted,

/s/ *Andrew J. O'Connor*

Andrew J. O'Connor (*admitted pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
andrew.oconnor@ropesgray.com

Sarah M. Kimmer
ROPES & GRAY LLP
191 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 845-1244
sarah.kimmer@ropesgray.com

*Attorneys specially appearing for Mallinckrodt plc*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 22 day of May, 2020, true and correct copies of the foregoing were served on all counsel of record via CM/ECF notice of electronic filing.

Dated: May 22, 2020  /s/ *Sarah M. Kimmer*

Sarah M. Kimmer
ROPES & GRAY LLP
191 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 845-1244
sarah.kimmer@ropesgray.com