UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | ) |
| | ) No. 14 CV 4361 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| PURDUE PHARMA, L.P., *et al.*, | ) |
| | ) September 10, 2020 |
| Defendants. | ) |

**ORDER**

Before the court is Defendants' motion to compel Plaintiff City of Chicago ("the City") to include additional custodians and search terms in its ESI search in response to Defendants' discovery requests. In their motion, Defendants seek to compel the City to add 53 additional custodians, custodians from 3 city departments, and 2 search terms.[1] (R. 789-3.) For the following reasons, the motion is granted in part and denied in part:

**A.  Custodians**

Defendants seek to have the City include 53 additional custodians in its ESI search so that they may discover information about whether the City continues to

---

[1] Defendants initially sought to add 55 individual custodians, custodians from 4 city departments, 5 search terms, and 7 share drives. (R. 789-3.) However, the City agreed to add 2 individual custodians (Greta Ivers and Thomas Lemmer), a custodian from the Department of Business Affairs and Consumer Protection, and 3 of the 5 search terms to its ESI search protocol. The City also confirmed for Defendants that its protocol already includes custodians from the Chicago High Intensity Drug Trafficking Area and that it will investigate whether the share drives include any relevant information. (R. 822.) The motion is denied as moot to the extent that Defendants seek to include these custodians, departments, and share drives in the City's ESI search protocol.

permit the reimbursement of costs for the subject opioid medications and, if so, why it has continued to do so in light of its allegations against Defendants. Defendants also seek to have ESI from these custodians collected to investigate the issue of causation between Defendants' alleged conduct and any public service costs the City incurred.

The City opposes the inclusion of these 53 custodians, arguing that they no longer hold any information relevant to the current claims the City has against Defendants because the City no longer seeks to recover prescription benefits paid. The City also argues that given its designation of 42 custodians from 10 different departments or agencies, adding more custodians to the search would be cumulative.

The court agrees with the City that the agreements the parties may have reached back in 2017 with respect to an ESI protocol have no relevance to the City's current discovery obligations because the City's claims against Defendants have changed and the City has dropped all efforts to seek damages related to its employees' individual prescriptions for opioids. However, how the City treats and how it views opioid prescriptions issued to its own employees after it filed its complaint in June 2014 may be relevant to its current claims against Defendants. Also, Defendants are entitled to discover information about whether their alleged conduct caused the costs the City will seek in this case and whether other problems, like the proliferation of heroin and fentanyl, may have contributed in whole or in

part to these public costs. With these subjects in mind, the court reviewed the list of custodians and rules as follows:

| Custodian | Ruling |
|---|---|
| Arjmand, Susan B.<br>Daly, Mary<br>Edinburg, Mark<br>Ellison, Jacklyn<br>Fronczak, Jeff<br>Hemmerling, Barb<br>Horton-Newkirk, Elise<br>Johnson, Roula<br>Jones, Daisy<br>Morcos, Isaac<br>O'Connor, Patricia<br>Russell, Hugh D.<br>Tienda, Sylvia<br>Smith, Rodney | The motion is granted. The court agrees with Defendants to the extent that their responsive ESI, if any, may be relevant to how they view opioid products since the filing of the City's complaint. |
| Bader, Cara<br>Doyle, Marty | The motion is denied. The court sustains the City's objections. |
| Bell, Ellen (Kuchuris)<br>Bertorelli, Jane<br>Conley, Sue<br>Galvin, Janet<br>George, Helen<br>Hamburger, Carol<br>Ignacio (Silvestrini), Edgar<br>Johnson, Eddie<br>Kaiden, Marla<br>Landach, Judith<br>Lorenz, Kirstjen<br>Mason, Terry<br>Mercer, Debbie<br>Ortiz-Cruz, Arlene<br>Paul, Bill<br>Posner, Anne<br>Raequana, Sumrall<br>Rohde, Moni<br>Schaffer, Stefan<br>Schnekel, Gary<br>Serafin, Robert<br>Somerville, Monica<br>Tong, Sulan | The motion is denied. The court sustains the City's cumulative objection. |

