IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, Plaintiff, v. PURDUE PHARMA L.P., et al., Defendants. | Case No. 14-cv-04361 Honorable Jorge L. Alonso Magistrate Judge Young B. Kim |

**JOINT STATUS REPORT**

Pursuant to this Court's Order dated September 10, 2020 (Dkt. No. 840), Plaintiff City of Chicago ("the City") and Defendants[1] (collectively, the "Parties") hereby file this Joint Status Report on the following issues identified in the Order: (1) an update on written discovery; (2) issues the Parties wish to discuss during the status hearing; and (3) the names of those attorneys who will be addressing the Court during the status hearing. This Joint Status Report is submitted in advance of the telephonic status hearing scheduled for September 29, 2020 at 2:30 p.m. *See* Dkt. No. 842.

**I.    UPDATE ON WRITTEN DISCOVERY**

Since the last status conference on June 12, 2020, the Parties have been proceeding with written discovery.

---

[1] For purposes of this Joint Status Report, the "Defendants" include Teva Pharmaceuticals USA, Inc. ("Teva"); Cephalon Inc. ("Cephalon"); Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc. ("Janssen"); Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("Endo"); Allergan plc f/k/a Actavis plc and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. ("Allergan"); Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., Actavis LLC, and Actavis Pharma, Inc., f/k/a Watson Pharma, Inc. ("Actavis"); and Mallinckrodt LLC and SpecGx LLC ("Mallinckrodt").

1

On July 31, 2020, both sides served Interrogatory responses, including supplemental responses to Interrogatories served in 2017, as required by the Court's June 12, 2020 Order. *See* Dkt. No. 802. Since service of those responses, the Parties have been exchanging meet-and-confer correspondence regarding what each side maintains are deficiencies in the other side's responses. Some disputes may need to be resolved through motions to compel, but as of now, the Parties are continuing to engage in good faith efforts to resolve the issues identified in their meet-and-confer correspondence.

In the June 12, 2020 Order, the Court stated that after resolution of the Defendants' Motion to Compel Further Custodians, Search Terms and Non-Custodial Sources (Dkt. No. 787), the Court would set deadlines for responding to Requests for Production ("RFPs") and for serving and responding to initial sets of Requests to Admit ("RFAs") (which would be limited to 30 RFAs for the City and 30 for each Defendant Corporate Group). *See* Dkt. No. 802. The Parties have conferred and respectfully request that the Court set the following deadlines:

- **October 13, 2020:** Service of responses to pending RFPs
- **October 20, 2020:** Service of initial RFAs[2]
- **December 1, 2020:** Service of responses to initial RFAs served on October 20, 2020

The Parties have also served additional third-party subpoenas. These include subpoenas from Defendants to the Chicago High Intensity Drug Trafficking Area ("HIDTA"), the U.S. Attorney's Office for the Northern District of Illinois, the Cook County Medical Examiner, the Cook County State's Attorney, the Illinois Department of Financial and Professional Regulation, and several third-party insurers for claims data and other individual-level discovery. Defendants anticipate serving additional third-party subpoenas in the coming weeks.

The Parties have also met and conferred regarding Defendants' request that the Parties substitute orders previously entered in *In re National Prescription Opiate Litigation*, No. 1-17-

---

[2] The Parties agree that they need not serve all 30 allotted RFAs on October 16, 2020, and that responses to later-served RFAs will be due in accordance with the Federal Rules of Civil Procedure.

md-2804-DAP (the "MDL") for the protective order, protocol for production of electronically stored information, and HIPAA order this Court entered prior to transfer in 2017. Defendants sent a proposed Joint Stipulation to the City regarding this issue on September 22, 2020, which the City is considering.

II.     **ISSUES THE PARTIES WISH TO DISCUSS DURING THE STATUS HEARING**

<u>The City</u>:  The City respectfully requests that this Court establish a discovery schedule. The City believes that a discovery schedule, including both a discovery deadline and regular conferences with the Court to address and resolve routine discovery disputes, will fairly and expeditiously advance the case through summary judgment. Absent a discovery schedule, the case will linger. Indeed, courts have already set discovery deadlines in the other two cases (brought by the City of San Francisco and the Cherokee Nation) that Judge Polster suggested for remand at the same time as this litigation.

