UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, ) | |
| ) | No. 14 CV 4361 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| PURDUE PHARMA, L.P., *et al.*, ) | |
| ) | October 13, 2020 |
| Defendants. ) | |

ORDER REGARDING
PROTECTIVE ORDER and ESI ORDER

In accordance with the Stipulation of the parties, this Court adopts the Protective Order and ESI Order entered in *In re National Prescription Opiate Litigation*, No. 1-17-md-2804-DAP ("MDL"), with the following modifications:

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted;

WHEREAS, on September 29, 2015, the Court entered an Agreed Qualified Protective Order for Protected Health Information (Dkt. No. 386) in this action;

WHEREAS, on December 8, 2016, the Court entered an Amended Agreed Confidentiality Order (Dkt. No. 487) in this action;

WHEREAS, on May 5, 2017, the Court entered a Stipulated Order Regarding Discovery of Electronically Stored Information (Dkt. No. 562) in this action;

WHEREAS, on December 20, 2017, this case was transferred to the Northern District of Ohio to be coordinated with other actions in the MDL (*see* Dkt. No. 664);

WHEREAS, on May 15, 2018, the MDL Court entered Case Management Order No. 2: Protective Order (MDL Dkt. No. 441);

WHEREAS, on May 15, 2018, the MDL Court entered Case Management Order No. 3: Document and Electronically Stored Information Production Protocol (MDL Dkt. No. 443) (the "MDL ESI Order");

WHEREAS, on February 11, 2019, the MDL Court entered an Order Amending Case Management Order No. 2 (Protective Order) (MDL Dkt. No. 1357);

WHEREAS, on September 29, 2019, the MDL Court entered Amendment to CMO No. 2 Re: Inadvertent Production of Documents (MDL Dkt. No. 2687);

WHEREAS, on September 29, 2019, the MDL Court entered Amendments to CMO No. 2 Re: Confidentiality and Protective Order (MDL Dkt. No. 2688);

WHEREAS, on October 29, 2019, the MDL Court entered the Agreed Order Governing Privilege (MDL Dkt. No. 2882);

WHEREAS, on December 30, 2019, this case was remanded to the Northern District of Illinois (Dkt. No. 676);

WHEREAS, Defendants have produced large volumes of documents in MDL 2804 pursuant to MDL Dkt. Nos. 441, 443, 1357, 2687, 2688, and 2882 (collectively, the "MDL Orders");

WHEREAS, adhering to the MDL Orders, with certain revisions, will promote efficiency for the Court and the parties;

WHEREAS, the Parties have agreed to meet and confer in good faith regarding the form of production for certain categories of documents and data subject to this stipulation and order as the need arises; and

WHEREAS, good cause exists to adopt provisions of the MDL Orders, as modified below, for disclosure and discovery activity in this action, and for this adoption to supersede the above-referenced orders entered in this action at Dkt. Nos. 487 and 562.

NOW, THEREFORE, the Court hereby ORDERS that the MDL Orders shall govern all disclosure and discovery activity in this action, except as modified below.

1. All references to "the Court" or "the United States District Court for the Northern District of Ohio" shall refer to the United States District Court for the Northern District of Illinois.

2. All references to "the Litigation" shall refer to *City of Chicago v. Purdue Pharma L.P., et al.*, Case No. 14-cv-04361 (N.D. Ill.). Exhibit A to the MDL Protective Order shall be replaced by Exhibit A to this Stipulation.

3. Article XII in MDL Dkt No. 441, "HIPAA-Protected Information" is superseded and replaced by Dkt. No. 386, "Agreed Qualified Protective Order for Protected Health Information."

4. The following paragraph relating to "Grounds for Asserting Privilege" in MDL Dkt. No. 2882 shall not apply to this action:

> The parties agree that federal common law governing privilege applies to privilege claims made in this MDL. Additionally, there are generally accepted legal principles and standards within the Sixth Circuit, and certain rulings have been made in this litigation related to claims of

3

privilege. These rulings made include Discovery Ruling No. 14, Parts 1 through 9. *See* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, & 1666. These rulings and related principles/standards outlined therein shall be taken into consideration when deciding whether to claim privilege over a document or communication.

Notwithstanding this provision, nothing in this Order shall be construed to: (i) prevent any party or third-party from relying on the substance or analysis of the rulings referenced above in connection with arguments before this Court; or (ii) any party's or third party's right to challenge such reliance.

                          **ENTER:**

                          _____
                          **Young B. Kim**
                          **United States Magistrate Judge**