IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, Plaintiff, v. PURDUE PHARMA L.P., et al., Defendants. | Case No. 14-cv-04361 Honorable Jorge L. Alonso Magistrate Judge Young B. Kim |

## THE CITY OF CHICAGO'S STATUS REPORT

Pursuant to this Court's December 18, 2020 directive (Dkt. No. 889), Plaintiff City of Chicago ("the City") hereby files this Status Report providing additional information concerning its document production in general, and concerning the specific documents listed on page 36 of the parties' Joint Status Report (Dkt. No. 887):

As noted in the City's initial submission, the City has employed broad filters when evaluating responsiveness of documents reviewed for production in this case. The City has agreed to produce documents and information *concerning non-opioid drugs* in three circumstances: (i) where information concerning non-opioid drugs is contained "within documents pertaining to opioid medications or drugs;" (ii) where information concerning non-opioid drugs is contained "within documents pertaining to substance abuse generally;" and (iii) where information concerning non-opioid drugs is contained "within generally applicable material, including medical/prescription plan documents, budgets and other databases."

Defendants' requests go well beyond even those broad filters – seeking information concerning non-opioid drugs *even when that information has no connection to opioids*. Request

No. 11 seeks "[a]ll Documents from or related to the Chicago Department of Public Health or any other public agency related to controlled substances . . . or any Illicit Drug."[1] Request No. 14 seeks "[a]ll Documents relating to unintentional medication or drug overdose deaths in Chicago," whether or not those deaths had any connection to opioids.

Such broad and seemingly limitless requests are not proportional to the needs of the case. Request No. 11 in particular effectively would require production of nearly the entirety of the files of the Department of Public Health and the Police Department. A request seeking production from the Police Department of every document related to every drug-related offense is patently overbroad. Similarly, the Department of Public Health undertakes efforts concerning numerous drugs that are not at issue in this litigation. To the extent those efforts had any connection or relation to opioids, the City has produced documents from the Department of Public Health. But Defendants have not made any showing entitling them to massive productions concerning programs and efforts unrelated to opioids.

Indeed, Defendants' requests contradict their own positions in this case. Defendant Janssen asserted that "Janssen's tramadol products are not at issue in this case and have not been for over six years" (Dkt. 887 at 13), and the Court determined that it need not produce information concerning those drugs. (Dkt. 896). Defendants should not be permitted to pick and choose which drugs are at issue or apply different standards to the City's production than they apply to their own productions.

As noted in the Joint Status Report, the City does not seek costs for programs unrelated to

---

[1] Defendants' discovery requests defined "Illicit Drug" to include "any Schedule I drug as well as any drug monitored by the DEA, including but not limited to methamphetamine, cocaine, hallucinogenic compounds, and/or marijuana.

2

opioids. Exhibit 1 to the City's response to Joint Interrogatory No. 13 identifies calculations and specific costs that the City seeks to recover, all of which relate to the City's efforts to address and remediate the effects of opioid misuse and abuse. Defendants do not link their general request for volumes of information related to non-opioid drugs and medications to any particular cost the City seeks to recover. The Court should therefore deny the overbroad request on relevance grounds and because it is not proportional to the needs of the case.

With respect to the specific documents listed on page 36 of the Status Report, most of those documents concern substance abuse generally but nevertheless have some connection to opioids, as set forth below:

| Document | Description |
|---|---|
| Staffing and salary information for Police, Public Health, Fire and OEMC: CHI_003063108 - CHI_003063111 (2011-2020) | These documents reflect information from the Office of Budge and Management and contain the titles and salaries of all employees within these agencies. The employees listed in these tables have responsibilities impacted by the opioid crisis, including responding to opioid overdoses (Fire, Police and OEMC) and programming concerning substance abuse treatment (Public Health). |
| | As noted in the City's response to Joint Interrogatory No. 13, the calculation of the precise portion of the City's budget, resources, and staff time that have been spent on or diverted to responding to the opioid crisis is properly the subject of expert analysis and testimony. In conducting that analysis, the City's experts will not rely on non-public material in the City's possession or control that the City has not produced in this litigation. |
| Substance abuse treatment vendor contracts, CHI_003064579-CHI_003068519 | The contracts relate to substance abuse generally. The City contracts with each of the vendors to provide substance abuse and intervention services, which includes services for individuals who have abused or are addicted to opioids. |

