**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | |
| Plaintiff, | |
| v. | Case No. 14-cv-04361 |
| PURDUE PHARMA L.P., et al., | Honorable Jorge L. Alonso |
| Defendants. | Magistrate Judge Young B. Kim |

**JOINT STATUS REPORT**

Pursuant to this Court's January 30, 2021 Minute Entry (Dkt. No. 933), Plaintiff City of Chicago ("the City") and Defendants[1] (collectively, the "Parties") hereby file this Joint Status Report.

**I.    DEPOSITIONS OF DEFENDANT WITNESSES**

In addition to the deposition dates set forth in this Court's January 30, 2021 Minute Entry (Dkt. No. 933), the City, the Teva Defendants, and Endo agree to the following deposition dates:

---

[1] For purposes of this Joint Status Report, the "Defendants" include Teva Pharmaceuticals USA, Inc., Cephalon Inc., Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., Actavis LLC, and Actavis Pharma, Inc., f/k/a Watson Pharma, Inc. ("Teva Defendants"); Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc. ("Janssen"); Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("Endo"); Allergan plc f/k/a Actavis plc and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. ("Allergan").

1

- March 9, 2021 – Andy Boyer[2] (Teva Defendants)

- March 10, 2021 – William Kellens (Endo)

- March 11, 2021 – Steve Cohen (Teva Defendants)

II.  **DEPOSITIONS OF CITY WITNESSES**

Defendants seek depositions of the following initial list of City witnesses:

- Allison Arwady (Department of Public Health)

- Ed Burke (City Executive/Heroin Task Force[3])

- Grace Cielak (Consumer Protection)

- Matthew Cline (Police Department)

- Anthony Riccio (Police Department)

- Hugh Russell (Fire Department)

- Elizabeth Salisbury-Afshar (Department of Public Health)

- Noel Sanchez (Police Department)

- Mary Sheridan (Fire Department/EMS)

---

[2] Although Mr. Boyer's deposition is scheduled, the City and the Teva Defendants are engaged in ongoing discussions concerning it and potential alternatives. On February 6, 2021 the Court extended the time for the Teva Defendants to file any motion to quash until February 15, 2021 with any opposition due February 19, 2021. (Dkt. No. 938.)

[3] Defendants served Requests for Production of Documents on the Chicago-Cook Task Force on Heroin in December but have not yet received documents in response to these requests. Mr. Burke is the former Co-Chair of this task force. Defendants respectfully request to defer Mr. Burke's deposition until documents have been received from the Chicago-Cook Task Force on Heroin.

2

*The City's Statement regarding Depositions:*

The City received this list of nine individuals on Friday afternoon and will obtain available dates from the witnesses. Nevertheless, the City harbors serious concerns regarding Defendants' refusal to identify more than 9 desired deponents, especially in light of the fact that Defendants have received the Court's permission to take up to 350 hours of deposition testimony in this action, more than 100 hours more than the City was allotted for deposition testimony from all four Defendant "families." Dkt. 802.

As noted in the previous status report, the City has produced more than 1,100,00 documents in this action, totaling over 4,600,000 pages. The argument that this production is insufficient to permit Defendants to identify more than 9 requested deponents strains credulity.

Nor should the Court permit Defendants to hide behind the forthcoming expert report to excuse their delay. Defendants' own submissions confirm that their discovery from the City will extend beyond the topic of "damages." Defendants represented to this Court a year ago that they required expansive discovery from the City, arguing:

> Discovery of the City will require, among other things, discovery into the City's and its health plans' policies regarding prescribing opioids, harms, costs, or damages the City claim[s] were caused by Defendants, and the City's law enforcement records regarding the identification, tracking, and combatting diversion of prescription opioid medications.[4]

In the April 17, 2020 Status Report, Defendants similarly represented that they "will need to depose Chicago witnesses regarding their knowledge of suspicious orders that allegedly should have (but were not) reported to officials and the alleged impact those orders had on the City."[5] They also argued that "discovery on issues related to claims data and the City's opioid

---

[4] Dkt. 701, January 28, 2020 Joint Status Report, at 12.
[5] Dkt. 752 at 11.

