UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

City of Chicago
                              Plaintiff,

v.                                                    Case No.: 1:14–cv–04361
                                                      Honorable Jorge L. Alonso

Mallinckrodt PLC, et al.
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, February 22, 2021:

    MINUTE entry before the Honorable Young B. Kim: Teva Defendants' ("Teva") motion to quash the notice of Andrew Boyer's deposition [946] is granted. Teva asserts that Plaintiff does not have good cause to depose Boyer a second time. The court agrees. Plaintiff responds to the motion that: (1) one day of deposition was not enough to fully explore all topics with Boyer given his long tenure with various Defendants named in this litigation; (2) since the first deposition Purdue Defendants have declared bankruptcy and Boyer's testimony is now necessary to understand Purdue–related documents and the nature of Purdue– Allergan relationship; and (3) the deposition of Boyer would reduce the overall discovery burden on Defendants. These reasons do not amount to good cause here. As to the first reason, Plaintiff argues that it must be granted more than one day to depose Boyer because "he wore many hats at Watson, Actavis and Allergan," (R. 956 at 1), and "has an 18–year record of relevant activities" at these entities, (id. at 3). As such, Plaintiff asserts that one day of deposition simply is not enough time to cover all bases. (Id. at 6.) And yet, Plaintiff does not explain in its response why it failed to use all seven hours of deposition time during the first deposition, even after Teva points to this fact numerous times in its motion. There is also no evidence in the record to demonstrate that the MDL plaintiffs sought more time to complete Boyer's deposition. As to the second reason, Purdue Defendants' bankruptcy does not change the fact that Plaintiff knew of Boyer's involvement with the distribution agreement entered into between Watson and Purdue before the first deposition more than two years ago. If Plaintiff wishes to further investigate Purdue Defendants' relationship with Watson or Allergan, it is entitled to do so through other means, but not by deposing someone who has already appeared for his deposition once. There is no indication in the record that Boyer is the only individual who can speak on this topic. As to the third reason, Plaintiff may decide not to call several other witnesses if it is able to depose Boyer, thereby reducing the number of depositions the parties need to take and defend. That may or may not be the case as the parties proceed with depositions. But it is certain that Boyer is a third–party witness in this matter and does not wish to appear for a second deposition. Without good cause, the court will not force Boyer to appear for a second deposition. For these reasons, Boyer is not required to appear for his deposition on March 9, 2021. Mailed notice (ma,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.