IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | |
| Plaintiff, | |
| v. | Case No. 14-cv-04361 |
| PURDUE PHARMA L.P., et al., | Honorable Jorge L. Alonso |
| Defendants. | Magistrate Judge Young B. Kim |

**PLAINTIFF'S NOTICE OF FACTS RELATING TO RECUSAL PURSUANT TO 28 U.S.C. § 455(a) & (b)(5)(ii) PURSUANT TO THE COURT'S DIRECTION**

PLEASE TAKE NOTICE:

Pursuant to the Court's direction, Plaintiff City of Chicago respectfully and reluctantly files this Notice advising of facts concerning the involvement of Nancy Kim, sister of Magistrate Judge Young B. Kim, that relate to recusal pursuant to 28 U.S.C. § 455(a) and (b)(5)(ii).

1. On March 22, 2021, counsel for Defendant Allergan informed the Court and the City's counsel that AbbVie's in-house counsel responsible for managing its opioids-related litigation was resigning, and that Ms. Kim, Judge Kim's sister, would assume those responsibilities going forward.

2. At the Court's request, counsel for Defendant Allergan further clarified Ms. Kim's role in opioids-related litigation:

- Ms. Kim will work closely with Kirkland & Ellis (and other firms) to develop and oversee the litigation and settlement strategy regarding opioid litigation at a national level, including serving as client representative as required and permitted in settlement discussions.

1

- In cases that are being actively litigated, her role will also include review and input at every stage, including with respect to key pleadings and motion practice, fact and expert discovery, and trial strategy.

- If Plaintiff or the Court requests, the company will designate a separate in-house counsel to perform the above responsibilities with respect to the City of Chicago matter. In that event, an ethical wall will be established so Ms. Kim would have no role on issues specific to the City of Chicago matter, other than being informed of key developments in the case going forward.

Ex. 1 [Welch email of March 22, 2021]. The parties met and conferred regarding this issue on March 24, 2021.

3. As disclosed by Allergan, Ms. Kim will soon serve as AbbVie's in-house counsel responsible for "oversee[ing] the litigation and settlement strategy" of its opioid-related litigation nationwide. Ex. 1. In that capacity, she "will work closely with Kirkland & Ellis," one of firms litigating the City of Chicago matter, as well as "other firms." *Id.*

4. Ms. Kim thus will be extensively involved in formulating a national opioid litigation and settlement strategy that will encompass and affect the City of Chicago matter. Such decisions, made as part of a national strategy, will necessarily be applied to, or at least have influence on, individual opioids-related cases—including this matter.

5. Such a significant degree of oversight and involvement in the overarching litigation strategy for the set of cases that <u>includes</u> the City of Chicago constitutes "acting as a lawyer in th[is] proceeding," 28 U.S.C. § 455(b)(5)(ii).

6. Although Allergan offered to screen Ms. Kim from matters unique to the Chicago case (such as whether experts will be used in this case), her knowledge and decisions with respect to the national litigation will necessarily include and affect the City's case. Allergan's national litigation strategy, settlement positions, and defenses will necessarily carry over to the Chicago litigation.

7. 28 U.S.C. § 455(b) sets forth grounds for recusal that may not be waived by the parties. These grounds for recusal include where the judge, "or a person within the third degree of a relationship"[1] to him:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; [or]

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b)(5).

8. In addition to these non-waivable grounds, 28 U.S.C. § 455(a) more broadly requires a judge to recuse himself—absent waiver by the parties—from "any proceeding in which his impartiality might reasonably be questioned." As the United States Court of Appeals for the Seventh Circuit has explained, this is an objective inquiry that asks whether "a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998).[2]

9. The City hereby submits Notice of these new facts for consideration of recusal by the court under both § 455(a) & (b). The City recognizes and deeply appreciates the diligence

---

[1] Such persons include siblings. *See, e.g.*, *Melendres v. Arpaio*, No. 07-cv-2513, 2009 WL 2132693, at *10 (D. Ariz. July 15, 2009) ("The phrase 'third degree of relationship' has been . . . interpreted to include a judge's siblings.").

[2] Courts applying this standard under § 455(a) are to be "guided by the situations outlined in § 455(b), because 'affiliations that pose risks similar to those identified in § 455(b) may call for disqualification under § 455(a).'" *In re Hatcher*, 150 F.3d at 637 (quoting *In re Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988)). Thus, in evaluating a recusal motion under § 455(a), courts can and should consider whether the similar risks presented by the situations identified in § 455(b) are present—even where the precise criteria for recusal under § 455(b) are not met. *See* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3549 (3d ed.) ("The existence of § 455(a) means that courts need not apply the provisions of § 455(b) in an overly technical way.").

3

with which the Court has overseen this litigation, and files this Notice with unqualified respect for the integrity of the Court, mindful of the important interests implicated by the recusal statute and this litigation.

DATED: April 2, 2021               Respectfully submitted,

                                                             CELIA MEZA
                                                             Acting Corporation Counsel, City of Chicago

                                                             By: */s/ Kara A. Elgersma*
                                                                 Kara A. Elgersma

                                                            Kenneth A. Wexler
                                                           Bethany R. Turke
                                                           Kara A. Elgersma
                                                           WEXLER WALLACE LLP
                                                           55 W. Monroe Street, Suite 3300
                                                           Chicago, IL 60603
                                                           kaw@wexlerwallace.com
                                                           brt@wexlerwallace.com
                                                           kae@wexlerwallace.com
                                                           Phone: (312) 346-2222
                                                           Fax: (312) 346-0022

                                                           Thomas P. McNulty
                                                           Fiona A. Burke
                                                           City of Chicago, Department of Law
                                                           30 N. LaSalle St., Suite 1240
                                                           Chicago, IL 60602
                                                           thomas.mcnulty@cityofchicago.org
                                                           fiona.burke@cityofchicago.org
                                                           Phone: (312) 744-6929
                                                           Fax: (312) 742-3832

Linda Singer (admitted pro hac vice)
Elizabeth Smith (admitted pro hac vice)
David I. Ackerman (admitted pro hac vice)
MOTLEY RICE LLC
lsinger@motleyrice.com
esmith@motleyrice.com
dackerman@motleyrice.com
401 9th Street NW, Suite 1001
Washington, DC 20004
Phone: (202) 232-5504
Fax: (202) 386-9622

*Attorneys for Plaintiff City of Chicago*