IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | |
| Plaintiff, | |
| v. | Case No. 14-cv-04361 |
| PURDUE PHARMA L.P., et al., | Honorable Jorge L. Alonso |
| Defendants. | Magistrate Judge Young B. Kim |

**RESPONSE TO**
**"PLAINTIFF'S NOTICE OF FACTS RELATING TO RECUSAL"**

Undersigned Defendants[1] respectfully submit this brief response to Plaintiff's "Notice of Facts Relating to Recusal Pursuant to 28 U.S.C. Sec. 455(a) & (b)(5)(ii) pursuant to the Court's Direction" ("Notice").

Undersigned Defendants acknowledge the important judicial policies served by 28 U.S.C. § 455. At the same time, it is equally important to recognize that when circumstances do not give rise to a reasonable basis to question a judge's impartiality, disrupting proceedings through recusal is harmful and unwarranted. "A motion for recusal should not be granted lightly; a judge

---

[1] The Defendants joining this Response are Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. ("Endo"); Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. ("Janssen"); and Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. ("Teva").

is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do." *LJ Consulting Servs., LLC v. SunTrust Inv. Servs., Inc.*, No. 19-CV-06763, 2020 WL 419412, at *1 (N.D. Ill. Jan. 27, 2020) (quoting *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981), abrogated on other grounds by *United States v. Durrive*, 902 F.2d 1221, 1228 (7th Cir. 1990)).

Undersigned Defendants believe that the following factors should be considered by the Court in evaluating the points outlined in Plaintiff's Notice:

1. In making its decision on Plaintiff's motion, the Court should weigh the substantial disruption to this litigation that will result if Magistrate Judge Kim is removed from this case. After nearly seven years of personal involvement in the case, both before removal to the MDL and after remand, inevitably there will be substantial delays and disruption to on-going discovery and trial preparation as a new Magistrate Judge gets up to speed. "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly, and a change of umpire mid-contest may require a great deal of work to be redone ... and facilitate judge-shopping." *In re Nat. Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988).

2. The fact that Magistrate Judge Kim's sister is employed in the legal department at AbbVie, which acquired Allergan, has been known by the parties since June of 2020. None of the parties raised a question or concern at that time. Courts have previously determined that when a relative is employed by a party or their counsel, that is not enough to require recusal. *See, e.g., In re Flynn*, 2011 WL 13383665 (N.D. Ill. Oct. 31, 2011) (refusing a stay because the

2

judge likely did not err when he did not recuse himself when his son was employed at a law firm).

3. As Undersigned Defendants understand the current circumstances, although the original proposal was that Ms. Kim might take over global responsibility for the opioid litigation at Allergan, in an effort to stave off the disruption that will necessarily arise if there is a recusal here, Allergan has offered to create an ethical wall between Ms. Kim and the management of this case. In addition, although Plaintiff's Notice neglects to mention it, Allergan had also notified Plaintiff that in house counsel who would be responsible for the City of Chicago case would not report to Ms. Kim. The language of 28 U.S.C. § 455(b)(5)(ii) is precise: it requires disqualification if a judge's relative "*[i]s acting as a lawyer in the proceeding*" (emphasis added). The Plaintiff's Notice essentially elides this point, asserting—without support or explanation—that "oversight and involvement in the overarching litigation strategy" constitutes "acting as a lawyer in th[is] proceeding." Notice at 2. But simply saying this does not make it so. The creation of and adherence to an ethical wall means, in the most plain way possible, that Ms. Kim will *not* be "acting as a lawyer in th[is] proceeding." Plaintiff asserts that Ms. Kim's involvement in national litigation and settlement strategy will "affect" the City of Chicago matter, but that is speculative at best, and it is not actually apparent how this will be the case in the day-to-day proceedings of this litigation. The creation of an ethical wall will serve to obviate any direct link between Magistrate Kim's actions and decisions and the actions and decisions of his sister. And that is the circumstance that is targeted by the actual language of 28 U.S.C. § 455(b)(5)(ii).

In the end, the more general question presented pursuant to 28 U.S.C. § 455(a) is whether "an objective, disinterested observer fully informed of the reasons for seeking recusal would

entertain a significant doubt that justice would be done in the case." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (internal citation omitted). Defendants do not believe that an objective observer, apprised of the history of this case and the steps Allergan will take to shield Ms. Kim from involvement in this case, would entertain any reasonable doubt about justice being done here.

Dated: April 6, 2021

Respectfully submitted,

/s/ Douglas F. Curtis
Douglas F. Curtis (IL 6329143)
Caitlin Martini Mika (IL 6316776)
Arnold & Porter Kaye Scholer LLP
70 W. Madison St., Suite 4200
Chicago, IL 60602
Phone: (312) 583-2300
doug.curtis@arnoldporter.com
caitlin.mika@arnoldporter.com

Jonathan L. Stern
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Phone: 202-942-5000
jonathan.stern@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Phone: 213-243-4000
sean.morris@arnoldporter.com

Carole S. Rendon (IL 6200217)
Melissa D. Bertke (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland OH 44114-1214
Phone: 216.861.7420
crendon@bakerlaw.com
mbertke@bakerlaw.com

Justin R. Donoho (IL 6299667)
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago IL 60606-2841
Telephone: 312.416.8198
jdonoho@bakerlaw.com

*Attorneys for Endo Health Solutions Inc. and*

5

*Endo Pharmaceuticals Inc.*

/s/ *Amy R. Lucas*
Charles C. Lifland (admitted *pro hac vice*)
Sabrina H. Strong (admitted *pro hac vice*)
Esteban Rodriguez (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
clifland@omm.com
sstrong@omm.com
esrodriguez@omm.com

Amy R. Lucas (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
alucas@omm.com

Sherry A. Knutson (#6276306)
TUCKER ELLIS LLP
233 South Wacker Drive, Suite 6950
Chicago, Illinois 60606
Telephone: (312) 624-6300
Facsimile: (312) 624-6309
sherry.knutson@tuckerellis.com

*Attorney for Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ *Tinos Diamantatos*
Tinos Diamantatos
Zachary R. Lazar
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601

Telephone: 312.324.1000
tinos.diamantatos@morganlewis.com
zachary.lazar@morganlewis.com

Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Telephone: 215.963.5840
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

*Attorneys for Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc.*

**CERTIFICATE OF SERVICE**

On April 6, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: */s/ Douglas F. Curtis*