UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CITY OF CHICAGO, a municipal corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PURDUE PHARMA, L.P. et al.,**<br><br>**Defendants.** | No. 14 CV 4361<br><br>Magistrate Judge Beth W. Jantz |

### ORDER APPOINTING SPECIAL MASTER

Pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C), I hereby appoint Hon. James "Jay" C. Francis IV (ret.), to serve as Special Master, until further order of this Court. The Court has received an affidavit from Judge Francis disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. [Dkt. 1157.] Fed. R. Civ. P. 53(b)(3). No party has raised any other ground for disqualification. The Court has determined that no ground for disqualification exists. Fed. R. Civ. P. 53(a)(2). Consistent with Fed. R. Civ. P. 53(b)(1), the Court has given the parties notice and an opportunity to be heard on the appointment of Judge Francis. As required by Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the parties, and protected against unreasonable expense or delay.

IT IS FURTHER ORDERED THAT:

1. The Special Master is appointed to address and resolve certain disputes in this matter regarding alleged deficiencies with respect to Endo Pharmaceuticals, Inc. and Endo Health Solutions, Inc.'s (collectively, "Endo") participation in discovery in this matter and by incorporation, discovery in the related MDL, *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio), to make findings concerning the same, and to recommend any remedial or curative relief that may be necessary, reasonable, and proportional under the circumstances. Among other things, the Special Master will preside over an expedited process for discovery regarding the adequacy and reasonableness of Endo's document and data identification and production processes in this matter. [*See* dkt. 1133, Sept. 8, 2021 Order.] The Special Master shall proceed with all reasonable diligence. Fed. R. Civ. P. 53(b)(2).

2. The Special Master is granted the full rights, powers and duties afforded by Fed. R. Civ. P. 53(c) and may adopt such procedures as are not inconsistent with the Rule or with this or other orders of this Court. The Special Master shall have the authority to take appropriate measures to perform his duties fairly and efficiently and to regulate all proceedings before him. To assist him in this undertaking, the Special Master may, in his sole discretion, choose to retain a neutral

third-party technical advisor. (*See infra* ¶12 regarding expenses.) The Special Master may hold conferences and hearings, including hearing arguments and reviewing materials *in camera*. The Special Master may recommend a contempt or any other sanction against a party or a non-party.

3. The parties have represented that completion of expedited discovery under this order is feasible within 60 days of the Special Master's appointment. Accordingly, the Special Master shall set an appropriately expedited discovery schedule.

4. In furtherance of his duties, the Special Master may communicate *ex parte* with the Court on any matter. The Special Master may not communicate *ex parte* with the parties except with respect to scheduling matters and, with the consent of the affected parties, to mediate a dispute. The restriction on *ex parte* communications does not prohibit the submission of documents to the Special Master *in camera* for resolution of privilege disputes.

5. The Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

6. The City of Chicago and Endo shall each respectively designate up to three lead attorneys and/or lead technical advisors (total) as points-of-contact for the Special Master. These designees shall have sufficient authority and knowledge to make commitments and carry them out to allow the Special Master to accomplish his duties. The parties are directed to give the Special Master their full cooperation and to promptly provide the Special Master access to any and all facilities, files, documents, media, systems, databases, and personnel (including technical staff and vendors) which the Special Master deems necessary to complete his duties.

7. Disclosure of privileged or protected information connected with the litigation to the Special Master shall not be a waiver of privilege or a right to seek protection in this case and is also not a waiver in any other Federal or State proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure to the Special Master only. The parties otherwise retain the ability to assert privilege or other discovery protections.

8. The Special Master shall preserve, as a record of his activities, all written submissions received from the parties, all written submissions sent to the parties, any transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact on the basis of evidence. Fed. R. Civ. P. 53(b)(2)(C). The Special Master shall file with the Clerk of Court such records upon the request of any party or the Court. The Special Master also shall file any order, report, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). Docketing an order, report, or recommendation via the Court's CM/ECF system constitutes proper service upon all parties.

9. A party may file objections, a motion to adopt, or a motion to modify the Special Master's order, report, or recommendation no later than five business days from the date of that order, report, or recommendation. The party so filing must also file the relevant record if not filed by the Special Master with the order, report, or recommendation. Unless a different schedule is

set by the Court, the responding party shall file a written response five business days after the objection or motion is filed.

10. Any order, report, or recommendation of the Special Master on non-dispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The Court will set aside a ruling on procedural matters only where it is an abuse of discretion. Fed. R. Civ. P. 53(f)(5).

11. Unless the parties, with the Court's approval, stipulate to some other standard of review under Fed. R. Civ. P. 53(f)(3), the Court will decide *de novo* all objections to findings of fact made or recommended by the Special Master. The Court will decide *de novo* all objections to conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(4).

12. Endo has agreed that it will be solely responsible for payment of all reasonable fees and costs incurred by the Special Master, including fees and costs associated with a neutral third-party technical advisor to the Special Master, if the Special Master chooses to retain one. Accordingly, the Special Master's compensation, as well as any reasonable costs and expenses incurred by the Special Master, shall be borne by Endo. Fed. R. Civ. P. 53(g). Endo is therefore directed to make appropriate financial arrangements with the Special Master within five days of the Special Master's appointment.

13. The Special Master shall be bound by the terms of all applicable protective orders. To aid in his engagement, the parties shall direct the Special Master to the appropriate protective orders as necessary.

14. In making this appointment, the Court has determined that the matters within the purview of the Special Master relate to extensive discovery spanning many years, and cannot be effectively and timely addressed by an available district judge or magistrate judge of the District. Fed. R. Civ. P. 53(a)(1)(C).

15. This Order may be amended at any time after notice to the parties and an opportunity for them to be heard. Fed. R. Civ. P. 53(b)(4).

Date: October 19, 2021

_____
BETH W. JANTZ
United States Magistrate Judge