IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **City of Chicago** | ) | |
| Plaintiff(s), | ) | 1:14-cv-04361 |
| v. | ) | Magistrate Judge Beth W. Jantz |
| | ) | |
| **Purdue Pharma L.P. et al.** | ) | |
| Defendant(s), | ) | |

## ORDER

Telephonic status hearing held on 10/29/21 and continued to 11/29/21 at 10:00 a.m. CT. A Joint Status Report is due by 11/22/21. Additional deadlines and discussion are below. To join the 11/29/21 status conference by phone, dial 888-273-3658 and enter access code 2217918.

## STATEMENT

*Rule 30(b)(6) Depositions*

(1) Regarding the City of Chicago's Rule 30(b)(6) deposition, defendants' motion to compel is under advisement and the Court will issue a written order. As discussed at a previous status, the City is directed to begin identifying its potential designee(s) so that those deposition(s) may proceed in late November or early December in order to meet the 12/16/21 fact discovery close.

(2) Assistant State's Attorney Helen Jang appears on behalf of subpoena respondent Cook County Medical Examiner and reports that the deposition of the Medical Examiner is set to proceed on 11/4/21. Cook County Medical Examiner is directed to produce outstanding documents to the parties by 5:00 p.m. on 11/1/21.

*Third-Party Subpoenas*

The parties report on their progress regarding third-party subpoenas since the filing of their last Joint Status Report. As discussed in open court and in the Court's previous status hearing order, to the extent that any party determines that a motion to compel compliance with a subpoena is necessary, such motions are to be filed by 11/2/21. Any such motion to compel is to be limited to five pages, must attach the subpoena for which compliance is sought, and must include a recitation of meet and confer efforts. For subpoenas served out of District, those should be filed in the District of service in the first instance, FRCP 45. With respect to any motions to compel filed in this District, response(s) to any motion(s) to compel subpoena compliance shall be filed by 11/8/21, and also limited to five pages. A third party's failure to timely respond to a motion to compel may be construed as a waiver of any objection or opposition to production of the requested documents, and given the amount of time that many of these subpoenas have been outstanding as well as the looming fact discovery close, any requests for an extension of time to file a response will be disfavored. To that end, any party filing a motion to compel in this District must serve a

copy of this order as well as their motion on the responding party. While the Court will entertain motions to compel compliance with subpoenas after 11/2/21, the parties may not receive a ruling in time to receive documents prior to the beginning of expert discovery work.

As a reminder, in order to streamline the parties' work, to the extent that an issuing party is satisfied with third party subpoena compliance, the party need not report on the status of that subpoena in the next Joint Status Report.

*Individual Depositions*

With respect to third party ADM, the City reports that it may seek deposition testimony from ADM on substantive issues (as opposed to testimony that exclusively concerns the authentication of and foundation for documents). If the City wishes to add ADM to its list of deponents, it must file a motion seeking leave from the Court to do so, so that the deposition can be completed before the close of fact discovery on 12/16/21. This also goes for any new deponents that any party wishes to add at this point – as included in the Court's 9/15/21 order, any additional deponents whom had not been identified previously were supposed to have been set out in and/or served by the 10/22/21 Joint Status Report.

With respect to deposition testimony that exclusively concerns the authenticity of or foundation for documents, the parties need not notice those depositions in advance of the fact discovery deadline, nor do they need to seek leave of Court for such depositions. As discussed during the status, the parties should continue to meet and confer on this issue, and include an update on their discussions in the next JSR, which should also include the parties' positions on whether document authentication is an issue appropriately before Magistrate Judge Jantz, or whether it is instead reserved for Judge Alonso as the parties' trial judge.

The parties are reminded that once a deposition date is confirmed, it is not to be changed without leave of court, and the court will not grant leave unless the deponent him/herself has good cause. However, the parties may swap dates for identified deponents without leave of court.

*Depositions that the City seeks*:

(1) Gervase – The City reports that the witness has provided her availability for deposition and is awaiting Janssen's response concerning the proposed dates. Janssen is directed to by 11/4/21 select a date within the witness's window of availability for the deposition to proceed.

*Depositions that Defendants seek*:

The defendants continue to attempt to schedule numerous third-party physician depositions. Given the typical difficulty in scheduling such depositions, Defendants are directed to continue engaging in weekly meet and confers with the City regarding both scheduling and the City's corresponding requests for production of information related to each physician. Defendants

should also inform the City when they are no longer seeking to depose any individual third-party physician.

In order to streamline review, to the extent that a party has withdrawn a deposition request or subpoena, the party need not include the status of that deposition in the next Joint Status Report.

*Dispute regarding Documents Sought from Former Teva Employees*

The parties report that the dispute as to one deponent has been resolved, and that the City plans to file by early next week a motion to compel in the District of issuance as to the other deponent at issue.

*Special Master for the City and Endo*

The parties report that they are making progress with respect to the Special Master proceedings, that Endo has named its three lead attorneys/advisers, and that the City would name its three today. The Parties are directed to continue working with the Special Master per the Court's 10/19/21 order, Dkt. 1168.

*Expert Discovery*

The parties have submitted competing expert discovery schedules; the parties' central dispute concerns whether the City's experts will be deposed before or after defendants submit their reports. The parties are directed to file, by 11/8/21, statements identifying (1) the estimated number of experts each party will have; (2) the anticipated topic or expertise of each anticipated expert; (3) whether any of defendants' anticipated experts are rebuttal experts; and (4) which party carries the burden of proof with respect to the issues for which each anticipated expert's report is relevant. As noted on the record, to the extent defendants continue to propose an expert discovery schedule that sequences the deposition of plaintiff's experts before the due date for defendants' expert reports, defendants' submission should include specific justifications for such a schedule, and any examples to which they can point. If the parties come to an agreement on a proposed expert discovery schedule, including sequencing, the parties may submit to the Court their agreed schedule, also by 11/8/21, in lieu of the foregoing position statements.

*Next JSR*

A further Joint Status Report is due by 11/22/21. In addition to their usual helpful reporting, the parties are to report on:

(1) the status of deposition discovery, separately breaking out doctors from other deponents, and including any updates called for above as well as a list of completed depositions (by deponent name, date, and approximate length). Unless otherwise specified by the Court, no fact deposition (with the exception of those that go to authenticity or foundation) will be permitted past the fact discovery close of 12/16/21, so the parties should plan and schedule accordingly; and

(2) the status of third-party discovery, including any updates called for above as well as a recitation of outstanding subpoenas, including the date(s) of issuance, and the status of obtaining response(s).

Date: 11/01/2021

Beth W. Jantz
United States Magistrate Judge