| | |
|---|---|
| Emanuel, Rahm | The motion is denied. The court sustains the City's relevance objection. |
| Gregoirie, Paul<br>Guest, Eileen<br>Liace, Tony<br>Looney, William<br>Reule, Kimberly<br>Kemper, Janet<br>Pietrzak, Steve<br>Riley, Theresa<br>Risley, Thomas | The motion is granted. Defendants seek to have the City include these custodians to discover information about the impact of illegal drugs on public costs the City claims in this case. |
| Judon, Cassandra | The motion is granted. Defendants seek to search her files to gain information about opioid diversion. |
| Jones, Sheree<br>Knochar, Marykay<br>Schaedel, Thomas | The motion is denied to the extent that the court is unable to determine whether these individuals' accounts would yield any relevant information. |

**B.     City Departments**

Defendants seek to have the court compel the City to add additional custodians from the Office of Budget and Management ("OBM"), the Chicago Housing Authority ("CHA"), and other unidentified City departments. As to OBM, the City has agreed to add its current Director, Susie Park, to the ESI search. However, because Park did not assume the Director role until May 2019, Defendants argue that the City must also add as custodians all previous OBM Directors covering the entire time period for which the City seeks costs as damages. The court finds Defendants' request to be reasonable. As for CHA and other unidentified City departments, the court declines to compel the City to add any custodians because it is axiomatic that the City is barred from offering information or documents sought in discovery but not produced. As such, unless the City timely updates its discovery responses, the City will be barred from offering any ESI not

4

produced in discovery. This necessarily means that the City cannot recover costs not identified.

**C.    Search Terms**

Defendants initially sought to compel the City to add five search terms to the City's ESI protocol, but the parties resolved three of the five terms. The two search terms still in dispute are "health care" and "fsAlert." As to the term "health care," Defendants are now willing to narrow the search by adding modifiers to the search term as follows: (("health care" or "healthcare") and ("systemic*" or "problem*" or "fail*" or "shortcoming*" or "issue")).

The City opposes the search term "health care" without modifiers because this term is overbroad and would not hit on any responsive ESI that does not already include a term like "opioid," which already is included in the search protocol. The City opposes the term "fsAlert" on the basis that it is no longer relevant to the claims in this case because the City is no longer seeking reimbursement for prescription costs.

The court agrees that the term "health care" is too generic to identify relevant ESI not already identified using a variation of the term "opioid." The court also finds that even with the modifiers Defendants propose in their reply brief, this search term would not assist in the discovery of responsive and relevant ESI that is proportional to the needs of this case. As for the search term "fsAlert," the court finds that this term may assist the City in producing responsive ESI if the term is limited to Defendants' opioid medications and to ESI generated after June 2, 2014.

## Conclusion

For the foregoing reasons, Defendants' motion to compel is granted in part and denied in part, and the City is ordered to: (1) include the following 14 custodians for its search of responsive ESI for the time period from June 2, 2014, to the present—Susan Arjmand, Mary Daly, Mark Edinburg, Jacklyn Ellison, Jeff Fronczak, Barb Hemmerling, Elise Horton-Newkirk, Roula Johnson, Daisy Jones, Isaac Morcos, Patricia O'Connor, Hugh Russell, Sylvia Tienda, and Rodney Smith; (2) include the following 9 custodians for purposes of searching for responsive ESI on the issue of causation—Paul Gregoirie, Eileen Guest, Tony Liace, William Looney, Kimberly Reule, Janet Kemper, Steve Pietrzak, Theresa Riley, and Thomas Risley; (3) include Cassandra Judon as a custodian when searching for responsive ESI on the issue of diversion; (4) add as custodians all OBM Directors covering the entire time period for which the City seeks costs as damages; and (5) include the term "fsAlert" for responsive ESI generated after June 2, 2014, and limited to Defendants' medications.

                **ENTER:**

                _____
                **Young B. Kim**
                **United States Magistrate Judge**