Schedules play an important role in ensuring that litigation is resolved fairly and efficiently. *See, e.g., Manual for Complex Litig.* § 10 (recommending that "the judge and counsel collaborate to develop and carry out a comprehensive plan for the conduct of pretrial and trial proceedings"). Absent the structure that a discovery schedule and court-ordered deadlines provide, the parties lack certainty that claims will be resolved expeditiously. *Compare, e.g.,* Leonidas Ralph Mecham, *The Civil Justice Reform Act of 1990 Final Report*, 175 F.R.D. 62, 68 (N.D. Tex. 1997) (describing study findings "that an early and firm trial schedule, combined with limited time for discovery, can reduce delay in complex civil litigation without increasing costs" and with "no effect on . . . views on fairness").

As the City feared, the COVID-19 crisis has exacerbated the opioid crisis with devastating effects on the City's residents. A recent report found that "more than 1,180 Cook County residents have died or are suspected to have died from opioid-related overdoses this year

3

. . . about twice the number of people who died because of opioids during the same period last year."[3] The City brought this suit in 2014 in order to address this epidemic.

The City's submission in April (Dkt. 752) proposed that fact discovery close in August. Given the passage of time, the City proposes that the Court set the following schedule for discovery and summary judgment briefing:

| EVENT | CITY'S PROPOSED DEADLINE |
| --- | --- |
| End of Fact Discovery: | January 15, 2021 |
| Submission of Expert Reports: | January 29, 2021 |
| End of Expert Discovery: | March 5, 2021 |
| Summary Judgment Motions and Statements of Material Facts Per LR 56.1: | March 12, 2021 |
| Responses to Summary Judgment Motions and Responses to LR 56.1 Statements of Material Facts: | April 2, 2021 |
| Replies in Support of Summary Judgment Motions and Responses to LR 56.1 Additional Statements of Fact: | April 16, 2021 |

Defendants' concerns with this schedule are overblown. The City has been diligently prosecuting this case. As of the date of this Report, the City has produced 178,424 documents and approximately 1,063,667 pages in 2020. The City's collection and production of documents is ongoing, and will include additional custodians consistent with the Court's Order on Defendants' Motion to Compel. It is telling that Defendants do not offer statistics on their own Chicago-specific productions, which pale in comparison.

Additionally, Defendants' proposed "substantial completion" deadline for document production is merely another recipe for delay. The Federal Rules do not provide for any such deadline. And there is no reason that Defendants cannot proceed with depositions of City employees whose documents have been produced while the City continues to review and

---

[3] Duaa Eldeib and Melissa Sanchez, "Opioid Overdoses Keep Surging in Chicago, Killing Black People on the West Side," ProPublica Illinois (July 14, 2020), available at: https://www.propublica.org/article/opioid-overdoses-keep-surging-in-chicago-killing-black-people-on-the-west-side.

4

produce documents for other individuals in other departments. Continuing to stage discovery will delay resolution of this case, which has already been pending for more than 6 years. Nor do Defendants explain why their "substantial completion" deadline would apply only to the *City's* production, and not to the productions of all parties.

Further, this case does not require an extended expert discovery period. Defendants and other municipalities have already exchanged expert reports in the MDL and in other litigation addressing substantially the same issues as will be addressed here. The parties served expert reports relating to issues such as addiction, DEA compliance, pain management and marketing in prior litigation and those topics are likely to be repeated here. Further, the experts who authored those opinions sat for multiple depositions in opioid-related litigation. New experts or opinions will likely be the exception, not the rule, and the Court can deal with those one-off circumstances if and when the need arises.

Additionally, as requested in its April submission, the City requests that the Court schedule weekly or bi-weekly discovery conferences to ensure that discovery disputes are resolved expeditiously. Not every discovery dispute requires formal motions with 14-day response periods and reply briefs. There certainly will be disputes that arise during this litigation that the parties can and should address to the Court during status hearings and by short and expedited letter briefs, thus permitting the Court to rule quickly and ensure the case continues to progress.