4

| Document | Description |
|---|---|
| Pharmaceutical Representative Licensing database and contracts CHI_003064477-CHI_003064521 | In 2017, the City added a requirement that any "pharmaceutical representative," defined as "a person who markets or promotes pharmaceuticals to health care professionals," must obtain a pharmaceutical representative license from the City. MCC 4-6-310. The City produced the entirety of the applicants and licensees for the period from 2017-2020, including applicants seeking to promote non-opioid medications. The contracts concern third parties engaged to administer the databases. |
| Express Script Drug Trend Report, CHI_002433987 (2010) | This is a report prepared by one of the City's pharmaceutical claims vendors. The report does not concern substance abuse *per se*, but rather purports to "quantif[y] and explain[] the behavioral factors that exacerbate wasteful spending and influence trend." The document contains agreed search terms and was produced on that basis. |
| Substance Use Disorder Services Monthly Data Reports, CHI_003284708, CHI_002981259, CHI_002983370, CHI_002880196, CHI_002880269 | These reports contain aggregate information pertaining to substance abuse generally, and opioids specifically. Among other things, the document categorizes services provided by drug type, including prescription and illicit opioids. |
| Guide to: Principles of drug addiction treatment, CHI_002522707 (2012) | This document is a "research-based guide" published by the National Institute on Drug Abuse pertaining to substance abuse generally. The document contains agreed search terms and was produced on that basis. |
| Emails re Petition to FDA on Benzodiazepine and Opioid Labeling, CHI_002522939 (2016) | This email chain concerns a petition to the FDA seeking a warning concerning the effects of using opioids with benzodiazepines. It is specifically related to opioids. |
| City of Chicago Department of Public Health Request for Proposal for Substance Abuse Lead Agency, CHI_002827747 (2015) | This draft Request for Proposal concerns substance abuse generally, but the contemplated services include services related to treatment of opioid addiction. |

| Document | Description |
|---|---|
| Substance Abuse Roundtable Meeting Summary, "What are the big trends in abuse and recovery? What are the opportunities that are being missed? What policy efforts can be targeted", CHI_002828729 (2014) | This document summarizes a meeting of substance abuse providers. The majority of the discussion concerns issues attendant to treatment for opioid addiction. |

The City will provide copies of any or all of the documents listed above to the Court upon the Court's request and remains available for oral argument concerning this important issue.

Dated: December 21, 2020

Respectfully submitted,

**City of Chicago**

BY: /s/ *Kara A. Elgersma*
Kenneth A. Wexler
Bethany R. Turke
Kara A. Elgersma
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
kaw@wexlerwallace.com
brt@wexlerwallace.com
kae@wexlerwallace.com
Phone: (312) 346-2222
Fax: (312) 346-0022

Thomas P. McNulty
Fiona A. Burke
City of Chicago, Department of Law
30 N. LaSalle St., Suite 1240
Chicago, IL 60602
thomas.mcnulty@cityofchicago.org
fiona.burke@cityofchicago.org
Phone: (312) 744-6929
Fax: (312) 742-3832

Linda Singer (admitted *pro hac vice*)
Elizabeth Smith (admitted *pro hac vice*)

David I. Ackerman (admitted *pro hac vice*)
MOTLEY RICE LLC
lsinger@motleyrice.com
esmith@motleyrice.com
dackerman@motleyrice.com
401 9th Street NW, Suite 1001
Washington, DC 20004
Phone: (202) 232-5504
Fax: (202) 386-9622

*Attorneys for Plaintiff City of Chicago*