3

reimbursement practices remains not only relevant but critical to the City's claims and Defendants' defenses."[6]

The City's robust document production is more than sufficient for Defendants to identify now the individuals they seek for discovery concerning "health plan policies regarding prescribing opioids" or "law enforcement" personnel to testify as to the "the identification, tracking and combatting diversion of prescription opioid medications." The expert report will not aid identification of deponents concerning these topics.

Moreover, even if the City's expert report will inform Defendants' *questioning*, Defendants can and should identify the *individuals* whom they seek to question regarding those costs. The selections need not be final. The depositions can be scheduled for dates after service of the City's expert report. But the City requires sufficient advance notice to make City officials with public health responsibilities available for deposition (including time for deposition preparation). There is no reason that the parties cannot start working immediately to schedule depositions of City employees for March and April. Otherwise, those depositions are unlikely to occur until May or June.

Further, the City is concerned that Defendants' delay has resulted in a staggered schedule whereby the City takes discovery from Defendants' witnesses before Defendants even identify the witnesses whom they seek to question. Such a schedule would not only delay this litigation, it gives Defendants an unfair discovery advantage to which they would not otherwise be entitled. Instead of depositions proceeding simultaneously (as they would in nearly all other litigation), Defendants will be privy to the City's questioning and can adjust their deposition strategy

---

[6] *Id.*

4

accordingly. While the City understands the Court's desire to stage discovery, such a schedule should not advantage one side over the other. If depositions of City officials occur after depositions of Defendants' personnel, the City must be permitted to take depositions or pursue discovery after (or at the same time as) questioning of its own witnesses, even if the Court must adjust the current discovery limits to accommodate that discovery.

*The Defendants' position:*

In its January 30, 2021 Minute Order, the Court instructed the Parties "to file a joint status report by February 8, 2021, updating the court on the deposition dates for Kellens, Boyer, and Cohen and the initial list of witnesses Defendants wish to depose." (Dkt. No. 933.) The Defendants have done so by providing dates for the named deponents and identifying an initial list of witnesses they wish to depose. The City's insertion of several pages of arguments is unwarranted. The Court did not request such arguments, nor did the City meet and confer with Defendants prior to inserting arguments into this report.

Nor does the City's argument have merit. The City takes issue that Defendants have identified "only" 9 deponents from the City. Yet—apart from 30(b)(6) deposition requests—the City has identified a *combined* 12 deponents for *all* Defendants. Accordingly, there is no significant disparity regarding the number of identified deponents for each party. As for the City's concerns regarding the deposition schedule being "staggered," the City insisted on initiating depositions of Defendant witnesses prior to the completion of its own document productions and written discovery responses; Defendants cannot be faulted for the consequences of the City's approach to discovery.