Defendants: Defendants request that the Court not set a full discovery, expert and summary judgment briefing schedule at this time.[4] Instead, consistent with the Court's management of this case to date, Defendants request that the Court adopt intermediate deadlines. Specifically, Defendants request that the Court enter the agreed dates regarding written discovery set out above:

---

[4] To the extent the Court is inclined to set a fixed schedule for the remaining dates, Defendants request that the Court order that the parties meet and confer over that schedule as an initial matter.

October 13, 2020 for service of responses to pending RFPs; October 20, 2020 for service of initial RFAs; and December 1, 2020 for service of responses to these initial RFAs.

In addition, Defendants request that the Court set a deadline for the City's substantial completion of its document production. The City's substantial completion of its document production is a gating issue for the remainder of discovery, because until it is complete fact depositions of the City's witnesses cannot begin in earnest. Once the City has substantially completed its document production, Defendants propose that the Parties be ordered to meet and confer regarding the structure and timing of remaining deadlines for fact and expert discovery, with any disputes to be submitted to the Court.

The City's proposal is unworkable for numerous reasons. *First*, the pleadings are not set. Defendants' motion to dismiss were filed on May 22, 2020 and are pending before the Court. At a minimum, these motions are likely to affect the scope and shape of discovery. For example, Defendants have requested dismissal of the City's claim for cost recovery (*see* Dkt. No. 770 at 16-24) and the City's newly-asserted claims based on Defendants' suspicious order monitoring practices (*see id.* at 8-16), which would have significant discovery implications if granted.

*Second*, the City has made little progress in its document production to date. Indeed, the Court recently granted Defendants' motion to compel 24 additional custodians and an additional search term from the City. *See* Dkt. No. 841 (Sept. 10, 2020).[5] Nowhere in the City's submission does it indicate when it will substantially complete production of the documents it previously agreed to produce (which included those from 42 other custodians), much less documents from these new custodians. Further, even if the City were to complete its document production by the end of October, the City's proposed schedule would leave less than three months to complete all

---

[5] In addition to the 24 custodians granted by the Court's ruling, the Court ordered the City to "add as custodians all previous OBM Directors covering the entire time period for which the City seeks costs as damages." Dkt. No. 841 at 4. The City has yet to identify these custodians. Defendants respectfully request that the Court order the City to do so by a date certain.

6

necessary depositions of City witnesses and third parties. That is not enough time in a case of this complexity and magnitude.

*Third*, judging from the Parties' experience in numerous other opioid-related cases, Defendants will ultimately need to bring many motions to compel regarding documents and data the City and third parties refuse to produce. For instance, in a long-standing case brought on behalf of "the People of the State of California" by Motley Rice (among others) in 2014, the Discovery Referee has issued 50 Reports & Recommendations on discovery issues, with more to come.

*Fourth*, the City's proffered expert discovery schedule is insufficient. Expert disclosures should be staged, with the City submitting its reports, a period for depositions of the City's witnesses, the submission of Defendants' experts' reports, and a period for depositions of Defendants' witnesses. Simultaneous exchange is not feasible in a case this complicated—particularly because the City has already taken the position in Interrogatory responses that Defendants must wait until its expert disclosures to learn key aspects of its claims. If the City does not tell Defendants, for example, specifically what "costs" it purports to have incurred until its expert reports, Defendants' experts cannot evaluate them in reports the City's schedule would have them file the very same day. Moreover, Defendants disagree with the City's suggestion that "extended timeframes for expert discovery" are not "necessary or appropriate" because "expert reports in the MDL and in other litigation [address] substantially the same issues as will be addressed here." (*See supra*) The City makes no effort to explain how expert analyses in different cases involving different jurisdictions and different claims could be applied wholesale to this litigation. At a minimum, it is premature to assess the extent to which those expert analyses could be applied to this case given that fact discovery is in its infancy.

On the City's request for regularly scheduled conferences before the Court, Defendants have no objection. To the extent, though, that the Court is inclined to schedule such conferences, Defendants submit that every week or even every other week is too frequent for the Parties' current needs and that a monthly discovery conference would be more appropriate. Further, Defendants

would request that the Parties be ordered to meet and confer on proposed requirements for the submission of disputes for any such conferences.