Dated:    February 8, 2021                          Respectfully submitted,

/s/ Kara A. Elgersma                                /s/ Tinos Diamantatos
Kenneth A. Wexler                                   Tinos Diamantatos
Bethany R. Turke                                    Zachary R. Lazar
Kara A. Elgersma                                    MORGAN, LEWIS & BOCKIUS LLP
WEXLER WALLACE LLP                                  77 West Wacker Drive
55 W. Monroe Street, Suite 3300                     Chicago, Illinois 60601
Chicago, IL 60603                                   (312)-324-1000
kaw@wexlerwallace.com                               Firm Id # 40417
brt@wexlerwallace.com                               tinos.diamantatos@morganlewis.com
kae@wexlerwallace.com                               zachary.lazar@morganlewis.com
Phone: (312) 346-2222
Fax: (312) 346-0022                                 Eric W. Sitarchuk
                                                    Rebecca J. Hillyer
Thomas P. McNulty                                   MORGAN, LEWIS & BOCKIUS LLP
Fiona A. Burke                                      1701 Market St.
City of Chicago, Department of Law                  Philadelphia, PA 19103-2921
30 N. LaSalle St., Suite 1240                       T: 215.963.5840
Chicago, IL 60602                                   eric.sitarchuk@morganlewis.com
thomas.mcnulty@cityofchicago.org                    rebecca.hillyer@morganlewis.com
fiona.burke@cityofchicago.org
Phone: (312) 744-6929                               *Attorneys for Teva Pharmaceuticals, U.S.A.,*
Fax: (312) 742-3832                                 *Inc., Cephalon, Inc., Watson Laboratories,*
                                                    *Inc., Actavis LLC, and Actavis Pharma, Inc.*
Linda Singer
Elizabeth Smith                                     /s/ Jonathan L. Stern
David I. Ackerman                                   Jonathan L. Stern
MOTLEY RICE LLC                                     Arnold & Porter Kaye Scholer LLP
lsinger@motleyrice.com                              601 Massachusetts Ave. NW
esmith@motleyrice.com                               Washington, DC 20001
dackerman@motleyrice.com                            Phone: 202-942-5000
401 9th Street NW, Suite 1001                       jonathan.stern@arnoldporter.com
Washington, DC 20004
Phone: (202) 232-5504                               Sean O. Morris
Fax: (202) 386-9622                                 Arnold & Porter Kaye Scholer LLP
                                                    777 S. Figueroa St., Suite 4400
*Attorneys for Plaintiff City of Chicago*           Los Angeles, CA 90017
                                                    Phone: 213-243-4000
                                                    sean.morris@arnoldporter.com


                                                    Douglas F. Curtis (IL 6329143)
                                                    Caitlin Martini Mika (IL 6316776)

6

Arnold & Porter Kaye Scholer LLP
70 W. Madison St., Suite 4200
Chicago, IL 60602
Phone:  (312) 583-2300
doug.curtis@arnoldporter.com
caitlin.mika@arnoldporter.com

Carole S. Rendon (IL 6200217)
Melissa D. Bertke (*admitted pro hac vice*)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
127 Public Square, Suite 2000
Cleveland  OH  44114-1214
Phone: 216.861.7420
crendon@bakerlaw.com
mbertke@bakerlaw.com

Justin R. Donoho (IL 6299667)
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago,IL  60606-2841
Telephone:  312.416.8198
jdonoho@bakerlaw.com

*Attorneys for Endo Health Solutions Inc. and
Endo Pharmaceuticals Inc.*

/s/ Charles Lifland
Charles C. Lifland (*admitted pro hac vice*)
Sabrina H. Strong (*admitted pro hac vice*)
Esteban Rodriguez (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com
esrodriguez@omm.com

Amy R. Lucas (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue Of The Stars

7

Los Angeles, CA 90067
Telephone: (310) 246-6784
Facsimile: (310) 246-6779
alucas@omm.com
Sherry A. Knutson (#6276306)
TUCKER ELLIS LLP
233 South Wacker Drive, Suite 6950
Chicago, Illinois 60606
Telephone: (312) 624-6300
Facsimile: (312) 624-6309
sherry.knutson@tuckerellis.com

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Johnson &
Johnson, Janssen Pharmaceutica, Inc.
n/k/a Janssen Pharmaceuticals, Inc., and
Ortho-McNeil-Janssen Pharmaceuticals, Inc.
n/k/a Janssen Pharmaceuticals, Inc.*

/s/ Donna Welch
Donna Welch, P.C.
Timothy W. Knapp
Karl Stampfl
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
donna.welch@kirkland.com
tknapp@kirkland.com
karl.stampfl@kirkland.com

Jennifer G. Levy, P.C. (admitted pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jlevy@kirkland.com

*Attorneys for Allergan plc (f/k/a Actavis plc)
and Allergan Finance, LLC (Actavis, Inc.
f/k/a Watson Pharmaceuticals, Inc.)*

8