### III. NAMES OF ATTORNEYS WHO WILL BE ADDRESSING THE COURT DURING THE STATUS HEARING

The following are the attorneys who may address the Court for each of the Parties at the September 29, 2020 telephonic status hearing:

- **The City:** Kenneth Wexler, Linda Singer, David Ackerman
- **Teva/Actavis:** Rebecca Hillyer and Tinos Diamantatos
- **Janssen:** Amy Lucas
- **Endo:** Josh Davis and Melissa Bertke[6]
- **Allergan:** Donna M. Welch and Karl Stampfl
- **Mallinckrodt:** Mark Gaioni[7] and Sarah Kimmer

---

[6] Pro hac vice application pending. Dkt. No. 844.
[7] Pro hac vice application pending. Dkt. No. 843.

| | |
|---|---|
| Dated: September 24, 2020 | Respectfully submitted, |

/s/ Kara A. Elgersma
Kenneth A. Wexler
Bethany R. Turke
Kara A. Elgersma
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
kaw@wexlerwallace.com
brt@wexlerwallace.com
kae@wexlerwallace.com
Phone: (312) 346-2222
Fax: (312) 346-0022

Thomas P. McNulty
Fiona A. Burke
City of Chicago, Department of Law
30 N. LaSalle St., Suite 1240
Chicago, IL 60602
thomas.mcnulty@cityofchicago.org
fiona.burke@cityofchicago.org
Phone: (312) 744-6929
Fax: (312) 742-3832

Linda Singer
Elizabeth Smith
David I. Ackerman
MOTLEY RICE LLC
lsinger@motleyrice.com
esmith@motleyrice.com
dackerman@motleyrice.com
401 9th Street NW, Suite 1001
Washington, DC 20004
Phone: (202) 232-5504
Fax: (202) 386-9622

*Attorneys for Plaintiff City of Chicago*

/s/ Charles Lifland
Charles C. Lifland (*admitted pro hac vice*)
Sabrina H. Strong (*admitted pro hac vice*)
Esteban Rodriguez (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com
esrodriguez@omm.com

Amy R. Lucas (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue Of The Stars
Los Angeles, CA 90067
Telephone: (310) 246-6784
Facsimile: (310) 246-6779
alucas@omm.com

Sherry A. Knutson (#6276306)
TUCKER ELLIS LLP
233 South Wacker Drive, Suite 6950
Chicago, Illinois 60606
Telephone: (312) 624-6300
Facsimile: (312) 624-6309
sherry.knutson@tuckerellis.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ Donna Welch
Donna Welch, P.C.
Timothy W. Knapp
Karl Stampfl
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com
karl.stampfl@kirkland.com

Jennifer G. Levy, P.C. (admitted pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jlevy@kirkland.com

*Attorneys for Allergan plc (f/k/a Actavis plc) and Allergan Finance, LLC (Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.)*

/s/ Andrew J. O'Connor
Andrew J. O'Connor (*admitted pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
(617) 235-4650
andrew.oconnor@ropesgray.com

Sarah M Kimmer
ROPES & GRAY LLP
191 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 845-1244
sarah.kimmer@ropesgray.com

*Attorneys for Mallinckrodt LLC and SpecGx LLC*

/s/ Tinos Diamantatos
Tinos Diamantatos
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
(312)-324-1000
Firm Id # 40417
tinos.diamantatos@morganlewis.com

Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
T: 215.963.5840
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

*Attorneys for Teva Pharmaceuticals, U.S.A., Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc.*

/s/ Jonathan L. Stern
Jonathan L. Stern
Joshua M. Davis
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Phone: 202-942-5000
jonathan.stern@arnoldporter.com
joshua.davis@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Phone: 213-243-4000
sean.morris@arnoldporter.com

Carole S. Rendon (IL 6200217)
Melissa D. Bertke (*pro hac vice* pending)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000

11

127 Public Square, Suite 2000
Cleveland OH 44114-1214
Phone: 216.861.7420
crendon@bakerlaw.com
mbertke@bakerlaw.com

Justin R. Donoho (IL 6299667)
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago IL 60606-2841
Telephone: 312.416.8198
jdonoho@bakerlaw.com

*Attorneys for Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*